PENACHIO MALARA LLP
Counsel for the Debtor
235 Main Street
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

In re                                           :       CHAPTER 11

                                                :       CASE NO.: 15-22872
SAMMY EL JAMAL,
                           Debtor.

------------------------------------X

### AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

**SAMMY EL JAMAL**, hereby affirms as follows:

1. I am the individual debtor in the above-referenced case.

2. I have numerous interests in businesses primarily engaged in the sale of gasoline and the operation of gas station. A list of my business interests will be submitted with my schedules.

3. My financial reverses emanate primarily from a bitter and highly contested dispute with a business associate, James Weil.

4. I filed for bankruptcy relief on an emergency basis to protect myself from judgments and claims asserted against me by Brent Coscia, an employee of a company that Mr. Weil and I own. Mr. Coscia obtained a judgment against me following a jury trial for approximately $4.5 million for alleged "malicious prosecution." The award is allegedly comprised of actual and punitive damages. I have taken an appeal of the judgment and am

1

confident that the award will be overturned or significantly reduced. Upon information and belief, Mr. Coscia is being funded by Mr. Weil, whose goal is to seize my ownership interests in the highly successful businesses that I created.

5.  I invoked the protection of this Court after the State Court, ex parte, entered an Order to Show Cause (the "OSC") with preliminary restraints basically enjoining me from expending more than $2,000.00 a month without Court approval. The entry of the OSC threatened the financial viability of my family - which includes 4 children, one of whom has special needs. It has veritably crippled me financially.

6.  The value of my assets far exceed the amount of the judgments and claims. Notwithstanding, based upon recent Court rulings, I face serious financial risk exposure as do my creditors. Most notably, in connection with Mr. Coscia's judgment, the State Court appointed a receiver to liquidate a portion of my ownership and distribution rights in two companies - NY Fuel Holdings, LLC ad Metro NY Fuels, LLC (the "NY LLC's") to satisfy my obligation to Mr. Coscia. The NY LLC's are valuable entities which I estimate to be worth at least $40 million. The appointment of a receiver is severely detrimental to me and my creditors (other than Mr. Coscia). My interests in the NY LLC's (which I estimate to be worth $20 million) far exceeds any amount due to Mr. Coscia. Notwithstanding, it is my understanding that the receiver's only duty is to Mr. Coscia. Conceivably, my interests in the NY LLC's can be liquidated for a de minimus value to satisfy Mr. Coscia.

7.  The State Court is also expected to rule on a motion by Mr. Coscia to compel release of my distributions from the NY LLC's which are currently held in escrow. Such distributions aggregate approximately $520,000.00. The release of such funds to Mr. Coscia would be severely prejudicial to me and my other creditors.

2

8. In addition to Mr. Coscia, my creditors include my estranged wife, Haifa, my brother, various trade creditors, and mortgage holders. A list will be submitted with my schedules.

9. I believe that Chapter 11 will afford me the opportunity to reorganize my financial affairs and provide a fair and equitable distribution to all of my creditors through a Chapter 11 plan. I believe that my income from my business interests is more than sufficient to fund a viable plan which resolves all claims against me.

10. Other than my distributions from the NY LLC's none of my property is currently in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, secured creditor or any agent for such entity.

11. My books and records are currently stored at my office in Thornwood, New York.

12. Upon information and belief, there are numerous pending actions to which I am a party. A list will be submitted with my schedules.

WHEREFORE, it is respectfully submitted that my needs and interests and the interests of my creditors will be best served by Chapter 11.

Dated: Purchase, NY
June 17, 2015

_____
Sammy El Jamal