PENACHIO MALARA LLP
235 Main Street
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| In re | : CHAPTER 11 |
| | : |
| SAMMY EL JAMAL | CASE NO.: 15-22872 (RDD) |
| Debtor. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**THE DEBTOR' S APPLICATION PURSUANT TO BANKRUPTCY RULE 1007(c)
FOR AN ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS,
LIABILITIES, PLAN AND STATEMENT OF FINANCIAL AFFAIRS**

TO:        **THE HONORABLE ROBERT D. DRAIN
           UNITED STATES BANKRUPTCY JUDGE**:

           **SAMMY EL JAMAL** the above-captioned debtor (the "Debtor") by and through

its attorney **PENACHIO MALARA LLP**, as and for his application (the "Application") for an

order pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") extending the time for him to file his schedules of assets, liabilities and executory

contracts, plan and statements of financial affairs (collectively, the "Schedules and Statements")

respectfully represents as follows:

## <u>INTRODUCTION</u>

           1.        On or about June 18, 2015 (the "Filing Date"), the Debtor filed a

voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York.  An order for relief was simultaneously entered therewith pursuant to Section 301 of the

Bankruptcy Code.

2.      The Debtor is an individual who is primarily in the business of operating

gasoline service stations and convenience stores through various corporations.  The Debtor has

worked in the gasoline industry for over 20 years.

3.      The Debtor  filed for bankruptcy relief to protect himself  from seizure

of assets by holders of judgments and claims, the vast bulk of which have been asserted by

current or former business partners and colleagues.  The value of the Debtor's assets far exceed

the amount of the  judgments and claims.  Notwithstanding, based upon recent Court rulings, he

faces serious financial risk exposure as do his creditors.  Most notably, the State Court appointed

a receiver to liquidate a portion of the Debtor's ownership and distribution rights in two

companies - NY Fuel Holdings, LLC ad Metro NY Fuels, LLC (the "NY Lcc's") to satisfy his

obligation to Brent Coscia.  Mr. Coscia, an employee of one of the Debtor's companies, obtained

a judgment against him for approximately $4.5 million for alleged "malicious prosecution."  The

award is comprised of supposed actual and punitive damages.  The Debtor has taken an appeal of

the judgment and is confident that the award will be overturned.

4.      The appointment of a receiver is severely detrimental to the Debtor and his

other creditors.    Although the Debtor's interests in the NY LLC's far exceeds any amount due to

Mr. Coscia, it is counsel's understanding that the receiver's only duty is to Mr. Coscia.

Conceivably, the Debtor's  interests in the NY LLC's can be liquidated for a de minimus value to

satisfy Mr. Coscia.

5.      The State Court is also expected to rule on a motion by Mr. Coscia to

compel release of the Debtor's distributions from the NY LCC's which are currently held in

escrow.  Such distributions aggregate approximately $450,000.00.  The release of such funds

would be severely prejudicial to the Debtor and his other creditors.

6.      In addition to Mr. Coscia, the Debtor's creditors include his estranged wife, Haifa, various trade creditors, and mortgage holders.

7.      The Debtor hopes that Chapter 11 will afford him the opportunity to reorganize his financial affairs and provide a fair and equitable distribution to all of his creditors through a Chapter 11 plan.  The Debtor believes that his income from his business interests will be  sufficient to fund a viable plan.

8.      The Debtor filed for bankruptcy relief on an emergency basis to avoid immediate seizure of assets and limitations on his ability to meet his ordinary household expenses.

9.      Counsel is in the process of finalizing Schedules and Statements.  Counsel has been unable to complete them for a variety of reasons including (i)  the time sensitive nature of the filing, (ii) the complexity of the case which involves unusual facts; and (iii) other obligations of counsel.  Counsel had plans to complete the Schedules on or before July 14, 2015.

## RELIEF REQUESTED

10.      By this Application, the Debtor seeks entry of an order, pursuant to Bankruptcy Rule 1007 extending the time within which it must file the Schedules and Statements to July 15, 2015.

## JURISDICTION

11.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. Section 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157 (b) (2) (A), in that it is a matter concerning the administration of a bankruptcy estate.

3

## **THE RELIEF SHOULD BE GRANTED**

12.     Under the provisions of Bankruptcy Rule 1007 (b), a debtor is required

to file its schedules of assets, liabilities and executory contracts and statement of financial affairs

within fourteen (14) days from the date of the commencement of its bankruptcy case, he moves

for an extension of such time pursuant to Bankruptcy Rule 1007(c).

13.     Bankruptcy Rule 1007(c) provides, in relevant part, as follows:

The Schedules and statements...shall be filed with the petition in a

voluntary case, or if the petition is accompanied by a list of all the

Debtor's creditors and their addresses, within 15 days thereafter, except as

otherwise provided in subdivisions (d), (e) and (h) of this rule…Any extension of

time for the filing of schedules and statements may be granted only on motion

for cause shown and on notice to the United States Trustee and to any

committee elected under Section 705 or other party as the Court may direct.

Notice of an extension shall be given to the United States Trustee and to

any committee, trustee, or other party as the Court may direct.

14.     In this case, the Debtor and counsel require additional time to prepare and

finalize the Schedules.

15.     As there are no novel issues of law presented in this Application and

the Debtor respectfully requests that this Court waive and dispense with the requirement for the

filing of a memorandum of law under Local Rule 9013-1(b) of this Court.

16.    No prior application for the relief requested herein has been made to this

Court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the

extension of time to file the Schedules and Statements as sought herein, validate the filings made,

and such further relief as is just and proper, for all of which no other application has been made to

this or any other Court.

Dated: White Plains, New York
       July 2, 2015

PENACHIO MALARA LLP
/s/ Anne Penachio
Anne Penachio, Esq.
Counsel to the Debtor
235 Main Street - Suite 610
White Plains, NY 10601
(914) 946-2889