Melanie L. Cyganowski
Richard G. Haddad
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SAMMY EL JAMAL,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-22872 (RDD) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 2004 AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE
PRODUCTION OF DOCUMENTS AND TAKING OF TESTIMONY
FROM GRAYROCK ACCOUNTING**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Sammy El Jamal (the "Debtor"), by its proposed undersigned counsel, Otterbourg P.C. ("Otterbourg"), submits this Motion for entry of an Order, substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting leave to the Committee to conduct a Rule 2004 investigation, including, but not limited to, authorizing the issuance of a subpoena duces tecum and ad testificandum for the production of documents from and examination under oath of Grayrock

Accounting ("Grayrock"), the Debtor's accountant. In support of its Motion, the Committee respectfully alleges the following:

**PRELIMINARY STATEMENT**

1.    The Committee seeks to conduct an examination, pursuant to Bankruptcy Rule 2004, relating to the acts, transactions, conduct, property, liabilities, and financial condition of the Debtor, as well as various matters affecting the administration of the Debtor's estate.

2.    The Committee is concerned that pre-petition, and potentially post-petition, the Debtor has actively sought to hide his assets from creditors and transfer assets to family members. It is, therefore, imperative that the Committee move quickly to identify assets of the Debtor, trace any assets that may have been transferred out of the estate, and prevent any further diminution in the assets of the estate.

3.    The necessity to begin this investigative process is particularly important in this case given that the Debtor operates businesses (gas stations) that handle a large amount of cash, which can be more difficult to identify and trace with the passage of time, and that, upon information and belief, the Debtor is attempting to transfer his assets to his wife through his pending matrimonial proceeding. Notwithstanding the fact that the Committee moved to stay the entry of any order dividing the Debtor's assets in the matrimonial proceeding, which is pending, the Debtor's activities raise suspicions that he may have already transferred assets to his wife and other family members. The substantial number of businesses – thirty three (33) – in which the Debtor asserts interests also make it necessary for the Committee to understand the nature of such interests and any income or other benefits received by the Debtor.

4.    The Committee respectfully submits that the relief requested in this Motion is critical to providing the Committee with the information it needs to conduct an appropriate investigation and discharge its fiduciary duties.

**PROCEDURAL BACKGROUND**

5.     On June 18, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate his businesses and properties as a debtor-in-possession. No trustee or examiner has been appointed in this case.

6.     On July 16, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following three members: (i) Brent Coscia; (ii) JMM Fuelco, LLC; and (iii) Gasland Petroleum, Inc. Upon the recommendation of the Office of the United States Trustee and approval by the Committee, Leon Silverman, a creditor of the Debtor, was added as an *ex officio* member of the Committee.

7.     Also on July 16, 2015, the Committee selected Otterbourg as its proposed counsel, and Development Specialists, Inc. as its proposed financial advisor pursuant to section 1103 of the Bankruptcy Code.

8.     In the Debtor's Schedules, he asserts interests in thirty-three (33) different businesses. The Debtor also lists thirty-two (32) litigations in which he is a party. Included in the identified litigations is the divorce proceeding commenced by the Debtor's wife on November 24, 2014 in the Supreme Court of the State of New York, County of Westchester under index number 003747/2014 (the "Matrimonial Proceeding"). The Committee has reason to believe that the Matrimonial Proceeding was commenced for the purpose of shielding the Debtor's assets from creditors by transferring them to his wife.

9.     In addition, in the pending state court litigation commenced by Brent Coscia, the Chairman of the Committee, against the Debtor, the Debtor admitted to transferring assets to his

3

brother. The state court, in its decision to appoint a receiver, stated that there was "persuasive and unrebutted evidence that Eljamal has sought to shield assets from creditors." See Decision and Order, dated April 7, 2015, Index No. 60236/2011, annexed hereto as **Exhibit B**, at page 3. The Committee seeks to determine the full extent of transfers made to family members and others.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.

11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

12. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## REQUESTED DISCOVERY

13. The Committee seeks entry of an Order, pursuant to Bankruptcy Rule 2004, in the same or substantially the same form as the accompanying proposed Order, authorizing the Committee to issue a subpoena duces tecum and ad testificandum, substantially in the form attached hereto as **Exhibit C** (the "Subpoena"), to Grayrock. The Subpoena seeks the examination of Grayrock and the production of Documents. The Documents are needed for the Committee's investigation concerning the prepetition acts, conduct, property, liabilities and financial condition of the Debtor and his estate. The Committee must obtain this information to properly discharge its duties to its constituency under section 1103(c) of the Bankruptcy Code. In carrying out its statutory duties, the Committee must appropriately investigate all areas which could increase the recovery to unsecured creditors, including, without limitation, the Debtor's financial affairs and the transfer of assets.

14. There is clear statutory basis for the relief requested. Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any

4

entity" with regard to the "acts, conduct or property, or to the liabilities and financial condition of the debtor, or to any other matter that may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004. Bankruptcy Rule 2004(c) provides for the discovery of documents.

15.     Rule 2004 discovery is an investigatory tool undertaken prior to litigation that is independent of a complaint or contested matter. It need not be tied to specific factual allegations at issue between parties to a dispute. In re Symington, 209 B.R. 678, 684 (Bankr. D. Md. 1997).

16.     The scope of discovery under Rule 2004 is significantly broader than discovery under the Federal Rules of Civil Procedure. See In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991); In re ECAM Publications, Inc., 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991). The purpose of the 2004 examination is to "show the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, [so] that the rights of the creditor may be preserved." In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bank. E.D.N.Y. 1991) (quoting Cameron v. U.S., 231 U.S. 710, 717 (1914)). See also In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (holding that the purpose of Rule 2004 "is to facilitate the discovery of assets and the unearthing of frauds" into general matters and issues relating to the bankruptcy estate). The scope of Rule 2004 examinations is very broad and can be in the nature of a "fishing expedition." In re Coffee Cupboard, Inc., 128 B.R. at 514; In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005); In re Vantage Petroleum Corp., 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983).

17.     Requiring Grayrock to submit to an examination and produce documents is not only authorized by Bankruptcy Rule 2004, but will be in the best interests of the Debtor's estate and its creditors. Discovery of the information requested is essential for the Committee to be able to properly discharge its duties to appropriately investigate all areas which could increase

5

the recovery to unsecured creditors. No party will be prejudiced by the granting of the relief requested herein.

18. The Committee reserves its rights to supplement its requests for additional documents and information as such is deemed necessary.

## NOTICE

19. Notice of the Motion has been given to: (a) Grayrock Accounting, 3691 Old Yorktown Road, Shrub Oak, NY 10588, Attn: Peter Kennedy; (b) the Debtor; (c) counsel of record to the Debtor, Penachio Malara LLP (Attn: Anne J. Penachio, Esq.); (d) the Office of the United States Trustee for the Southern District of New York; and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Committee respectfully submits that, in light of the nature of the relief requested herein, no further notice is necessary or required.

## NO PRIOR REQUEST

20. No previous application for the relief sought herein has been made to this Court or to any other court.

## WAIVER OF MEMORANDUM OF LAW

21. Because this Motion does not present any novel issues, and because the authorities relied upon are set forth herein, the Committee respectfully requests that the Court waive any requirement under the Local Bankruptcy Rules for the submission of a memorandum of law with respect to the Motion.

**CONCLUSION**

22. WHEREFORE, the Committee respectfully requests that the Court enter an Order substantially in the form annexed hereto as Exhibit A, authorizing the issuance of the Subpoena duces tecum and ad testificandum to Grayrock and granting such other, further relief as this Court deems just and proper.

Dated: New York, New York
       July 30, 2015

                                                                    By: /s/ Melanie L. Cyganowski
                                                                         Melanie L. Cyganowski

                                                                    OTTERBOURG P.C.
                                                                    230 Park Avenue
                                                                    New York, New York 10169
                                                                    (212) 661-9100

                                                                    *Proposed Attorneys for the Official Committee of Unsecured Creditors of Sammy El Jamal*