# Exhibit "C"

Melanie L. Cyganowski
Richard G. Haddad
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SAMMY EL JAMAL,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-22872 (RDD) |

**SUBPOENA FOR RULE 2004 EXAMINATION
AND SUBPOENA *DUCES TECUM***

TO:   Grayrock Accounting
      3691 Old Yorktown Road
      Shrub Oak, New York 10588

[**X**]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, at the place, date, and time specified below.

| PLACE OF TESTIMONY:<br>Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169 | DATE AND TIME:<br>___, _____ ___, 2015<br>at ___ AM |
|---|---|

[**X**]   YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A in accordance with the Definitions and Instructions set forth in Schedule A at the place, date, and time specified below:

| PLACE:<br>Otterbourg P.C.<br>230 Park Avenue<br>New York, New York 10169 | DATE AND TIME:<br>___, _____ ___, 2015<br>by 5:00 PM |
|---|---|

| ISSUING OFFICER SIGNATURE | TITLE<br>Attorneys for the Official Committee of Unsecured Creditors |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br><br>Richard G. Haddad, Esq. | PHONE<br><br>(212) 661-9100 |
| ADDRESS<br><br>Otterbourg P.C.<br>230 Park Avenue<br>New York, New York 10169 | DATE<br><br>August ___, 2015 |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____   _____
   Date                                                              SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of promises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the promises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the promises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly, transacts business in person, except that, subject to the provisions of clause (c)(3)(B)((iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensate, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved  A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" shall mean the recipient of this subpoena, as well as your representatives, agents, employees and all other persons acting or purporting to act on your behalf.

2. The "Debtor" or "Eljamal" shall mean Sammy El Jamal or Sammy Eljamal or Sammy El. Jamal.

3. "Petition Date" means June 18, 2015.

4. "Matrimonial Proceeding" means *Eljamal v. Eljamal*, Index No. 003747/2014, Supreme Court of the State of New York, County of Westchester.

5. "Document" is used in the broadest sense and means any written, recorded, transcribed, punched, videotaped, audiotaped, filmed or graphic matter, however produced or reproduced, whether in paper, electronically or otherwise, including, but not limited to, all original, and all non-identical copies and drafts of: agreements; communications, including intracompany communications; correspondence; facsimile transmissions; electronic mail; telegrams; telephone bills and records; telephone messages; cables; memoranda; records; books; summaries or records of personal conversations or interviews or meetings; diaries; calendars; forecasts; estimates; statistical statements; accountants' work papers; work papers; graphs; charts; maps; spreadsheets; Excel sheets; diagrams; blueprints; tables; indices; pictures; recordings; tapes; microfilms; charges; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; exhibits to contracts; riders to contracts; stenographic, handwritten or any other notes; projections, forecasts or other forward-

1

looking statements; working papers; checks, front and back, check stubs or receipts; invoice vouchers; tape data sheets; data processing cards; spreadsheets; and magnetic or optical media or disks.

6. "Communication" means every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including, but not limited to, all memoranda, notices of meetings, conversations by telephone calls, records of conversations or messages, whether in writing or upon any mechanical, electrical or electronic recording devices, and oral conversations and statements.

7. "Concerning" shall be construed to mean referring to, concerning, indicating, reflecting, constituting, leading to, containing, discussing, commenting upon, mentioning, evidencing, modifying, quoting, describing, responding to, supporting, contradicting, bearing upon, regarding, made in connection with or by reason of, deriving or arising from, constituting in whole or in part, and being a draft, copy or summary of in whole or in part.

8. "Person" or "persons" means any natural person, corporation, partnership, proprietorship, association, organization, public authority, municipal corporation, state government, local government, all governmental bodies and all other legal entities.

9. The term "and" also means "or" and the term "or" shall also mean "and."

10. The term "each" also means "every" and the term "every" shall also mean "each."

11. The term "any" also means "all" and the term "all" shall also mean "any."

12. The use of the singular form of any word shall include the plural and vice versa.

13. Unless otherwise specified, all requests for production of documents refer to the time period after June 18, 2009.

14. This request for documents applies to all documents in your possession, custody or control, regardless of whether such documents are held by you or your present or former affiliates, designees, agents, employees, managers, owners, partnerships, representatives, attorneys, or any other person.

15. Where any copy of any document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

16. Each request includes requests for documents that are electronically generated including but not limited to unexecuted, draft, back-up or electronic files that are located at or on any of your computer systems, hard-drives, or storage devices.

17. All responsive documents shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

18. You are instructed either to produce documents as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with the categories in these requests. In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained, in the file where found. If no documents exist that are responsive to a particular request, you shall so state in writing.

19. If any document or any portion of any document requested herein is not produced due to any claim of privilege, describe the factual basis for withholding the document or portion thereof in sufficient detail to permit the Court to adjudicate the validity of your withholding the document. Identify each document so withheld by providing at least the following information:

    a.    the type of document (memorandum, letter, report, etc.);

    b.    the date of the document;

    c.    the title and subject matter of the document;

    d.    the identity and position of the author, the addressee, and all recipients of the document; and

    e.    a statement of (i) the nature of the legal privilege (including work product) claimed and (ii) the factual basis for that claim of privilege or other reason for the withholding, including the facts establishing the claim of privilege, the facts showing that the privilege has not been waived, the status of the person claiming the privilege and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

20. Non-privileged portions of documents otherwise subject to a claim of privilege shall be produced, with only those portions of the document that are subject to the claim of privilege being deleted or redacted from the document and clearly marked as such.

21. In the event that you contend that any of the request herein are objectionable, in whole or in part, state with particularity each such objection and the bases therefor, and respond to the remainder of the document requests to the extent that you are not objecting to it.

4

22. This request shall be deemed continuing.

## DOCUMENTS TO BE PRODUCED

1. All Net Worth Statements filled out and/or executed by the Debtor.

2. All Net Worth Statements filled out and/or executed by Haifa Eljamal.

3. All financial statements tendered by the Debtor to a third party.

4. All documents used to prepare the Debtor's income tax returns, whether or not such tax return was prepared for the Debtor individually or jointly with his spouse.

5. All notices from any taxing authorities regarding the Debtor's joint or individual tax return (*e.g.*, late notices, notice of audit, unpaid tax notice) whether from federal, state or local authorities.

6. All documents transmitted by the Debtor to You.

7. All documents evidencing that the Debtor actually reviewed or was given the opportunity to review his 2014 federal tax return before it was filed.

8. All financial statements submitted by the Debtor to a banking institution.

9. All valuations of property concerning property owned by the Debtor.

10. All real estate appraisals of property owned by the Debtor.

11. All property valuations used in the Matrimonial Proceeding.

12. All real estate appraisals used in the Matrimonial Proceeding.

13. All documents concerning the transfer by the Debtor of:

    (a) An equity interest in a corporation;

    (b) a partnership interest in a partnership; and/or

    (c) a membership interest in a limited liability company.

14. All financial statements concerning Haifa Eljamal.

15. All financial statements concerning the Debtor.

16. All real estate deeds concerning the Debtor.

17. All documents concerning the Debtor's

    (a) equity interest in a corporation;

    (b) membership interest in a limited liability company; and/or

    (c) partnership interest in a partnership.

18. All brokerage account statements concerning the Debtor.

19. All loan applications concerning the Debtor.

20. All documents concerning distributions or income the Debtor has received or withdrawals the Debtor has made from any

    (a) limited liability companies in which he has an interest;

    (b) corporations in which he has an interest; and/or

    (c) partnerships in which he has an interest.

21. All documents concerning any trusts established by the Debtor or any trusts to which the Debtor is a trustee.

22. All documents concerning any trusts in which Haifa Eljamal is a trustee.

23. All documents concerning expenditures of more than $5,000.00 by the Debtor.

24. All certificates of title concerning automobiles owned by the Debtor, Haifa Eljamal or any of the Debtor's companies.

25. All documents concerning a pension plan in which the Debtor has an interest or a retirement account (*e.g.*, IRA, Roth IRA, 401(k) plan, 403(b) plan) owned by the Debtor.

26. All documents concerning any boats or watercraft owned by the Debtor, Haifa Eljamal or any of the Debtor's companies.

27. All documents concerning watches, jewelry or precious metals owned by the Debtor.

28. All documents concerning gifts made by the Debtor in excess of $500.00.

29. All documents concerning personal property owned by the Debtor in excess of $500.00.

7

30. All income statements concerning the Debtor.

31. All income statements and balance sheets concerning businesses in which the Debtor has an ownership interest.

32. All documents reflecting or concerning any pre-nuptial or post-nuptial agreement, including amendments thereto, executed by the Debtor.

33. All documents concerning any consideration that the Debtor received for transferring assets to Haifa Eljamal or to any of his relatives.

34. All of the Debtor's (i) bank accounts and (ii) insurance policies.

35. All accounts receivable owned by the Debtor.

36. All documents concerning claims owned by the Debtor.

37. All documents concerning claims prosecuted by the Debtor.

38. All 1099 forms received by the Debtor.

39. All corporate kits of limited liability companies in which the Debtor is the managing member or the President.

40. All documents relating to the Debtor's membership interest in 3017 East Main Street Realty, LLC, including any distributions and/or income received by the Debtor from 3017 East Main Street Realty, LLC.

41. All documents relating to the Debtor's equity interest in Airport Mart, Inc., including any distributions and/or income received by the Debtor from Airport Mart, Inc.

42. All documents relating to the Debtor's equity interest in American Transit Host Corp., including any distributions and/or income received by the Debtor from American Transit Host Corp.

43. All documents relating to the Debtor's membership interest in Best Rent Properties, LLC, including any distributions and/or income received by the Debtor from Best Rent Properties, LLC.

44. All documents relating to the Debtor's equity interest in Croton Falls Gas Mart, Inc., including any distributions and/or income received by the Debtor from Croton Falls Gas Mart, Inc.

45. All documents relating to the Debtor's equity interest in Croton Gas Mart, Inc., including any distributions and/or income received by the Debtor from Croton Gas Mart, Inc.

46. All documents relating to the Debtor's equity interest in Elmsford Snack Mart, Inc., including any distributions received and/or income by the Debtor from Elmsford Snack Mart, Inc.

47. All documents relating to the Debtor's equity interest in Ardsley Snack Mart, Inc., including any distributions and/or income received by the Debtor from Ardsley Snack Mart, Inc.

48. All documents relating to the Debtor's equity interest in Greenwich Convenience Mart, Inc., including any distributions and/or income received by the Debtor from Greenwich Convenience Mart, Inc.

49. All documents relating to the Debtor's membership interest in NY Fuel Holdings, LLC, including any distributions and/or received by the Debtor from NY Fuel Holdings, LLC.

50. All documents relating to the Debtor's equity interest in Shrub Oak Gas Mart, Inc., including any distributions and/or income received by the Debtor from Shrub Oak Gas Mart, Inc.

9

51. All documents relating to the Debtor's equity interest in South Greenwich Convenience Mart, Inc., including any distributions and/or received by the Debtor from South Greenwich Convenience Mart, Inc.

52. All documents relating to the Debtor's equity interest in Purchase Country Market, Inc., including any distributions and/or income received by the Debtor from Purchase Country Market, Inc.

53. All documents relating to the Debtor's equity interest in Tarrytown Snack Mart, Inc., including any distributions and/or income received by the Debtor from Tarrytown Snack Mart, Inc.

54. All documents relating to the Debtor's membership interest in NY Dealer Stations Management, LLC, including any distributions and/or income received by the Debtor from NY Dealer Stations Management, LLC.

55. All documents relating to the Debtor's equity interest in Centralized Management Services, Inc., including any distributions and/or income received by the Debtor from Centralized Management Services, Inc.

56. All documents relating to the Debtor's equity interest in Thornwood Snack Mart, Inc., including any distributions and/or income received by the Debtor from Thornwood Snack Mart, Inc.

57. All documents relating to the Debtor's membership interest in Wholesale Fuel Distributors-CT, LLC, including any distributions and/or income received by the Debtor from Wholesale Fuel Distributors-CT, LLC.

58. All documents relating to the Debtor's equity interest in Yorktown Gas Mart, Inc., including any distributions and/or income received by the Debtor from Yorktown Gas Mart, Inc.

59. All documents relating to the Debtor's membership interest in Metro NY Dealer Stations, LLC, including any distributions and/or income received by the Debtor from Metro NY Dealer Stations, LLC.

60. All documents relating to the Debtor's membership interest in 202 Gas Mart, Inc., including any distributions and/or income received by the Debtor from 202 Gas Mart, Inc.

61. All documents relating to the Debtor's membership interest in Armonk Snack Mart, Inc., including any distributions and/or income received by the Debtor from Armonk Snack Mart, Inc.

62. All documents relating to the Debtor's membership interest in Connecticut Dealer Stations, LLC, including any distributions and/or income received by the Debtor from Connecticut Dealer Stations, LLC.

63. All documents relating to the Debtor's membership interest in Connecticut Dealer Stations Management, LLC, including any distributions and/or income received by the Debtor from Connecticut Dealer Stations Management, LLC.

64. All documents relating to the Debtor's membership interest in Cortlandt Manor Gas Mart, Inc., including any distributions and/or income received by the Debtor from Cortlandt Manor Gas Mart, Inc.

65. All documents relating to the Debtor's membership interest in Courtesy Properties, LLC, including any distributions and/or income received by the Debtor from Courtesy Properties, LLC.

66. All documents relating to the Debtor's membership interest in Food & Gas of Oregon Road Inc., including any distributions and/or income received by the Debtor from Food & Gas of Oregon Road Inc.

67. All documents relating to the Debtor's membership interest in Hawthorne Snack Mart, Inc., including any distributions and/or income received by the Debtor from Hawthorne Snack Mart, Inc.

68. All documents relating to the Debtor's membership interest in MS Scarsdale Snack Mart, Inc., including any distributions and/or income received by the Debtor from MS Scarsdale Snack Mart, Inc.

69. All documents relating to the Debtor's membership interest in NY Dealer Stations, LLC, including any distributions and/or income received by the Debtor from NY Dealer Stations, LLC.

70. All documents relating to the Debtor's membership interest in NY Fuel Distributors, LLC, including any distributions and/or income received by the Debtor from NY Fuel Distributors, LLC.

71. All documents relating to the Debtor's membership interest in Peekskill Gas Mart, Inc., including any distributions and/or income received by the Debtor from Peekskill Gas Mart, Inc.

72. All documents relating to the Debtor's membership interest in Purchase Snack Mart, Inc., including any distributions and/or income received by the Debtor from Purchase Snack Mart, Inc.

73. All documents relating to the Debtor's membership interest in Travelers Club Restaurant, Inc., including any distributions and/or income received by the Debtor from Travelers Club Restaurant, Inc.

74. All documents relating to the Debtor's membership interest in Virginia Road Snack Mart, Inc., including any distributions and/or income received by the Debtor from Virginia Road Snack Mart, Inc.

75. All documents relating to the Debtor's membership interest in Yonkers Central Avenue Snack Mart, Inc., including any distributions and/or income received by the Debtor from Yonkers Central Avenue Snack Mart, Inc.

76. All documents relating to the Debtor's membership interest in Wholesale Fuel Distributors, Inc., including any distributions and/or income received by the Debtor from Wholesale Fuel Distributors, Inc.

77. All Documents concerning Your receipt, inspection or copying of, or access to, the books and records, or computer systems, of the Debtor on or prior to the Petition Date.