PENACHIO MALARA, LLP           HEARING DATE & TIME:
Attorney for the Debtor                SEPTMBER 23, 2015 at 10:00 AM
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                  :          CHAPTER 11
                                     :
       SAMMY ELJAMAL,               :
                                     :          CASE NO.: 15-22872 (RDD)
                          Debtor.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

### THE DEBTOR'S MOTION (I) MODIFYING THE STAY WITH REPECT TO APPEALS TO WHICH THE DEBTOR IS A PARTY; AND  GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER

**TO:    THE HONORABLE ROBERT D. DRAIN**
**        UNITED STATES BANKRUPTCY JUDGE:**

         The motion of **SAMMY ELJAMAL,** the above-referenced debtor (the "Debtor"),

by and through his attorney, **PENACHIO MALARA LLP,**  for an order (i) modifying the stay

with respect to three appeals (the "Appeals") to which the Debtor is a party; and (ii) granting

such other and further relief as may be just and proper respectfully sets forth and alleges as

follows:

### BACKGROUND

         1.      On June 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11

of Title 11 of the United States Code (the "Bankruptcy Code").

         2.      The Debtor is an individual who is engaged primarily in the gasoline distribution

and convenience store business.  The businesses that the Debtor currently owns are essentially a

conglomeration of "mom and pop" family businesses.   The Debtor's financial reserves emanate

primarily from disputes with current business partners.  The Debtor is, for the most part, current with his tax obligations and trade debt.

3.        The Debtor filed for bankruptcy relief to protect him and its creditors from imminent seizure of its property arising from actions of creditors.

4.        An Official Committee of unsecured Creditors has been appointed in this case.

## THE APPEALS

5.        The Debtor is a party to several appeals including the following:

A.        *Coscia v. Eljamal and Orser*, 2014-06742 – A judgement of approximately $4.875 million was entered against the Debtor.   The Judgment was entered arose from the allegation made by Brent Coscia ("Coscia") that the Debtor had falsely reported to the Harrison, New York, police, in a telephone call on June 12, 2011, that Coscia had threatened his life and his family. The Debtor's complaint had resulted in charges being brought against Coscia in Harrison Justice Court for aggravated assault in the second degree, a misdemeanor. Coscia was acquitted of those charges on October 20, 2011 after a non-jury trial.  After a multi-day trial, the jury rendered a verdict in favor of Coscia and against the Debtor on the malicious prosecution, abuse of process and prima facie tort claims. (The Supreme Court had dismissed the property interference claim before sending the case to the jury.) The jury awarded compensatory damages to Coscia and against the Debtor in the amount of $250,000 for malicious prosecution, $1,500,000 for prima facie tort, $1,500,000 for abuse of process and $35,000 for attorneys' fees. The jury also awarded punitive damages to Coscia and against the Debtor in the amount of $1,500,000 for malicious prosecution.  It is presently pending before the Appellate Division Second Department.

B.      *Wilton Motiva Associates (f/k/a 372 Wilton Associates Llc)  v.*

*Connecticut Dealers Stations, Llc, Wholesale Fuel Distributors, Inc., Wholesale Fuel*

*Distributors-Ct, Llc,  Connecticut Dealer Stations Management,  Llc, Sammy Eljamal, And*

*Musa Eljamal*,   2014-10985 –

This Appeal relates to a decision by the Hon. Joan Lefkowitz essentially finding that the

Debtor in technical default of his obligations under an operating agreement and effectively

ousting him as managing member.  It is presently pending before the Appellate Division Second

Department.  The appeal is fully submitted.

C.      *Sammy Eljamal, Individually and As A Member Of Amsterdam 181 Realty, Llc,*

*Plaintiffs, v. James A. Weil, Individually and As A Member Of Amsterdam 181 Realty, Llc, Leon*

*Silverman, Individually and As A Member Of Amsterdam 181 Realty, Llc,Amsterdam 181 Realty,*

*Llc, Hsbc Usa Inc., and YWA-Amsterdam, Llc,* - 2015-01841

This Appeal relates to a dispute between the Debtor and his business partners Leon

Silverman and James Weil and entities related to them.  It is pending in the NY State Supreme

Court First Department.

III.   **APPLICATION, JURISDICTION AND STATUTORY PREDICATES FOR RELIEF**

6.      By this application, the Debtor seeks to vacate the automatic stay with respect to

the Appeals.

7.      This Court has jurisdiction over the Application pursuant to 28 U.S.C. Sections

157 and 134, the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10,

1984 (Ward, Acting C.J.), and the "Amended Standing Order of Reference" dated January 31,

2012 (Loretta A. Preska, C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

8.      The statutory predicate for the relief sought herein are Section 362(d) of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014 a of

the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

### THE STAY SHOULD BE LIFTED TO PERMIT THE
### DEBTOR TO PROSECUTE THE APPEALS AND ANY OTHER APPEALS

9.      In *Sonnax Indus., Inc. v. Tri Component Products Corp.* (*In re Sonnax

Indus.*), 907 F.2d 1280, 1285 (2d Cir. 1990) the Second Circuit listed various factors that should

be considered in determining whether the stay should be lifted to permit actions to proceed in a

non-bankruptcy forum including:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to

hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arose from the other action is subject to equitable

subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien

avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of

litigation;

4

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and the balance of harms. *In re Sonnax Industries, Inc.,* 907 F.2d at 1286

10.   In the instant case, in applying the *Sonnax* factors, it is clear that the stay should be lifted to permit the Debtor to pursue the Appeals as well as any other appeal.   Each factor applicable shall be addressed in turn.

(1) whether relief would result in a partial or complete resolution of the issues;

**In this case, manifestly, the Appeals will result in a resolution of the issues.**

(2) lack of any connection with or interference with the bankruptcy case;

**The Appeals of the state court decisions are wholly separate and distinct from matters before this Court.**

(3) whether the other proceeding involves the debtor as a fiduciary;

**The Appeals do not involve the Debtor as a fiduciary.**

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

**The appellate court is a specialized tribunal with the expertise to rule on this matter.**

(5) whether the debtor's insurer has assumed full responsibility for defending it;

**This factor is inapplicable.**

(6) whether the action primarily involves third parties;

**The Appeals involves third parties.**

(7) whether litigation in another forum would prejudice the interests of other creditors;

**The Appeals will not prejudice the interests of other creditors.**

(8) whether the judgment claim arose from the other action is subject to equitable subordination;

**This factor is inapplicable.**

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

**This factor is inapplicable.**

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

**The prosecution of the Appeals in state court is in the interests of judicial economy.**

(11) whether the parties are ready for trial in the other proceeding; and

**The Appeals, upon information and belief, fully submitted.**

(12) impact of the stay on the parties and the balance of harms.

**The Debtor will be harmed if the stay is not lifted and it is precluded from pursuing its appellate rights.**

10.     It is submitted that this type of motion is routinely granted.

11.     Notice of this Application has been provided to all interested parties.

12.     No previous application for the relief sought herein has been made to this or any other Court.

13.     It is respectfully requested that this Court

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief

requested herein.

Dated:  White Plains, New York
        September 9, 2015

                                                   **Respectfully submitted,**

                                        **PENACHIO MALARA LLP**

                                        By:____s/ Anne Penachio_____
                                        Anne Penachio
                                        Counsel for Debtor
                                        235 Main Street, Suite 610
                                        White Plains, New York 10601
                                        (914) 946-2889

PENACHIO MALARA, LLP                          HEARING DATE & TIME:
Attorney for the Debtor                       SEPTMBER 23, 2015 at 10:00 AM
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                      :        CHAPTER 11
                                           :
        SAMMY ELJAMAL,                     :
                                           :        CASE NO.: 15-22872 (RDD)
                          Debtor.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**NOTICE OF HEARING ON THE DEBTOR'S MOTION (I) MODIFYING THE
STAY WITH REPECT TO APPEALS TO WHICH THE DEBTOR IS A PARTY;
AND GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST
AND PROPER**

     **PLEASE TAKE NOTICE** that a hearing on the motion (the "Motion") of **SAMMY
ELJAMAL** the above-referenced debtor (the "Debtor") (i) modifying the stay with respect to
appeals to which he is a party; and (ii) granting such other and further relief as may be just and
proper will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, in
his Courtroom, at 300 Quarropas Street, White Plains, New York, 10601 at 10:00 AM on
September 23, 2015.

          **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion is available
on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on
request.

8

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the application must comply with applicable law and be served upon the undersigned with a copy to the Bankruptcy Judge's Chambers at least seven (7) days prior to the return date.  Unless objections are interposed, the relief sought in the application may be granted.

Dated:  White Plains, New York
      September 9, 2015

 

PENACHIO MALARA, LLP
/s/ Anne Penachio
Anne Penachio
235 Main Street, Suite 610
White Plains, NY 10601
(914) 946-2889