FILED: WESTCHESTER COUNTY CLERK 12/14/2012
NYSCEF DOC. NO. 1						RECEIVED NYSCEF: 12/14/2012
INDEX NO. 70487/2012

Case 7:15-cv-07240-CS Document 1-1 Filed 09/15/15 Page 1 of Exhibit 1
15-22862-rdd Doc 9-20 Filed 09/15/15 Entered 09/17/15 16:45:33 Exhibit 1
Pg 1 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X
NY FUEL HOLDINGS, LLC; METRO NY DEALER
STATIONS, LLC; NY FUEL DISTRIBUTORS, LLC;
And NY DEALER STATIONS MANAGEMENT, LLC,

         Plaintiffs,

    - against -

SAMMY EL JAMAL and ALBERT J. PIRRO, JR., ESQ.

         Defendants.
-----------------------------------------------------------------------X

Index No.:

WESTCHESTER COUNTY
As the place of trial

**SUMMONS**
*The basis of the venue is*
Defendant's residence
and place of business

TO THE ABOVE NAME DEFENDANT

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: White Plains, New York
    December 13, 2012

          **OXMAN TULIS KIRKPATRICK**
          **WHYATT & GEIGER, LLP**
          *Attorneys for Plaintiffs*

          By: _____
            LOIS N. ROSEN, ESQ.
          120 Bloomingdale Road, Suite 100
          White Plains, New York 10605
          (914) 422-3900

**Defendant's address:**
Sammy El Jamal, 4 Linden Drive, Harrison, New York 10577
Albert J. Pirro, Jr, Esq., One North Lexington Avenue, White Plains, New York 10601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------X
NY FUEL HOLDINGS, LLC; METRO NY DEALER
STATIONS, LLC; NY FUEL DISTRIBUTORS, LLC.;
and NY DEALER STATIONS MANAGEMENT, LLC,

                              Plaintiffs,

-against-

SAMMY EL JAMAL and ALBERT J. PIRRO, JR., ESQ.,

                              Defendants.
------------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

        Plaintiffs NY Fuel Holdings, LLC; Metro NY Dealer Stations, LLC; NY Fuel Distributors, LLC; and NY Dealer Stations Management, LLC, by their attorneys Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP, as and for their verified complaint against the Defendants Sammy El Jamal and Albert J. Pirro, Jr., Esq., respectfully allege as follows:

## THE PARTIES

        1.     Plaintiff NY Fuel Holdings, LLC ("Holdings") is a limited liability company organized and existing pursuant to the laws of the state of Delaware and licensed to do business in the State of New York.

        2.     Plaintiff Metro NY Dealers Stations, LLC ("Metro") is a limited liability company organized and existing pursuant to the laws of the state of Delaware and licensed to do business in the State of New York.

        3.     Plaintiff NY Fuel Distributors, LLC ("Distributors") is a limited liability company organized and existing pursuant to the laws of the state of Delaware and licensed to do business in the State of New York.

4. Plaintiff NY Dealer Stations Management, LLC. ("Management") is a limited liability company organized and existing pursuant to the laws of the state of Delaware and licensed to do business in the State of New York. (For purposes of convenience, Holdings, Metro, Distributors and Management are collectively referred to herein as the "Companies".)

5. Defendant Sammy El Jamal ("Sammy") is a resident of the Town of Harrison, County of Westchester, State of New York; Sammy is a Member of the Companies and possesses an ownership interest in the Companies equal to 8.628% ("Sammy's Interest").

6. Defendant Albert J. Pirro, Jr., Esq. ("Pirro") is an attorney duly admitted to practice law in the State of New York with an office located at One North Lexington Avenue, White Plains, New York.

## THE RELATED CASES

7. The Companies and Sammy are currently opposing parties in an action entitled *Sammy El Jamal, et al. v. James A. Weil, et al.* (Westchester Co. Index Number 51297/2011; the "NY Action"); in the NY Action, the Companies allege, *inter alia,* that Sammy owes them approximately $1 million.

8. The Companies and Sammy are currently opposing parties in an action entitled *Leon Silverman, et al. v. Sammy El Jamal, et al.* (Westchester Co. Index Number 52114/2011; the "CT Action").

9. Upon information and belief, commencing in or about June 2011, Pirro represented Sammy in the NY Action and in the CT Action.

10. Upon information and belief, in or about May 2012, Pirro made a motion in the NY and CT Actions to be relieved as counsel for Sammy; said motion sought, *inter alia,* a

2

retaining lien in the amount of $201,909.50, the amount of attorney's fees allegedly owed by Sammy to Pirro.

11. By Decision and Order dated May 9, 2012 (Colabella, J.) in the NY and CT Actions, this Court awarded Pirro, *inter alia,* the following relief:

> (4) A retaining lien in favor of ALBERT J. PIRRO, JR., ESQ. in the amount of $201,909.50 is hereby granted as a security interest in any documents or other items of Sammy Eljamal that are in his possession until all disbursements and attorney's fees have been fully paid;
>
> (5) A security interest in the amount of $201,909.50 in the proceeds related to the above-action action or any settlements thereof.

A copy of Justice Colabella's Decision and Order is annexed hereto as Exhibit A.

12. Upon information and belief, on or about October 12, 2012, Pirro made a motion in the CT Action to be relieved as counsel for Sammy; said motion sought, *inter alia*, a retaining lien in the sum of $19,740.50, the amount of attorney's fees allegedly owed by Sammy to Pirro.

13. By Decision and Order dated November 14, 2012 (Tolbert, J.) in the CT Action, this Court awarded Pirro, *inter alia*, counsel fees in the amount of $19,740.50 and ordered the following:

> ORDERED, counsel fees and disbursements due movant Albert J. Pirro, Jr., Esq. is set at $19,740.50 for services rendered; and be it hereby further
>
> ORDERED, movant Albert J. Pirro, Jr., Esq. is awarded a retaining lien on the file in this matter; and be it hereby further
>
> ORDERED, that movant Albert J. Pirro, Jr., Esq. is awarded a security interest in the proceeds related to the above-captioned action or settlement thereof.

A copy of Justice Tolbert's Decision and Order is annexed hereto as Exhibit B.

## AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 13 hereof as if the same were fully set forth at length herein.

3

15. Pursuant to the terms of Article VII of the respective operating agreements for the Companies, a Distribution of Net Cash Flow ("Distribution")(as defined in said operating agreements) will be made to Members within the coming days.

16. Upon information and belief, the Distribution is $890,000.

17. Based upon Sammy's Interest, Sammy's allocable share of the Distribution will be $76,785.25 ("Sammy's Distributive Share").

18. Upon information and belief, a dispute exists among the Companies, Sammy and Pirro as to the proper distribution and/or allocation of Sammy's Distributive Share.

19. Upon information and belief, Sammy believes that he is entitled to receive the full amount of Sammy's Distributive Share.

20. Upon information and belief, Pirro has asserted a security interest in and to Sammy's Distributive Share, as set forth in his letter to Plaintiffs' counsel dated October 15, 2012 (Exhibit C) wherein he stated, "If a distribution or dividend is made from a business venture which is the subject of the action, it is a proceed to which I am entitled."

21. Upon information and belief, the Companies have an interest in and to Sammy's Distributive Share inasmuch as Sammy owes the Companies approximately $1 million, which sum the Companies are seeking to recover in the NY Action.

22. By reason of the foregoing, there is a potential for multiple liability to the Companies because of the competing claims for Sammy's Distributive Share by Sammy, Pirro and the Companies.

23. By reason of the foregoing, Sammy is not entitled to receive Sammy's Distributive Share unless and until the Court determines the issues relating to the Companies, Pirro and Sammy, as set forth above.

4

24. The Companies have deposited Sammy's Distributive Share into a segregated bank account at a commercial banking institution pending a determination by this Court as to which party or parties are entitled to receipt thereof.

25. The Companies have not in any respect colluded with the Defendants with regard to the relief requested herein but are making this application on their own free will to obtain a determination from this Court as to the proper application of the distribution.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 25 hereof as if the same were fully set forth at length herein.

27. Upon information and belief, the Companies anticipate making additional Distributions in the coming months.

28. Upon information and belief, the Companies intend to deposit Sammy's Distributive Share of any additional Distributions into the segregated bank account described above.

29. By reason of the foregoing, Sammy is not entitled to receive Sammy's Distributive Share of any additional Distributions unless and until the Court determines the issues relating to the Companies, Pirro and Sammy, as set forth above.

**WHEREFORE**, Plaintiffs demand judgment as follows:

1. That the Plaintiffs NY Fuel Holdings, LLC; Metro NY Dealer Stations, LLC; NY Fuel Distributors, LLC; and NY Dealer Stations Management, LLC be authorized to pay the sum of $76,785.25 representing Sammy's Distributive Share into Court, or as otherwise directed to some person appointed by the Court authorized to receive the payment.

2. That the Plaintiffs NY Fuel Holdings, LLC; Metro NY Dealer Stations, LLC; NY Fuel Distributors, LLC; and NY Dealer Stations Management, LLC be authorized to pay

5

all future Distributions which would otherwise be payable to Sammy into Court, or as otherwise directed to some person appointed by the Court authorized to receive the payment.

3. That the Plaintiffs have such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
December 13, 2012

OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER, LLP
*Attorneys for Plaintiffs*

By: _____
    LOIS N. ROSEN, ESQ.
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
(914) 422-3636 (Fax)
lrosen@oxmanlaw.com

6

## VERIFICATION

State of New York      )
                       )  ss.:
County of Westchester  )

JAMES A. WEIL, being duly sworn, deposes and says:

I am a Manager and Member of the Plaintiffs. I have read the Complaint and know the contents thereof. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
JAMES A. WEIL

Sworn to before me this
13th day of December, 2012.

_____
Notary Public

LOIS N. ROSEN
NOTARY PUBLIC, State of New York
No. 4720985
Qualified in Westchester County
Commission Expires August 31, 2014

# EXHIBIT "A"

FILED: WESTCHESTER COUNTY CLERK 05/10/2012 INDEX NO. 51297/2011
NYSCEF DOC. NO. 223 RECEIVED NYSCEF: 05/10/2012

At a Term of the Supreme Court of the State of New York, County of Westchester, 111 Dr. Martin Luther King, Jr. Boulevard, White Plains, New York 10601, on the 1st day of May, 2012.

PRESENT: HON. NICHOLAS COLABELLA, J.S.C.

------------------------------------------------------------X

SAMMY EL JAMAL, Individually and as Managing Member of NY FUEL HOLDINGS, LLC; NY FUEL DISTRIBUTORS, LLC; NY DEALER STATIONS, LLC; NY DEALER STATIONS MANAGEMENT, LLC; METRO NY DEALER STATIONS, LLC and on behalf of himself as an Investor of NY FUEL HOLDINGS, LLC; METRO NY DEALER STATIONS, LLC and all other Investors therein,

Index No. 51297-2011

Plaintiff(s),

-against-

JAMES A. WEIL, Individually, LEON SILVERMAN, Individually, JAMES A. WEIL and LEON SILVERMAN, as Managers of NY FUEL HOLDINGS, LLC; METRO NY DEALER STATIONS, LLC; NY FUEL DISTRIBUTORS, LLC; NY DEALER STATIONS MANAGEMENT, LLC and AMSTERDAM 181 REALTY, LLC, and NY FUEL HOLDINGS, LLC; METRO NY DEALER STATIONS, LLC; NY FUEL DISTRIBUTORS, LLC; NY DEALER STATIONS MANAGEMENT, LLC and AMSTERDAM 181 REALTY, LLC

**DECISION AND ORDER**

Defendant(s).

------------------------------------------------------------X

LEON SILVERMAN, Individually and as a MEMBER of CONNECTICUT DEALER STATIONS, LLC and WHOLESALE FUEL DISTRIBUTORS-CT, LLC and WILTON MOTIVA ASSOCIATES, LLC f/k/a 372 WILTON ASSOCIATES, LLC,

Index No. 52114/2011

Plaintiffs,

-against-

SAMMY ELJAMAL, Individually and as a MEMBER of CONNECTICUT DEALER STATIONS, LLC and WHOLESALE FUEL DISTRIBUTORS-CT, LLC and CONNECTICUT DEALER STATIONS MANAGEMENT, LLC,

Defendants.

------------------------------------------------------------X

Upon the Motion of Affirmation of Albert J. Pirro, Jr., Esq. and upon all the papers and *without opposition or appearance by defendant Eljamal* proceedings heretofore had herein, it is hereby

**ORDERED**, that:

(1) Pursuant to 22 NYCRR 1200.16(c)(1), (5) and (7) and CPLR 321(b)(2) the law firm, ALBERT J. PIRRO, JR., ESQ. is hereby relieved as attorneys for Sammy Eljamal in the above entitled actions;

(2) ALBERT J. PIRRO, JR., ESQ. shall have no further responsibility in the captioned matters;

(3) Counsel fees and disbursements are hereby fixed in the amount of $201,909.50 for services performed by ALBERT J. PIRRO, JR., ESQ., on behalf of Sammy Eljamal and his related entities through April 30, 2012;

(4) A retaining lien in favor of ALBERT J. PIRRO, JR., ESQ. in the amount of $201,909.50 is hereby granted as a security interest in any documents or other items of Sammy Eljamal that are in his possession until all disbursements and attorneys fees have been fully paid;

(5) A security interest in the amount of $201,909.50 in the proceeds related to the above-captioned action or any settlements thereof; and

(6) The application pursuant to CPLR 321(c) for a stay of all present and future proceedings in this matter for a period of thirty (30) days is denied and shall proceed before Judge Tolbert on May 7, 2012 at 9:30am as scheduled.

The foregoing constitutes the Order of this Court.

Dated: White Plains, New York
May 9, 2012

HON. NICHOLAS COLABELLA, J.S.C.
HON. NICHOLAS COLABELLA
**SUPREME COURT JUSTICE**

Consented to by:

OXMAN, TULIS, KIRKPATRICK, WHYATT & GEIGER, LLP

By: _____
~~Marc S. Oxman, Esq.~~ STUART E. KAHAN, ESQ.
*Attorney for Plaintiffs*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900

# EXHIBIT "B"

15-22872-rdd Doc 91-2 Filed 09/15/15 Entered 09/17/15 16:45:33 Exhibit 1
Case 7:15-cv-07240-CS Document 1-1 Filed 09/15/15 Page 13 of 18
Pg 13 of 18
FILED: WESTCHESTER COUNTY CLERK 11/14/2012
INDEX NO. 52114/2011
NYSCEF DOC. NO. 130
RECEIVED NYSCEF: 11/14/2012

To commence the statutory
time for appeals as of right
(CPLR 5513[a]), you are
advised to serve a copy
of this order, with notice
of entry, upon all parties

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
Present: **HON. BRUCE E. TOLBERT**
                                                          J.S.C.
-----------------------------------------x
LEON SILVERMAN, Individually and as Member of
CONNECTICUT DEALER STATIONS, LLC and
WHOLESALE FUEL DISTRIBUTORS-CT, LLC and
WILTON MOTIVA ASSOCIATES, LLC f/k/a 372
WILTON ASSOCIATES, LLC,

        Plaintiffs,    DECISION AND ORDER

-against-

              Index # 52114/2011
SAMMY EL JAMAL, Individually and as a MEMBER Sequence #10
Of CONNECTICUT DEALER STATIONS, LLC and
WHOLESALE FUEL DISTRIBUTORS-CT, LLC and
CONNECTICUT DEALER STATIONS MANAGEMENT,
LLC.,

        Defendants.
-----------------------------------------x
TOLBERT, J.

  Counsel for named Defendants moves this Court for an Order:

   (1) Pursuant to 22 NYCRR 1200.16(c)(1), (5) and (7) and CPLR 321(b)(2) relieving the law firm, ALBERT J. PIRRO, JR., ESQ. as attorneys for Sammy Eljamal in the above entitled action, upon the grounds set forth in the annexed affirmation of Albert J. Pirro, Jr., Esq.;

   (2) declaring that ALBERT J. PIRRO, JR., ESQ. be relieved as Sammy Eljamal's and the other named Defendants in the captioned matter attorney and have no further responsibility in the captioned matters, and allowing Sammy Eljamal the opportunity to take such steps as he may deem necessary to protect his rights in each matter;

   (3) fixing counsel fees and disbursements in the amount of $19,740.50 for services performed by the attorneys from ALBERT J. PIRRO, JR., ESQ., on behalf of Sammy Eljamal together with disbursements expended;

   (4) A retaining lien in favor of Albert J. Pirro, Jr., Esq. in the amount of $19,740.50 is hereby granted as a security interest in any document or other items of Sammy Eljamal until all disbursements and attorneys' fees are paid;

   (5) A security interest in the amount of $19,740.50 in the proceeds related to the above-captioned action or any settlements thereof; and

   (6) pursuant to CPLR 321 (c) staying all present and future proceedings in this matter for a period of thirty (30) days following the written decision of this Court on this application.

Counsel for the named Plaintiffs submitted partial opposition on their behalf. They took no position relative to the request to be relieved and moving counsels monetary relief requested, but objected to the stay of all proceedings for thirty (30) days.

Neither Defendant Sammy Eljamal, nor any other named Defendant has responded and there is proof of service filed with the Court.

The Court hereby grants the application in its entirety, with the exception of the request for a stay of proceedings.

Therefore, be it hereby

ORDERED, that the law firm, Albert J. Pirro, Jr., Esq. is hereby relieved as attorneys for Sammy Eljamal and the other named Defendants and have no further professional responsibility in the above-captioned matter; and be it hereby further

ORDERED, counsel fees and disbursements due movant Albert J. Pirro, Jr., Esq. is set at $19,740.50 for services rendered; and be it hereby further

ORDERED, movant Albert J. Pirro, Jr., Esq. is awarded a retaining lien on the file in this matter; and be it hereby further

ORDERED, that movant Albert J. Pirro, Jr., Esq. is awarded a security interest in the proceeds related to the above-captioned action or settlement thereof.

All other prayers for relief not specifically referred to hereinabove are denied.

The foregoing shall constitute and be the Decision and Order of this Court.

_____
**Honorable Bruce E. Tolbert**
**Justice of the Supreme Court**

Dated: November 14, 2012
White Plains, New York

To: Oxman Tulis Kirkpatrick Whyatt & Geiger LLP
Attorneys for Plaintiffs
120 Bloomingdale Road
White Plains, New York 10605

Albert J. Pirro, Jr., Esq.
Attorney for Defendant
1 North Lexington Avenue
White Plains, New York 10601

# EXHIBIT "C"

# ALBERT J. PIRRO, JR.
### ATTORNEY AT LAW

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914-287-6444 • FAX 914-287-6443
ajp@pirrogroup.com • www.pirrolaw.com

October 15, 2012

Marc S. Oxman, Esq.
Stuart Kahan, Esq.
Oxman, Tulis, Kirkpatric, Whyatt & Geiger, LLP
120 Bloomingdale Road
White Plains, New York 10605

Re: Silverman, et al. v. Eljamal, et al./Index No. 52114/2011
and Eljamal, et al. v. Weil, et al./Index No. 51297/2011

Dear Messrs. Oxman and Kahan:

Mr. Weil discussed with me the possibility of making a distribution or dividend from New York Fuel and wanted to see the Order of Judge Colabella dated May 9, 2012 regarding authority to issue a check to me in connection with the aforestated Order. Paragraphs 3, 4 and 5 of that Order give me an interest in any proceeds that would be issued to Mr. Sammy Eljamal "related to the above captioned action or any settlement thereof."

The definition of proceeds includes sums derived from a sale or a business venture (Webster's New World Dictionary, 1995), clearly the issue of salary, dividends, and, or, distributions were the subject of the "captioned action."

Accordingly, if a distribution or dividend is made from a business venture which is the subject of the action, it is a proceed to which I am entitled.

Note that the Sixth Cause of Action in the Amended Verified Complaint in *Eljamal, et. al. v. Weil et al.*, Index No. 51297/2011 included a cause of action for specific performance of the agreements between the parties. The Seventh Cause of Action states a cause of action for a declaratory judgment establishing all of Eljamal's rights under the operating agreement. The Eighth Cause of Action stated a claim based upon a breach of fiduciary duty for the sole purpose of enriching themselves. The Ninth Cause of Action states a claim for breach of contract based on the operating agreements.

Please take further notice that in *Silverman, et. al. v. Eljamal, et al.*, Index No. 52114/2011, our firm, on behalf of Mr. Eljamal asserted six counterclaims which included a declaratory judgment requiring the Plaintiff Silverman to comply with the operating agreements.

As you are aware the May 9, 2012 Order of Judge Colabella granted a retaining lien charging lien and a security interest in any proceeds from both the New York case and the Connecticut Dealer Stations case. If you review section 475 of the NY Judiciary Law you will ascertain that the dividends or disbursements which emanated from the clients' causes of action included dividends, distributions and salary, such as that here, as well as the monies taken in from Shell.

Under New York law, an attorney who is discharged is statutorily entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services. See, NY Judiciary Law § 475. The Second Circuit has explained the rationale behind the charging lien.

New York's statutory charging lien, see, NY Judiciary Law § 475 (McKinney 1983), is a device to protect counsel against "the knavery of his client," whereby through his effort, the attorney acquires an interest in the client's cause of action. *In re City of New York*, 5 N.Y.2d 300, 307, 184 N.Y.S.2d 585, 157 N.E.2d 587 (1959). The lien is predicated on the idea that the attorney has by his skill and effort obtained the judgment, and hence "should have a lien thereon for his compensation, in analogy to the lien which a mechanic has upon any article which he manufactures." *Williams v. Ingersoll*, 89 N.Y. 508, 517 (1882). *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001).

*McDermott v. Great Am. Alliance Ins. Co.*, No. 5:02 Civ. 0607 (NAM/DEP), 2006 U.S. Dist. LEXIS 52878, 2006 WL 2038452, at *2 (N.D.N.Y. July 18, 2006) states ("In New York, an attorney who ceases to represent his or her client but has rendered [*8] services for which payment has not yet been received has two forms of recourse against non-payment, other than commencement of a plenary action -- one derived from the common law [generally referred to as a retaining lien], and the other created by statute [referred to as a charging lien].").

Specifically, Section 475 of the New York Judiciary Law provides:

> "From the commencement of an action . . . the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

In *Tunick v. Shaw*, 45 A.D.2d 145, 842 N.Y.S.2d 395 (1st Dept. 2007), the court granted an attorney charging lien against a collection of photographic images but did not contemplate the proceeds of any insurance settlement relating to damages to the images while in storage. Nevertheless, the Appellate Division held that the attorney's charging lien is imposed upon the client's cause of action, in whatever form it may take during the course of the litigation, and

follows the proceeds, wherever they may be found. The Court held that the lien attached to the insurance proceeds pursuant to N.Y. Judiciary Law Section 495.

The "enforcement of a charging lien is founded upon the equitable notion that the proceeds of a settlement are ultimately 'under the control of the court, and the parties within its jurisdiction, [and the court] will see that no injustice is done to its own officers'" (*Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183, 187 754 N.Y.S.2d 220 [2002], quoting *Roomey v. Second Ave. R.R. Co.*, 18 N.Y. 368, 369 [1858].

The statute is remedial in character, and hence should be construed liberally in aid of the object sought by the legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action" (*Fisher-Hansen v. Brooklyn Hgts. R.R. Co.*, 173 N.Y. 492, 499, 66 N.E. 395 [1903]).

The lien is imposed on the client's cause of action, in whatever form it may take during the course of litigation, and follows the proceeds, wherever they may be found (see, *Matter of Cohen v. Grainger, Tesoriero & Bell*, 81 N.Y.2d 655, 658, 602 N.Y.S.2d 788, 622 N.E.2d 288 [1993]).

As stated by the Court of Appeals:

> "Moreover, the general rule is that a lien upon property attaches to whatever the property is converted into and is not destroyed by changing the nature of the subject . . . It follows its subject and cannot be shaken off by a change of form or substance. It clings to any property or money into which the subject can be traced…" (*Fisher-Hansen*, 173 N.Y. at 501-502, 66 N.E. 395).

The proceeds by way of a distribution or dividend by NY Fuel or Connecticut Dealer Stations are subject to payment to the undersigned as attorney with a charging lien.

Very truly yours,

Albert J. Pirro, Jr.

AJP:dat