PENACHIO MALARA LLP
Proposed Counsel for the Debtor
235 Main Street, Suite 610
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

**PRESENTMENT DATE AND TIME:**
**OCTOBER 9, 2015 AT 12:00 NOON**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
In re                                             :          CHAPTER 11
                                                  :
       SAMMY ELJAMAL,                      :          CASE NO.: 15-22872 (RDD)
                                                  :
                                                  :
                                                  :
               Debtor.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF PRESENTMENT OF ORDER AUTHORIZING THE RETENTION OF PENACHIO MALARA LLP AS COUNSEL FOR THE DEBTOR

     **PLEASE TAKE NOTICE** that upon the annexed application (the "Application") of

**PENACHIO MALARA LLP**, (the "Firm") made on behalf of **SAMMY ELJAMAL**, the

above-referenced debtor (the "Debtor") pursuant to Section 327(a) of Title 11, United States

Code, as amended (the "Bankruptcy Code"), and Bankruptcy Rule 2014(a) seeking authority to

employ the firm as counsel, the annexed order will be presented to the Honorable Robert D.

Drain, United States Bankruptcy Judge, in his Chambers at the United States Bankruptcy Court,

Charles L. Brieant, Jr. Federal Building and Courthouse, 300 Quarropas Street,  White Plains,

NY 10601 on October 9, 2015 at 12:00 NOON.

     **PLEASE TAKE FURTHER NOTICE,** that a copy of the application in support of the

proposed order is available on the Bankruptcy Court website, www.nysb.uscourts.gov, and from

the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, should be filed and

served upon the undersigned with a copy delivered to the Bankruptcy Judge's Chambers, on or

before the presentment date.  In the event that no objections are interposed, the proposed order

may be entered.

Dated:  September 23, 2015
         White Plains, New York

                                        **PENACHIO MALARA LLP**

                                        /s/Anne Penachio
                                        Anne Penachio, Esq.
                                        Proposed Counsel to the Debtor
                                        235 Main Street - Suite 610
                                        White Plains, NY 10601
                                        (914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re                                                          :        CHAPTER 11
                                                               :
        SAMMY ELJAMAL,                                         :        CASE NO.:  15-22872 (RDD)
                                                               :
                                        Debtor.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## ORDER AUTHORIZING THE RETENTION OF
## PENACHIO MALARA, LLP AS COUNSEL FOR THE DEBTOR

Upon the application (the "Application") of **PENACHIO MALARA LLP**, (the

"Firm") made on behalf of **SAMMY ELJAMAL,** the above-referenced debtor (the "Debtor")

pursuant to Section 327(a) of Title 11, United States Code, as amended (the "Bankruptcy Code"),

and Bankruptcy Rule 2014(a) seeking authority to employ the Firm as counsel, and upon on the

accompanying affirmation of Anne Penachio; and there being no objections to the Application

after due notice; and it appearing that the Firm, does not hold or  represent an interest adverse to

the Debtor or his estate; that it is disinterested under 11 U.S.C. § 101(14), and that such retention

is necessary and in the best interests of the Debtor and his estate; and no further notice or a

hearing being required, it is hereby

**ORDERED,** that the Application is granted as set forth herein; and it is further

**ORDERED,** that in accordance with § 327(a) of the Bankruptcy Code, the Firm

is retained as attorneys for the Debtor; and it is further

**ORDERED,** that the Firm will be compensated and reimbursed pursuant to 11

U.S.C.  §§ 330 and 331, as the case may be, and the applicable Bankruptcy Rules, Local Rules

and fee and expense guidelines of the Court; and it is further

**ORDERED,** that the prepetition retainer paid to the Firm shall be applied to any amount granted by the Court in respect of the Firm's first fee application and, if necessary, the next subsequent allowed fees and expenses that the Court ordered; and it is further

**ORDERED,** that if the Firm's hourly rates for professionals working on this case should change, the Firm shall promptly file a notice of such change on the docket, stating whether the Debtor, agrees with the change, and serve such notice on the Office of the United States Trustee; and it is further

**ORDERED,** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

**ORDERED,** that if there is any inconsistency between the terms of this Order, the Application, and the Affirmations in support thereof, the terms of this Order shall govern; and it is further

Dated:  White Plains, New York
        October ___, 2015


_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE


NO OBJECTION:
By: _____
OFFICE OF THE UNITED STATES TRUSTEE

PENACHIO MALARA LLP                    **PRESENTMENT DATE AND TIME:**
Proposed Counsel for the Debtor         **OCTOBER 9, 2015 at 12:00 NOON**
235 Main Street, Suite 610
White Plains, New York 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                         :        CHAPTER 11
                                              :
       SAMMY ELJAMAL,                         :        CASE NO.:   15-22872 (RDD)
                                              :
                             Debtor.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


### APPLICATION IN SUPPORT OF AN ORDER AUTHORIZING THE RETENTION OF PENACHIO MALARA LLP AS COUNSEL FOR THE DEBTOR

The application of **PENACHIO MALARA LLP** (the "Firm") on behalf of

**SAMMY ELJAMAL,** the above-referenced debtor (the "Debtor"), for an order authorizing its

retention as counsel, respectfully sets forth and alleges:

**I.**              **THE DEBTOR'S BANKRUPTCY BACKGROUND**

1.      On or about June 18, 2015, a voluntary petition for reorganization relief

under Chapter 11 of Title 11, United States Code, as amended (the "Bankruptcy Code"), was

filed with the Clerk of this Court on behalf of the Debtor, and the case was referred to the

Bankruptcy Judge herein.

2.      The Debtor is an individual who filed for bankruptcy relief primarily to

invoke the protections of the automatic stay with respect to a judgment obtained by Brent Coscia

and also to address various business obligations and disputes. The Debtor's goal is to fund a

plan with revenue from his business which will satisfy creditors in full and resolves business

controversies in a manner that maximizes a distribution to his creditors with valid claims. The

Debtor believes that the value of his businesses and their income stream is sufficient to fund such

a plan which provides for full payment to creditors with allowed claims.

        3.      An official committee of unsecured creditors has been appointed in this

case (the "Committee"). The Debtor's goal is to cooperate with the Committee as much as

possible in furtherance of a fair and expeditious resolution of creditor claims.

        4.      Since the filing, the Debtor has continued the management of its property

as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

        5.      The Debtor holds a 50% interest in a Chapter 11 debtor, Armonk Snack

Mart, bearing case number 15-22375 ("Armonk"). The Firm represents Armonk.  Armonk's

goal is to satisfy creditors with allowed claims in full.

        6.      The Firm also represents Connecticut Dealer Stations Management, LLC

("CDSM") in a Chapter 11 proceeding in this Court bearing number 13-23994.  CDSM is a

holding company whose sole asset is a 1% interest in Connecticut Dealer Stations, LLC

("CDS"), a corporate entity in which the Debtor owns 94% of.   There has been limited activity

in the case.  CDSM has limited creditors and anticipates satisfying its creditors in full once

litigation with Leon Silverman, the managing member of CDS is resolved.

        7.      In the context of its representation of the Armonk and CDSM, the Debtor

and the Firm developed a close working relationship.  The Debtor asked counsel to represent him

in an individual case. The Firm encouraged the Debtor to explore alternatives and meet with

other prospective attorneys.   After doing so, the Debtor indicated that he felt most comfortable

with the Firm which was already familiar with his financial situation.

8.      After the Debtor asked the Firm to represent him individually, counsel contacted the Office of the U.S. Trustee to inquire as to whether there was a policy for representation under these circumstances. Counsel was informed that there was no policy prohibiting the representation.

9.      Counsel explored whether there were any actual or likely conflicts between Armonk, CDSM and the Debtor. After extensive inquiry, Counsel is satisfied that no such conflict exists.   This is especially so given the fact that in each case (the Debtor, Armonk and CDSM), counsel believes creditors with allowed claims will be paid in full.

10.      The Debtor is in the process of retaining various litigation counsel to represent him in his business disputes and with respect to appeals.   Counsel will be coordinating with those professionals.

11.      In the event that a conflict arises, Counsel will advise the Court, the Committee and the Office of the U.S. Trustee and take any and all appropriate measures including requesting the appropriate relief which may include the retention of conflicts counsel.

12.      The Firm was paid a relatively small retainer in the amount of $10,000.00 by Centralized Management, a company in which the Debtor has an interest. The Debtor intended to pay the Firm a higher retainer but would have experienced a hardship at the time given the existence of other obligations.  In this regard it is noteworthy that approximately $700,000.00 in cash distributions to which the Debtor is entitled is being held in escrow pursuant to a stipulation entered between the Debtor and litigation adversaries.   The Debtor's monthly income has been greatly reduced as he no longer draws a salary from his businesses. At any rate, Counsel agreed to defer payment and will seek approval at the appropriate time.

**II.**        **APPLICATION, JURISDICTION AND**
            **STATUTORY PREDICATES FOR RELIEF**

13.    By this application, the Debtor seeks to retain the Firm as its counsel.

14.    This Court has jurisdiction over the Application pursuant to 28 U.S.C.

Sections 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated

July 10, 1984 (Ward, Acting C.J.). Venue in this District is proper pursuant to 28 U.S.C. § 1408.

15.    The statutory predicates for the relief sought herein are Section 327 of the

Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Rule 2014-a of

the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

**III.**                    **THE NEED FOR COUNSEL**

16.    The Debtor requires the services of the Firm, _inter alia_, to: (i) assist in

the administration of his Chapter 11 proceeding and complying with applicable law and rules;

(ii) set a bar date, review tax claims and resolve any claims which should be disallowed; (iii)

address lease issues; and (iv) assist in reorganizing and confirming a Chapter 11 plan.

17.    The Firm will make a proper application for compensation, with full

disclosure.

18.    The Firm intends to bill the Debtor at the following rates:
Anne Penachio - $385.00 per hour; Frank Malara - $300.00; Paralegal - $100.00 per hour.

19.    The Debtor has selected the Firm for the reason that the attorneys are

experienced in bankruptcy and litigation matters. It is submitted that the Firm is well qualified to

represent the Debtor, an individual with complex business holdings. The fact that the Debtor

intends to seek approval to retain special litigation counsel to address litigation will further

ensure that the Debtor's needs are being met.

20.     The Firm does not represent any interest adverse to the interest of the

Debtor or his estate in the retention upon which it is to be engaged. The Firm has no relationship

with the Office of the United States Trustee or any of its staff.

**IV.**                          **THE FIRM IS DISINTERESTED**

21.     Bankruptcy Code Section 327(a) provides in relevant part that a debtor,

"with the court's approval, may employ one or more attorneys, accountants, auctioneers, or other

professional persons, that do no hold or represent an interest adverse to the estate, and that are

disinterested persons...."

22.     A "disinterested person," as the term is defined in Bankruptcy Code Section

101(14), means a person that:

> does not have an interest materially adverse to the interest of the estate or of any
> class of creditors or equity security holders, by reason of any direct or indirect relationship to,
> connection with, or interest in, the debtor ..., or for any other reason[.]

23.     Rule 2014(a) of the Federal Rules of Bankruptcy Procedure sets forth the

requirements for any professional that seeks to be employed pursuant to Section 327(a). Rule

2014(a) provides as follows:

> (a) Application for an order of employment.  An order approving the employment of
> attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to  327 ...
> shall be made only on application of the trustee or committee. The application shall be filed and
> ... a copy of the application shall be transmitted by the applicant to the United States trustee. The
> application shall state the specific facts showing the necessity for the employment, the name of
> the person to be employed, the reasons for the selection, the professional services to be rendered,
> any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of
> the person's connections with the debtor, creditors, any other party in interest, their respective
> attorneys and accountants, the United States trustee, or any person employed in the office of the
> United States trustee. The application shall be accompanied by a verified statement of the person
> to be employed setting forth the person's connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United States trustee, or any person
> employed in the office of the United States trustee.

24.    It has been held that a "professional has a disabling conflict if it has 'either a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors—an incentive sufficient to place those parties at more than acceptable risk—or the reasonable perception of one.' Disqualification is appropriate 'if it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation.' *In re Granite Partners*, 219 B.R. 22 at 33 (Bankr. S.D.N.Y. 2003).

25.    In this case, it is submitted that the interests of the Debtor, CDSM and Armonk are allied. The goal in each case is to maximize recovery for the benefit of creditors with valid claims. It is anticipated that in each bankruptcy creditors will receive full distribution on their allowed claims.

26.    It is submitted that the Firm is disinterested. It has no interest adverse to the Debtor or any other party in interest.

27.    Counsel is hopeful that the Firm can work with all interested parties to achieve an exit strategy that yields the highest value for the Debtor and creditors.

28.    The Firm has made the requisite showing required by Bankruptcy Rule 2014(a). See Affirmation of Anne Penachio annexed hereto as Exhibit A.

29.    Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that the requirement of filing a memorandum of law be waived.

**V.**                    **NUNC PRO TUNC**

30.    Counsel was delayed in submitting this application primarily for three (3) reasons. First, the Debtor invoked the protections of the Bankruptcy Code on an emergency

basis. Second, counsel took time to explore whether any conflicts were present. Third, counsel was required to spend a great deal of time in preparing the Debtor for the rules and regulations imposed upon debtors and simply did not have an opportunity to finalize the application.

**WHEREFORE**, the Debtor respectfully prays that this Court enter the order, in the form annexed hereto, authorizing the Firm to act as his counsel, with compensation for such legal services to be paid upon application to this Court, and that it have such other and further relief as is just and proper.

Dated:  September 22, 2015
        White Plains, NY

                                        **PENACHIO MALARA, LLP**

                                        /s/ Anne Penachio
                                        Anne Penachio
                                        Proposed Counsel to the Debtor
                                        235 Main Street-Suite 610
                                        White Plains, NY 10601
                                        (914) 946-2889