# Exhibit "C"

Melanie L. Cyganowski
Richard G. Haddad
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100
Facsimile: (212) 682-6104

*Counsel to the Official Committee of
Unsecured Creditors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SAMMY EL JAMAL,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-22872 (RDD) |

**SUBPOENA FOR RULE 2004 EXAMINATION
AND SUBPOENA *DUCES TECUM***

TO:   Musa Eljamal
      9 Cross Road
      Ardsley, New York 10502

[**X**]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2004, at the place, date, and time specified below.

| PLACE OF TESTIMONY:<br>Otterbourg P.C.<br>230 Park Avenue<br>New York, NY 10169 | DATE AND TIME:<br>___, _____ __, 2015<br>at ___ AM |
|---|---|

[**X**]   YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects identified in Schedule A in accordance with the Definitions and Instructions set forth in Schedule A at the place, date, and time specified below:

| PLACE:<br>Otterbourg P.C.<br>230 Park Avenue<br>New York, New York 10169 | DATE AND TIME:<br>___, _____ ___, 2015<br>by 5:00 PM |
|---|---|

| ISSUING OFFICER SIGNATURE | TITLE<br>Attorneys for the Official Committee of Unsecured Creditors |
|---|---|
| ISSUING OFFICER'S NAME (PRINT)<br><br>Richard G. Haddad, Esq. | PHONE<br><br>(212) 661-9100 |
| ADDRESS<br><br>Otterbourg P.C.<br>230 Park Avenue<br>New York, New York 10169 | DATE<br><br>October ___, 2015 |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
             Date                                                    SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of promises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the promises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the promises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly, transacts business in person, except that, subject to the provisions of clause (c)(3)(B)((iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensate, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or costs. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. "You" and "Your" shall mean the recipient of this subpoena, as well as your representatives, agents, employees and all other persons acting or purporting to act on your behalf.

2. The "Debtor" or "Eljamal" shall mean Sammy El Jamal or Sammy Eljamal or Sammy El. Jamal.

3. "Petition Date" means June 18, 2015.

4. "Matrimonial Proceeding" means *Eljamal v. Eljamal*, Index No. 003747/2014, Supreme Court of the State of New York, County of Westchester.

5. "Document" is used in the broadest sense and means any written, recorded, transcribed, punched, videotaped, audiotaped, filmed or graphic matter, however produced or reproduced, whether in paper, electronically or otherwise, including, but not limited to, all original, and all non-identical copies and drafts of: agreements; communications, including intracompany communications; correspondence; facsimile transmissions; electronic mail; telegrams; telephone bills and records; telephone messages; cables; memoranda; records; books; summaries or records of personal conversations or interviews or meetings; diaries; calendars; forecasts; estimates; statistical statements; accountants' work papers; work papers; graphs; charts; maps; spreadsheets; Excel sheets; diagrams; blueprints; tables; indices; pictures; recordings; tapes; microfilms; charges; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews or investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; exhibits to contracts; riders to contracts; stenographic, handwritten or any other notes; projections, forecasts or other forward-

1

looking statements; working papers; checks, front and back, check stubs or receipts; invoice vouchers; tape data sheets; data processing cards; spreadsheets; and magnetic or optical media or disks.

6. "Communication" means every manner of transmitting or receiving facts, information, thoughts or opinions, whether written, oral or by any other means, including, but not limited to, all memoranda, notices of meetings, conversations by telephone calls, records of conversations or messages, whether in writing or upon any mechanical, electrical or electronic recording devices, and oral conversations and statements.

7. "Concerning" shall be construed to mean referring to, concerning, indicating, reflecting, constituting, leading to, containing, discussing, commenting upon, mentioning, evidencing, modifying, quoting, describing, responding to, supporting, contradicting, bearing upon, regarding, made in connection with or by reason of, deriving or arising from, constituting in whole or in part, and being a draft, copy or summary of in whole or in part.

8. "Person" or "persons" means any natural person, corporation, partnership, proprietorship, association, organization, public authority, municipal corporation, state government, local government, all governmental bodies and all other legal entities.

9. The term "and" also means "or" and the term "or" shall also mean "and."

10. The term "each" also means "every" and the term "every" shall also mean "each."

11. The term "any" also means "all" and the term "all" shall also mean "any."

12. The use of the singular form of any word shall include the plural and vice versa.

2

13. Unless otherwise specified, all requests for production of documents refer to the time period after June 18, 2009.

14. This request for documents applies to all documents in your possession, custody or control, regardless of whether such documents are held by you or your present or former affiliates, designees, agents, employees, managers, owners, partnerships, representatives, attorneys, or any other person.

15. Where any copy of any document, the production of which is requested, is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

16. Each request includes requests for documents that are electronically generated including but not limited to unexecuted, draft, back-up or electronic files that are located at or on any of your computer systems, hard-drives, or storage devices.

17. All responsive documents shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

18. You are instructed either to produce documents as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with the categories in these requests. In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained, in the file where found. If no documents exist that are responsive to a particular request, you shall so state in writing.

19. If any document or any portion of any document requested herein is not produced due to any claim of privilege, describe the factual basis for withholding the document or portion thereof in sufficient detail to permit the Court to adjudicate the validity of your withholding the document. Identify each document so withheld by providing at least the following information:

    a. the type of document (memorandum, letter, report, etc.);

    b. the date of the document;

    c. the title and subject matter of the document;

    d. the identity and position of the author, the addressee, and all recipients of the document; and

    e. a statement of (i) the nature of the legal privilege (including work product) claimed and (ii) the factual basis for that claim of privilege or other reason for the withholding, including the facts establishing the claim of privilege, the facts showing that the privilege has not been waived, the status of the person claiming the privilege and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

20. Non-privileged portions of documents otherwise subject to a claim of privilege shall be produced, with only those portions of the document that are subject to the claim of privilege being deleted or redacted from the document and clearly marked as such.

21. In the event that you contend that any of the request herein are objectionable, in whole or in part, state with particularity each such objection and the bases therefor, and respond to the remainder of the document requests to the extent that you are not objecting to it.

4

22. This request shall be deemed continuing.

[*Remainder of Page Intentionally Left Blank*]

**DOCUMENTS TO BE PRODUCED**

1. All documents concerning any gifts or other transfers of assets, including transfers of cars, personal property, cash, or marketable securities, made by the Debtor to You or any family member in excess of $500.00

2. All documents concerning the value of any gifts or other assets transferred from the Debtor to You or any family member, including any interests in any equity or membership interests in any limited liability companies or corporations in which the Debtor has or had an interest, in excess of $500.00.

3. All documents concerning the transfer from the Debtor to You or any family member of any interests of the Debtor in any limited liability companies, corporations, or other business enterprise.

4. All documents concerning the consideration that the Debtor received for transferring any assets, including any transfer of interest in any limited liability company, corporation or other business enterprise, to You or any family member.

5. All documents concerning any payments in excess of $500.00 that You have made to or on behalf of the Debtor to satisfy a payment obligation of the Debtor.

6. All documents concerning income or distributions that You received from any limited liability company, corporation and/or partnership in which the Debtor has an interest.

7. All documents concerning any payments made by the Debtor towards the household and maintenance expenses of the property located at 9 Cross Road, Ardsley, NY 10502.

8. All documents concerning any life insurance policies in which the Debtor is the insured or a beneficiary that were purchased by you and/or a businesses in which you and/or the Debtor have an ownership interest.

6

9. All documents concerning any investment accounts that are in the Debtor's name or in which the Debtor is the beneficiary that were established by You and/or a business in which you and/or the Debtor have an ownership interest.

10. All documents concerning the liquidation of any stocks or bonds on behalf of the Debtor.

11. All documents concerning the Matrimonial Proceeding.

12. All income statements and balance sheets concerning businesses in which the Debtor and You have an ownership interest.

13. All documents concerning the Debtor's transfer of an equity interest in a corporation; a membership interest in a limited liability company; and/or a partnership interest in a partnership.

14. All documents concerning distributions or income the You and/or the Debtor has received, either directly or indirectly, or withdrawals that You and/or the Debtor has made from any corporation; limited liability company; and/or partnership in which the Debtor at any time had an ownership interest.

15. All documents concerning any ownership interest that You have in any corporation, limited liability company, partnership or other business in which the Debtor at any time had an ownership interest.

16. All documents concerning any trusts established by the Debtor for the benefit of You or any family member.

17. All documents concerning any trusts to which You and/or the Debtor are a trustee.

18. All certificates of title concerning automobiles owned by You and/or the Debtor.

19. All documents concerning any real property owned jointly with the Debtor.

7