**Presentment Date and Time: December 29, 2015 at 12:00 p.m.**
**Objection Deadline: December 29, 2015 at 11:30 a.m.**

Penachio Malara, LLP
Attorney for Debtor
235 Main Street
White Plains, NY 10601
914-946-2889

Anne Penachio, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
:
In re:                              :
:   Chapter 11
SAMMY ELJAMAL,                      :
:   Case No.: 15-22872 (RDD)
                    Debtor.         :
:
------------------------------------x

### NOTICE OF PRESENTMENT OF ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 DIRECTING PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that upon the annexed motion (the "Motion") of Sammy Eljamal, the debtor herein (the "Debtor") for the entry of an order, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, directing NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, NY Dealer Stations Management, LLC, NY Dealer Stations, LLC and NY Fuel Distributors, LLC (collectively, the "Companies"), to produce documents, the undersigned will present the attached proposed order to the Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, White Plains, New York 10601, for signature on December 29, 2015 at 12:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers before the date of presentment, there will not be a hearing

1

and the order may be signed. Objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General order M-242 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and shall be served in accordance with General Order M-242 upon the undersigned.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, a hearing will be held on the Motion before the Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, White Plains, New York 10601, at a time fixed by the Court.

Dated: December 15, 2015
      White Plains, New York

                                              PENACHIO MALARA, LLP

                                              /s/ Anne Penachio
                                              Anne Penachio, Esq.
                                              Attorney for the Debtor
                                              235 Main Street
                                              White Plains, NY 10601
                                              (914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re                                                                    Chapter 11

        SAMMY ELJAMAL,                                          15-22872 (RDD)

                             Debtor.
------------------------------------X

## ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 DIRECTING PRODUCTION OF DOCUMENTS

Upon the motion, by notice of presentment dated December 15, 2015 (the "Motion") of the above debtor, Sammy Eljamal (the "Debtor") for an order pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure directing the production of documents; and the Court being satisfied that the relief sought in the Motion is appropriate under the circumstances; and good and sufficient cause appearing for the entry of this Order; it is hereby

**ORDERED**, that the relief requested in the Motion is granted as set forth below; and it is further

**ORDERED**, that NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, NY Dealer Stations Management, LLC, NY Dealer Stations, LLC and NY Fuel Distributors, LLC (collectively, the "Companies") shall produce the documents set forth on the Schedule annexed hereto at the offices of Penachio Malara, LLP, 235 Main Street, Suite 610, White Plains, NY 10601 within 7 days of the date hereof; and it is further

**ORDERED**, that the Debtor may not use the documents produced in any litigation with the Companies or any other party; and it is further

**ORDERED**, that the Court retains jurisdiction to determine any disputes regarding this Order.

Dated: White Plains, New York
           _____, 2015

                                                        THE HONORABLE ROBERT D. DRAIN
                                                        UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE

### DEFINITIONS

1. "Document" means any writing, drawing, graph, chart, photograph, phonecord, computer data, or other data compilation from which information can be obtained, whatever its origin or location, and regardless of the form in which such information exists or is maintained, and includes, but is not limited to: correspondence, books, records, memoranda, contracts, tables and tabulations, graphs, charts, diagrams, plans, schedules, appointment books and calendars, diaries, telephone messages and logs, tapes, recordings, transcriptions, notices, instructions, minutes, filings, and inter- and intra- office communications; and includes all originals, drafts, non-identical copies and copies with marginal notations or interlineations.

2. "Documents relating to" means documents consisting of, containing, constituting, discussing, describing, concerning, showing, relating or referring to in any way, or being legally, logically, or factually connected directly or indirectly, and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of, any document called for by each request.

3. "Communication" means any contact between two or more persons and shall include, but is not limited to, written contact and any oral contact such as face-to-face meetings and telephone conversations.

4. "Companies" means NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, NY Dealer Stations Management, LLC, NY Dealer Stations, LLC and NY Fuel Distributors, LLC collectively.

## **INSTRUCTIONS**

A. The documents covered by this request include all documents in the possession, custody or control of the Companies, their representatives, agents, partners, affiliates, or persons acting on their behalf.

B. The documents covered by this request include any documents that were generated or received by the Companies or otherwise came into existence or were utilized by the Companies during the period April 1, 2011 through and including the date of production.

C. Each document must be produced in its entirety, including attachments, enclosures, and transmittal sheets, and in its original folder, binder, or other cover or container, unless that is not possible. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook or other cover or container, a copy of the label of such cover or other container must be attached to the document. A request for any document shall be deemed to include a request for any and all transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document, in addition to the document itself.

D. With respect to each document withheld from production on the ground of privilege, work product, or any similar claim, provide the following information for each such document: (a) the name(s) and title(s) of the author(s) and/or sender(s) and addressee(s) and any other recipient(s); (b) the name and title of each person (other than stenographic or clerical assistant) participating in the preparation of the document; (c) the name and title of each person to whom the contents of the document have heretofore been disseminated by copy, exhibition, reading or substantial summarization; (d) the date and number of pages of the document; (e) a description of the nature and subject matter of the document; (f) a statement of the basis on which it is claimed that the document is protected from disclosure; and (g) the name and title of the person

supplying the information requested in subparagraphs (a) through (f) above.

E.  Notwithstanding a claim that a document is protected from disclosure, any documents that are withheld must be produced with the portion claimed to be protected redacted.

F.  Each request for production of documents herein shall be deemed to be continuing so as to require prompt supplemental responses if further documents called for herein are obtained or discovered between the time of responding to this request.

G.  If any document within the scope of this request has been destroyed, the response hereto shall be describe in detail the circumstances of such destruction, and any documents relating to such destruction shall be produced.

H.  The Companies may submit the documents in electronic format.

Presentment Date and Time: **December 29, 2015 at 12:00 p.m.**
Objection Deadline: **December 29, 2015 at 11:30 a.m.**

Penachio Malara, LLP
Attorney for Debtor
235 Main Street
White Plains, NY 10601
914-946-2889

Anne Penachio, Esq.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------x
                                    :
In re:                              :
                                    :   Chapter 11
SAMMY ELJAMAL,                      :
                                    :   Case No.: 15-22872 (RDD)
            Debtor.                 :
                                    :
                                    :
------------------------------------x

## MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 DIRECTING PRODUCTION OF DOCUMENTS

Sammy Eljamal, by his counsel Penachio Malara, LLP seeks entry of the proposed order annexed hereto as Exhibit "A" (the "Proposed Order"), pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, NY Dealer Stations Management, LLC, NY Dealer Stations, LLC and NY Fuel Distributors, LLC (collectively, the "Companies"), to produce documents identified in the Request for Documents attached to the annexed Proposed Order. In support of this Motion, the Debtor respectfully represents as follows:

1

## BACKGROUND

1. On or about June 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, as amended (the "Bankruptcy Code"), with the Clerk of this Court, and the case was referred to the Bankruptcy Judge herein.

2. An Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee.

3. The Debtor is an individual engaged primarily in the ownership and management, through corporations, of gasoline service stations and convenience stores.

4. Since the filing of his Chapter 11 proceeding, the Debtor has continued as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

5. The Debtor's Chapter 11 filing was precipitated by a number of factors including (i) financial reverses caused by highly contentious and protracted business disputes with his partners including litigation involving the Companies and (ii) the entry of a judgement against him in favor of Brent Coscia ("Coscia"), in the amount of approximately $4.50 million dollars following a jury trial. The State Court appointed a receiver to liquidate the Debtor's interest in the some or all of the Companies for Coscia's benefit.

6. By seeking the protections of this Court, the Debtor's goal was to preserve his assets, including his interests in the Companies, for the benefit of all creditors and to invoke the inherent equitable powers available to parties to address a drastically inequitable situation. The Debtor believes that the value of his business interests far exceeds his liabilities to his creditors.

7. The Debtor and the Committee agreed to participate in mediation in an effort to formulate a mutually acceptable plan of reorganization.

8.  In order to meaningfully participate in mediation, the Debtor requires information regarding the Companies' finances.

9.  By this Motion, the Debtor seeks information and documents relating to the Companies' finances, including their income, assets and liabilities, as well as the transfers of any assets.

## ARGUMENT

10.  Bankruptcy Rule 2004 authorizes any party to a bankruptcy case to conduct discovery. Specifically, it provides in relevant part:

> *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> *Scope of Examination.* The examination of any entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . and any other matter relevant to the case or to the formulation of a plan.
>
> *Compelling Attendance and Production of Documents.* The attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

11.  The scope of the examination provided by Bankruptcy Rule 2004 is very broad. *In re Duratech Indus.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Indeed, the examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981)). "The purpose of a Rule 2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *In re Johns-Manville Corp.*, 42 B.R. at 364.

3

12. Furthermore, the scope of the Bankruptcy Rule 2004 examination is more expansive than that allowed under the Federal Rules of Civil Procedure "and can legitimately be in the nature of a 'fishing expedition.'" *In re Fearn*, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)); *see also In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate.); *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991).

13. The scope of a Bankruptcy Rule 2004 inquiry thus is not limited to ascertaining assets of the estate, "but may properly extend to creditors and third parties who have had dealings with the debtor." *In re Fearn*, 96 B.R. at 138 (citing *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir. 1961), *cert denied*, 366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 384 (1961)). Indeed, any third party who has a relationship with the debtor may be subject to a Bankruptcy Rule 2004 examination. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

14. The Debtor seeks entry of an order directing the Companies to produce the documents listed on the exhibit to the Proposed Order annexed hereto. This request is well within the scope of Bankruptcy Rule 2004. The information sought is narrowly tailored and should not impose any undue hardship on the Companies.

15. The Debtor will not use the documents produced in any litigation with the Companies. Indeed, the documents produced will only be used in connection with mediation.

4

## NO PRIOR REQUEST

16. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order directing the production of documents, and for such other and further relief as the Court deems just and equitable.

Dated: December 15, 2015
      White Plains, New York

                                  PENACHIO MALARA, LLP

                                  /s/ Anne Penachio
                                  Anne Penachio, Esq.
                                  Attorney for the Debtor
                                  235 Main Street
                                  White Plains, NY 10601
                                  (914) 946-2889