COLLIER, HALPERN, NEWBERG & NOLLETTI, LLP
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 684-6800
FAX (914) 684-6986
http://www.chnnb.com

PHILIP M. HALPERN (ALSO CT)
DAVID A. NEWBERG
HARRY J. NICOLAY, JR. (ALSO NJ)
JAMES J. NOLLETTI †
SCOTT M. SALANT (ALSO MA)

† Fellow, American Academy of Matrimonial Lawyers

HOWARD S. BONFIELD (ALSO NJ)
EILEEN GONG (ALSO CA)
SHARI B. HOCHBERG (ALSO NJ)
ALEXANDRA M. MAXWELL (ALSO CT)

WILLIAM J. COLLIER, JR. (ALSO CT)
    SENIOR COUNSEL

HON. PETER P. ROSATO (ret.)
LEWIS W. SIEGEL
    COUNSEL

NEW YORK OFFICE:
630 THIRD AVENUE - 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 431-1300
FAX: (212) 696-4064

CONNECTICUT OFFICE:
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 348-5255

PAUL J. MONSELL (1948-1993)
DONALD L. WALLACE (1925-2002)

March 30, 2016

**VIA EMAIL AND ECF FILING**
The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601

   Re:   Sammy Eljamal Chapter 11 Case No. 15-22872 (RDD)
         Eljamal v. Weil, Adv. No. 15-08358 (RDD)

Dear Judge Drain:

   This firm was appointed as Special Counsel to Mr. Eljamal in the above-referenced adversary proceeding. We are writing pursuant to your Honor's Chambers Rules, and Local Rule 7056-1 to request an in-person pre-motion conference. Mr. Eljamal seeks to make a motion for partial summary judgment in the above-referenced adversary proceeding.

   Mr. Eljamal, by his motion, will seek summary judgment: (1) declaring, pursuant to defendants' second counterclaim, that Mr. Eljamal has a 50% ownership interest in the entities NY Fuel Holdings, LLC ("NYFH"), Metro NY Dealer Stations, LLC ("Metro"), and NY Dealer Stations Management, LLC ("NYDSM") and (2) awarding judgment as to liability on Mr. Eljamal's first claim for breach of contract.

   At the outset, I note that Mr. Eljamal and the Committee of Unsecured Creditors have been participating in mediation. The mediation has not yet been concluded. Notwithstanding, the Committee has filed a plan which provides for the liquidation of Mr. Eljamal's interests in NYFH and NYDSM. Absent resolution, the Debtor will also be filing a plan which may be funded by his interest in NYFH and NYDSM. It is crucial that the Debtor's interest in such entities be determined prior to confirmation of any plan.

   Defendants seek, in their second counterclaim, declaratory relief that Mr. Eljamal is an 8.627% owner of NYFH, Metro and NYDSM -- a fact that is clearly not sustainable. Mr. Eljamal's motion for partial summary judgment is ripe for determination because under the express terms of the applicable Operating Agreements, Mr. Eljamal enjoys a 50% ownership interest in the NYFH, Metro, and NYDSM entities. This is further confirmed in the sworn deposition testimony of Mr.

Weil provided in the interpleader action that is also now before your Honor. Your Honor may search the record on this counterclaim and determine that Mr. Eljamal is a 50% owner of these entities.

Additionally, Mr. Eljamal seeks summary judgment as to liability on his first claim for relief because defendants have not made distributions due to him. The undisputed fact that the defendants breached the Operating Agreements by failing to pay Mr. Eljamal the distributions due and owing to him is also confirmed by the express terms of the Operating Agreements and Mr. Weil's sworn deposition testimony.

Because there are no material issues of fact as regards these particular matters, and Mr. Eljamal is entitled to judgment as a matter of law, his motion for partial summary judgment should proceed at this time.

Defendants, in their second counterclaim, seek a declaration that Mr. Eljamal only has an 8.627% ownership interest in NYFH, Metro and NYDSM. Specifically, they want the Court to declare that Mr. Eljamal is not entitled to "any increase in Eljamal's Interest from 8.627% to 50%." The Court need only examine the terms of the Operating Agreements to see that this is incorrect. The Operating Agreements expressly state that Mr. Eljamal, at all times, has had and currently has a 50% ownership interest in these entities. While it is true that under the express terms of the Operating Agreements Mr. Eljamal agreed to defer a portion of his **distributions**, this in no way diminishes or reduces his ownership interests which have always been 50%. These facts are plainly set forth in the clear and unambiguous language of the Operating Agreements.

Moreover, contrary to what the defendants allege in their counterclaim, Mr. Eljamal's 50% ownership interests are **not** conditioned upon him serving as manager of these entities. Again, the plain language of the Operating Agreements confirms this indisputable fact. This Court is in a position to determine these issues by the simple interpretation of the Operating Agreements and should do so. Furthermore, defendant Weil, in his sworn deposition testimony, admits that Mr. Eljamal has a 50% ownership interest in the entities at issue and this has not changed. Given these circumstances, the Court should, in searching the record, declare that Mr. Eljamal has a 50% ownership interest in NYFH, Metro, and NYDSM and grant summary judgment to Mr. Eljamal.

Mr. Eljamal, in his breach of contract claim, alleges, among other things, that defendants have breached the Operating Agreements by failing to pay him the distributions due and owing to him under the Operating Agreements. This too is indisputable, and proven by the express terms of the Operating Agreements and defendant's admissions in his sworn deposition testimony. Defendants do not dispute that they have not made full distributions to Mr. Eljamal under Sections 7.1(b) and 7.1(f) of the Operating Agreements. This dispositive fact is admitted by Mr. Weil in his deposition testimony. Mr. Weil also admits a disingenuous reason for failing to make Section 7.1(f) distributions. It is undisputed that full distributions have not been made and, accordingly, defendants are in breach of the Operating Agreements. Mr. Eljamal is entitled to judgment as to liability on his first claim for relief, leaving the exact amount of due him, once defendants produce the documents previously demanded, for a hearing before your Honor.

Obviously we hope that the Committee will support this request as it will maximize distribution to creditors under a plan.

Thank you for your Honor's attention to this matter. We look forward to addressing this matter further at the requested pre-motion conference.

Very truly yours,

Philip M. Halpern

cc. Anne Penachio, Esq. (via ECF)
    Lois Rosen, Esq. (via ECF)
    Melanie L. Cyganowski, Esq. (via ECF)