Carlos J. Cuevas, Esq.  Hearing Date: 9/14/16 @ 10:00 AM
Attorney for New York Fuel Distributors, LLC;
Metro NY Dealer Stations, LLC; JMM Fuelco, LLC;
and Weil Family II LLC
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re                                   Chapter 11

SAMMY ELJAMAL,                          Case No. 15-22872 (RDD)

          Debtor.

-------------------------------------------------------------X

**STATEMENT OF NEW YORK FUEL DISTRIBUTORS, LLC; METRO NY DEALER STATIONS, LLC; JMM FUELCO, LLC; AND WEIL FAMILY II LLC WITH RESPECT TO THE MOTION OF THE UNITED STATES TRUSTEE FOR THE APPOINTMENT OF AN EXAMINER**

**TO THE HON. ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE**:

    New York Fuel Distributors, LLC; Metro NY Dealer Stations, LLC; JMM Fuelco, LLC; and Weil Family II LLC by their attorney, Carlos J. Cuevas, Esq. for their Statement with Respect to the Motion of United States Trustee for the Appointment of an Examiner (the "Motion") respectfully represents:

### INTRODUCTION

1. The Motion should be granted. The United States Trustee and the Official Committee of Unsecured Creditors (the "Committee") have raised important issues that warrant a thorough investigation by an impartial third party because of the major impact that these issues could have on this reorganization case. An investigation by an impartial

1

third party will have salutary impact on the progress of this reorganization case because it will provide answers to important issues that must be addressed in a constructive manner.

2. Given the multitude of serious allegations concerning the Debtor's pre-petition and post-petition malfeasance that have been raised in the prior pleadings, it is respectfully submitted that "cause" exists under Bankruptcy Code Section 1104(c) because the appointment of an examiner is in the best interest of creditors.

3. The following issues should be addressed by an examiner's report: The Debtor's alleged false statements under oath; the Debtor's alleged undisclosed debtor-in-possession accounts, the Debtor's alleged undisclosed assets; the alleged concealment of the Debtor's assets by his family members; the Debtor's alleged misuse of Centralized Management Services ("CMS"); the Debtor's alleged sham divorce; and the Debtor's transactions with non-retained professionals. The preceding are all serious issues that impact on the viability of the Debtor's reorganization case and the affiliated reorganization cases.

4. As discussed herein, the issues raised in Paragraph 2 could have a dramatic impact on the Debtor's ability to confirm a plan of reorganization because of Bankruptcy Code Sections 1129(a)(3) and 1129(a)(5). Furthermore, the issues raised in Paragraph 2 also affect the affiliated reorganization cases because the Debtor is the principal in the affiliated reorganization cases.

5. As discussed herein, the issues raised in Paragraph 2 could have a dramatic impact on whether the Debtor is entitled to discharge because of Bankruptcy Code Sections

727(a)(2) and 727(a)(4). If the Debtor cannot receive a discharge, then he should be precluded from confirming a plan of reorganization.

6. The Debtor should welcome the appointment of an Examiner. This is the Debtor's opportunity to have a neutral third party address in a detailed and impartial manner all of the allegations raised by the United States Trustee and the Committee.

## BANKRUPTCY CODE SECTION 1129

7. Bankruptcy Code Section 1129(a)(3) provides:

> **(a)** The court shall confirm a plan only if all of the following requirements are met:
>
> * * * *
>
> **(3)** The plan has been proposed in good faith and not by any means forbidden by law.

11 U.S.C. §1129(a)(3).

8. A debtor's failure to comply with the good faith requirement will result in the denial of the confirmation of a debtor's plan of reorganization. *See*, *In re South Beach Securities, Inc.*, 606 F.3d 366 (7th Cir. 2010); *In re Kemp*, 134 B.R. 413 (Bankr. E.D.Cal. 1991).

9. The Committee has raised serious allegations concerning alleged malfeasance by the Debtor that if true would warrant the denial of the confirmation of the Debtor's plan of reorganization because of the lack of good faith.

10. In particular, the following incidents of bad faith that would warrant the denial of confirmation of a plan of reorganization are the following:

    a) alleged perjury in connection with this reorganization case;

    b) alleged misuse of CMS to defraud the creditors of this reorganization case;

    c) alleged fraudulent divorce to defraud the creditors of this reorganization case;

    d) alleged concealment assets by the Debtor's family to defraud the creditors of this reorganization case; and

    e) alleged intimidation of the Committee to prevent the Committee from protecting the creditors from the Debtor's alleged fraud.

11. If the Examiner reports that the Debtor has engaged in the conduct alleged in Paragraph 9, then this Court should deny confirmation of the Debtor's plan of reorganization. It is not one separate incident but the accumulation of multiple serious infractions that will demonstrate that the Debtor has acted in bad faith throughout this reorganization case. Equally important, the Debtor's bad faith in this case must be taken into account in the affiliated reorganization cases.

## BANKRUPTCY CODE SECTION 1129(a)(5)

12. Bankruptcy Code Section 1129(a)(5) states:

    (a) The court shall confirm a plan only if all of the following requirements are met:

                                 \* \* \* \*

    (5)(A)(i) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

    (ii) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and

    (B) the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

11 U.S.C. §1129(a)(5).

13. A pertinent case involving Bankruptcy Code Section 1129(a)(5) is *In re Rusty Jones, Inc.*, 110 B.R. 362 (Bankr. N.D.Ill. 1990). There, confirmation was denied because the continuation of current was inimical to the interest of present and future creditors.

14. Similarly, in *In re SM 104 Ltd.*, 160 B.R. 202 (Bankr. S.D.Fla. 1993) confirmation was denied because the debtor was unable to satisfy Bankruptcy Code Section 1129(a)(5). The court stated:

> In this case, the Debtor's plan proposes to reinstate the prepetition management structure of the Debtor. Thus, if the Debtor's plan were confirmed, Murphy once again would be put in full control of the Debtor, due to his ownership and control of SM Corporation, the Debtor's parent, and DM & R, the Debtor's management company. In light of Murphy's prepetition misconduct, this court views such a result as unacceptable. Murphy intentionally diverted funds from a lockbox, in complete disregard of two state court orders. Therefore, this court cannot be satisfied that Murphy will comply with any order entered by this court. Murphy is also responsible for serious misrepresentations in the Debtor's loan application to Riverside. He also made serious misrepresentations to EquiVest with respect to his chronic diversions of rents from the state court-ordered lockbox. Therefore, the court cannot be satisfied that Murphy will be truthful in his dealings with creditors. Furthermore, the accounting system used by Murphy to manage the Debtor, combined with his regular commingling of funds among the SM affiliates, was inexcusable and exposed the Debtor's creditors to significant risks. In view of his egregious misconduct, this court cannot approve Murphy's control of the affairs of the reorganized Debtor. The record makes it clear that Murphy is not qualified to manage the reorganized Debtor, both in terms of competence and honesty. Continued employment of Murphy would clearly be inconsistent with the interests of the Debtor's creditors and with public policy. Thus, the Debtor's plan must be denied confirmation under § 1129(a)(5).

160 B.R. 245-46.

15. *SM 104*, is instructive concerning the application of Bankruptcy Code Section 1129(a)(5). The allegations in this reorganization case are similar to those in *SM 104*.

16. As a matter of public policy, if a debtor's management has diverted funds and is responsible for the serious misrepresentations that are detrimental to the creditor body, then under Bankruptcy Code Section 1129(a)(5) debtor's management is precluded from continuing as management in the post-petition entity.

17. If the Debtor has concealed property of the estate; if the Debtor has diverted funds; and if the Debtor has made misrepresentations under oath, then, pursuant to Bankruptcy Code Section 1129(a)(5), this Court should deny confirmation of a plan of reorganization proposed by the Debtor.

18. Equally important, if the Debtor is found to have engaged in malfeasance significant enough to preclude confirmation under Bankruptcy Code Section 1129(a)(5), then this Court should not confirm any plan of reorganization proposed by the Debtor in the affiliated cases.

19. The Debtor's alleged malfeasance warrants an independent investigation because of the importance of Bankruptcy Code Section 1129(a)(5) in this Chapter 11 case and the affiliated Chapter 11 cases.

20. Another important aspect of Bankruptcy Code Section 1129(a)(5) is Mr. Musa Eljamal, the Debtor's father.

21. There are serious allegations that Mr. Musa Eljamal has assisted the Debtor in the diversion of assets. There are serious allegations concerning the lack of veracity of Mr. Musa Eljamal's sworn testimony in the Yonkers Snack Mart Chapter 11 case.

22. Mr. Musa Eljamal has appeared as a witness in the Yonkers Snack Mart, MS Scarsdale, and MS Elmsford Chapter 11 cases.

23. It is important for there to be an independent investigation concerning Mr. Musa Eljamal's role in these Chapter 11 cases; whether Mr. Musa Eljamal has committed malfeasance; and whether Mr. Musa Eljamal has aided and abetted the Debtor in engaging in malfeasance.

24. Mr. Musa Eljamal's fitness as an officer is central to the affiliated Chapter 11 cases.

25. Given the importance of Bankruptcy Code Section 1129(a)(5) to the confirmation process, it is vital that the allegations of malfeasance by the Debtor and Mr. Musa Eljamal be addressed in an Examiner's report. The Debtor should support a thorough investigation of his actions in this reorganization case.

### BANKRUPTCY CODE SECTION 727(a)(2)

26. Bankruptcy Code Section 727(a)(2) states:

    (a) The court shall grant the debtor a discharge, unless—

    * * * *

    (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

    (A) property of the debtor, within one year before the date of the filing of the petition; or

    (B) property of the estate, after the date of the filing of the petition;

    11 U.S.C. §727(a)(2).

27. There are serious allegations concerning the diversion of funds and the concealment of property of the estate.

7

28. If the serious allegations concerning the diversion of funds and the concealment are true, then the Debtor should be denied a discharge. *Marrama v. Citizens Bank of Massachusetts (In re Marrama)*, 445 F.3d 518 (1st Cir. 2006); *Marcus v. Marcus (In re Marcus)*, 45 B.R. 338 (Bankr. S.D.N.Y. 1984).

29. An investigation is warranted to determine whether the Debtor qualifies for a discharge under Bankruptcy Code Section 727(a)(2).

30. If the Debtor has violated Bankruptcy Code Section 727(a)(2), then pursuant to Bankruptcy Code Sections 1129(a)(3) and 1129(a)(5) he should not be permitted to confirm a plan of reorganization in this reorganization case and the affiliated reorganization cases.

## **BANKRUPTCY CODE SECTION 727(a)(4)(A)**

31. Bankruptcy Code 727(a)(4)(A) states:

    (a) The court shall grant the debtor a discharge, unless—

    * * * *

    (4) the debtor knowingly and fraudulently, in or in connection with the case—

    (A) made a false oath or account;

    11 U.S.C. §727(a)(4)(A).

32. There are serious allegations that the Debtor might have engaged in perjury.

33. If the Debtor has engaged in perjury, then he should not receive a discharge. *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir. 1984).

34. If the Debtor has engaged in perjury, then he also should be precluded from confirming a plan of reorganization in this reorganization case and the affiliated reorganization cases.

## THE APPOINTMENT OF A TRUSTEE

35. An examiner will help this Court and the interested parties to determine whether the Debtor should be displaced and whether a trustee should be appointed.

36. If the Committee's allegations are true, then a trustee should be appointed because it will be evident that the Debtor cannot confirm a plan of reorganization because of his malfeasance in this reorganization case and the affiliated reorganization cases.

## LEGAL ARGUMENT

37. Bankruptcy Code Section 1104(c) authorizes the appointment of an examiner, and it states:

> **(c)** If the court does not order the appointment of a trustee under this section, then at any time before the confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of an examiner to conduct such an investigation of the debtor as is appropriate, including an investigation of any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor, if—
>
> **(1)** such appointment is in the interests of creditors, any equity security holders, and other interests of the estate; or
>
> **(2)** the debtor's fixed, liquidated, unsecured debts, other than debts for goods, services, or taxes, or owing to an insider, exceed $5,000,000.

11 U.S.C. § 1104(c).

38. The appointment of an examiner is appropriate when there is an important issue that needs investigation in a Chapter 11 case. *See*, *In re Michigan Biodiesel, LLC*, 466 B.R. 413 (Bankr. W.D.Mich. 2011)(examiner appointed to report on tax and energy issues).

39. One court has made the following observations concerning the appointment of an examiner:

9

> An examiner "typically investigate[s] the debtor's business and handle[s] other duties specifically assigned by the bankruptcy court, but do[es] not replace the debtor in possession in handling the day-to-day affairs of the business." *United States v. Schilling (In re Big Rivers Elec. Corp.)*, 355 F.3d 415, 422 (6th Cir.2004). The examiner's investigation usually focuses on alleged fraud, dishonesty, incompetence, misconduct, mismanagement, or other irregularities. See 11 U.S.C. § 1104(c).

*In re Gliatech, Inc.*, 305 B.R. 832, 835 (Bankr. N.D.Ohio 2004).

40. A pertinent case involving the appointment of an examiner is *In re JNL Funding Corp.*, 2010 WL 3448221 (Bankr. E.D.N.Y. 2010). There, Judge Trust granted the motion to appoint an examiner in a highly contentious case. The case was filed with acrimony, motion practice and discovery disputes. There were allegations of pre-petition improprieties committed by the debtor's principal. The court stated:

> Thus, Section 1104(c)(1) is satisfied here. Appointment of an examiner is in the interests of creditors and the estate, as such appointment allows for a thorough, independent, and expeditious examination to be made into serious allegations. Such appointment also potentially avoids the excessive expense to the estate and all parties of attempting to schedule and conduct sixty-nine depositions across the continental United States and prepare for a trial on the Trustee Motion. These savings to the estate and all parties will be enhanced by a further stay of discovery related to the Trustee Motion, as well as by harnessing the work product and analysis of RAS and Marcum regarding the allegations underlying the Trustee Motion.

*Id.* at *3.

41. The circumstances of this Chapter 11 case are more compelling for the appointment of an examiner. There are numerous serious allegations of pre-petition and post-petition malfeasance. There are serious allegations of diversion of funds, concealment of assets and perjury that permeate this reorganization case and affect the affiliated reorganization cases.

42. As in *JNL Funding Corp.*, the appointment of an examiner will be beneficial for all parties.

43. Under these circumstances, cause exists for the appointment of an examiner.

## **CONCLUSION**

44. For all of the reasons set forth herein, the Motion of the United States Trustee for the Appointment of an Examiner should be granted.

Dated: Yonkers, New York
August 29, 2016

        Respectfully submitted,

        CARLOS J. CUEVAS, ESQ.
        Attorney for New York Fuel Distributors, LLC; Metro NY Dealer Stations, LLC; JMM Fuelco, LLC; and Weil Family II LLC

        By: /s/ Carlos J. Cuevas
           Carlos J. Cuevas
           1250 Central Park Avenue
           Yonkers, New York 10704
           Tel. No. 914.964.7060