BRONSON LAW OFFICES, P.C.
COUNSEL FOR YONKERS CENTRAL
AVENUE SNACK MART, INC.
480 Mamaroneck Ave.
Harrison, NY 10528
914-269-2530
H. Bruce Bronson

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In Re:

                                                                     Case No.  15-22872 (RDD)

SAMMY ELJAMAL,
                Debtor,                Chapter 11

--------------------------------------------------------x

**STATEMENT OF YONKERS CENTRAL AVENUE SNACK MART, INC.
OPPOSING THE APPOINTMENT OF AN EXAMINER PURSUANT TO
<u>SECTION 1104 OF THE BANKRUTCY CODE</u>**

**TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE**

Yonkers Central Avenue Snack Mart, Inc. ("Yonkers"), a wholly owned corporation of the Debtor, by and through its attorney, Bronson Law Offices, P.C. for its statement with respect to the motion of the United States Trustee ("UST") for the Appointment of an Examiner (the "Motion") respectfully represents:

1. The Motion should be denied. Appointment of an examiner would merely be an additional cost that the Debtor would be required to incur after having been investigated by the official committee of unsecured creditors (the "Committee") and having complied with all the requirements of Chapter 11 since Debtor's filing on June 18, 2015.

2. The propriety of the appointment of an examiner in the Debtor's case has been thoroughly discussed by counsel to the Debtor and counsel to Musa ElJamal in their opposition to an examiner filed on the docket. This statement is limited to issues directly involving Yonkers or allegations made relating thereto. An examiner would likely cost Yonkers tens of thousands of dollars that would be needlessly spent in supplying information that has already been supplied and discussed through the Chapter 11 process.

3. In their comments supporting the appointment for an examiner, the Committee alleged that there was uncertainty regarding the ownership of Yonkers. It is correct that in Yonkers's initial filing Musa ElJamal and Sammy ElJamal were listed as 50% shareholders. The percentage interest was immediately revised once the undersigned had sufficient time to scrutinize the corporate papers of Yonkers, rather than rely upon assumptions by Yonkers's staff. The Committee still questions the corrections that were made to Yonkers bankruptcy filing which reflect Sammy ElJamal as the 100% shareholder of Yonkers.[1] It is unfathomable as to why the Committee is still questioning a revision which is accretive to the Debtor, increasing the value of his estate, rather than diminishing it. The attached Declaration clearly demonstrates that Yonkers took the appropriate corrective measures to amend its filings and tax returns once the issue was discovered.

4. In their statement in support of an examiner, the Debtor's chief adversary James Weil and his LLC's made a number of unfounded accusations; namely "that Mr.

---

[1] Attached hereto as Exhibit A, sans exhibits, is the Declaration of Musa ElJamal (the "Declaration") correcting certain matters that were improperly stated in the initial emergency bankruptcy filings.

2

Musa ElJamal has assisted the Debtor in the diversion of assets" and "the lack of veracity of Mr. Musa ElJamal's sworn testimony in the Yonkers Snack Mart Chapter 11 case." They first made these allegations over a year ago, but they have not produced any evidence to support the accusations despite extensive discovery in all actions. While it was evident that Musa ElJamal was very nervous at the 341 meeting under the withering questioning of both Messers. Kraut and Cuevas, there is no indication that he was not truthful in his statements to the best of his ability under the circumstances. Further, although Musa ElJamal has a perfect command of the common English language, in the formality of the Bankruptcy proceeding, it was sometimes difficult for him to understand the legally oriented questions posed. Under the circumstances Mr. Musa ElJamal performed admirably and stated the truth based on his understanding of the questions. Indeed, when Yonkers's counsel attempted to clarify either questions or answers, he was instructed to refrain from explaining or clarifying the record. In short there is nothing for an examiner to examine in this instance that has not already been put under a microscope by NYFD, its counsel and the UST.

5. In conclusion the appointment of an examiner will only further exhaust funds of Yonkers that could be used to fund the Debtor's Chapter 11 plan. The support by the Committee and NYFD is disingenuous and designed to further pressure the Debtor on issues that have no merit. Respectfully, this Court should use its

discretion to deny appointment of an examiner at this time.

Dated: September 9, 2016
Harrison, NY 10528

                **BRONSON LAW OFFICES, P.C.**

                /s/: H. Bruce Bronson
                H. Bruce Bronson, Esq.
                Counsel to the Debtor
                480 Mamaroneck Ave.
                Harrison, NY 10528
                hbbronson@bronsonlaw.net