UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

SAMMY ELJAMAL,

        Debtor.

Chapter 11

Case No. 15-22872 (RDD)

AFFIDAVIT OF BRENT COSCIA, AS CHAIRPERSON OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, IN RESPONSE TO OBJECTIONS
TO MOTION OF THE UNITED STATES TRUSTEE FOR THE APPOINTMENT OF
AN EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE

STATE OF NEW YORK      )
                                       ) ss:
COUNTY OF WESTCHESTER  )

        BRENT COSCIA, being duly sworn, deposes and says:

        1.    I am a member and the chairperson of the Official Committee of Unsecured Creditors (the "Committee") of Sammy Eljamal ("Sammy"), and the largest creditor in this bankruptcy case. I submit this affidavit in support of the Committee's response to the objections filed by Sammy, Musa Eljamal (Sammy's father), and Yonkers Central Avenue Snack Mart, Inc. (Sammy's company) to the motion of the United States Trustee (the "UST") for the appointment of an examiner. As detailed in the Committee's original statement with respect to the UST's motion (Dkt. No. 283), and the Committee's response (filed with this affidavit), the Committee supports the UST's motion for an examiner, as the Committee believes that an examiner is the most effective way of moving this case forward.

        2.    First and foremost, I am well aware of my fiduciary duty as a member and chairperson of the Committee to act in the best interest of all creditors of the estate. It is ironic that Sammy claims that *I* have not adhered to my responsibilities, in light of his failure to (i) present settlement offers during the *months* of mediation with the Committee, (ii) prepare a plan

4549827.2

to exit bankruptcy, and (iii) be transparent about his finances. On top of that, Sammy continues to harass members of the Committee, their families, and their employees, something that is all too familiar to me.

3. I have not involved myself with Sammy's affairs willingly. The only reason I am involved with this case is because Sammy (with Bryan Orser's assistance) filed a false police report against me, leading to my arrest and a criminal trial (at which I was obviously found not guilty). Sammy also "spoofed" my cell phone, Orser destroyed property in my office, and I was physically attacked. While I am familiar with Sammy's M.O., it is still shocking that after all this, *I* am the one who must file an affidavit defending myself, while Sammy simply continues to toss out baseless allegations against me, my lawyers, James Weil, the Committee and its counsel, the UST, an examiner that has not even been appointed yet, and anyone else that gets in his way. Sammy is no victim, but unfortunately, he has left many – like me – in his wake.

4. Contrary to the claims in the oppositions to the examiner motion, I have not "abdicated" my role as chairperson of the Committee. To the contrary, I participate in all major Committee decisions either directly or through my retained counsel upon instructions from me. As only one recent example, I provided suggestions of items that could be investigated by the examiner (which were incorporated into the Committee's statement filed last month). To be clear, these were my suggestions based upon my personal experience with Sammy and not the result of anybody else's purported control over me.

5. While my attorneys at Oxman Law Group, PLLC (the "Oxman Firm") are, of course, authorized to act on my behalf, I am aware of, and approve of, the actions they have taken on my behalf. I have, and continue to, follow the developments in this matter, and ensure that my opinions are communicated to the Committee and its counsel. With all due respect to the

2

Pg 3 of 5

lawyers at the Oxman Firm and Otterbourg, I do not think the fact that I do not enjoy spending my days calling lawyers about Sammy, and whatever his latest hijinks are, can reasonably be held against me.

6. In his opposition to the UST's motion, Sammy has, for the umpteenth time, stated that I am indebted to Mr. Weil for litigation expenses, and repeated the accusation that Mr. Weil "owns" my claim in this bankruptcy case. As noted time and time again, I have never hidden the fact that New York Fuel Distributors advanced payment for legal and expert witness fees in the criminal trial against me. Sammy's claim that I have sold my bankruptcy claim to Mr. Weil is simply false. As with every other time Sammy raised this allegation, he has not set forth a single shred of evidence to support it, and, yet again, fails to name those so-called individuals who have provided this (non-existent) information to him about this (non-existent) arrangement. Although Sammy claims he requires information concerning the financial relationship between Mr. Weil and me to lay his "concerns" to rest, I do not understand how I can produce information that does not exist.

7. Sammy and I have been in discussions regarding the possible resolution of my claim. These discussions are outside my role as a member of the Committee. No agreement has yet been reached, but I do not see how Sammy can continue to argue that Mr. Weil controls me or my claim when I am solely responsible for approving any settlement of my claim.

8. Further, while Sammy suggests that Orser and I could effectively work together, I am strongly opposed to the appointment of Orser as a Committee member. My position is not only based upon Orser's past harassment of me, but also because he recently sued me for abuse of process (*Orser v. Coscia,* Greene Co. Index No. 0021/2016). While I was successful in having his case dismissed, the hostility between Orser and me continues. Further, Orser is hopelessly

3

conflicted with Sammy. Orser is the Debtor's confidante; always by his side. Placing Orser on the Committee would be tantamount to placing Sammy on the Committee.

9. Finally, I would like to address a number of other comments contained in the various objections to the UST's motion:

    a. Sammy and his surrogates claim that the Oxman Firm is ethically conflicted from representing me because they also represent Mr. Weil and/or his entities. I trust my attorneys to do their jobs properly and act appropriately to avoid any conflicts concerning their representation of me. I have seen no indication that they are conflicted.

    b. The oppositions contain other baseless accusations about the Committee and the claim that Mr. Weil "controls" me. It is my understanding that after reviewing the various letters submitted by Mr. Burchetta (supposedly on behalf of Orser), Sammy, the Committee, JMM Fuelco, LLC (submitted by its attorney, Jonathan D. Kraut of Harfenist Kraut & Perlstein LLP) and me, the UST elected to take no action in response to these baseless allegations. I am confident that if an examiner were to "investigate" the Committee, the UST would adhere to its earlier decision.

    c. I am aware of one formal written plan proposal provided to the Committee by Sammy, but this proposal was made only following months of mediation, bore no relationship to the proposal that the Committee was lead to believe would be forthcoming, and, in my opinion, showed that the Debtor has no interest in working with the Committee to find an agreeable exit from bankruptcy.

    d. Sammy claims that CMS and he "have been working on an accounting in the context of the CMS action." While I am aware that Ms. Penachio previously suggested to the Committee that she could procure an accounting of CMS, no such

4

accounting has ever been provided to the Committee.

10. The Committee has filed a plan of reorganization and is fully prepared to move this case forward, but our efforts have been resisted by Sammy at every turn. At this stage, it is the belief of the Committee that the only way to proceed is to have an examiner appointed to continue the Committee's investigations and lay to rest the accusations Sammy has made against the Committee. The Committee looks forward to working with an examiner and is happy to provide any documents and to address any claims presented by Sammy. As a member and Chairperson of the Committee, I fully support these efforts.

WHEREFORE, it is respectfully requested that this court grant the UST's motion for the appointment of an examiner in this bankruptcy case.

_____
BRENT COSCIA

Sworn to before me this
13th day of September, 2016

_____
Notary Public

LOIS N. ROSEN
NOTARY PUBLIC, State of New York
No. 4720985
Qualified in Westchester County
Commission Expires August 31, 20 18

5