UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In RE:  SAMMY ELJAMAL                             CHAPTER 11

                                                               Case Number: 15-22872 (RDD)

a/k/a SAMMY El Jamal

-------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO MOTION TO COMPEL DIRECTING
ESCROW AGENT TO PAY BROKERAGE COMMISSION**

JON HOLDEN ADAMS an attorney duly admitted to practice before this court, affirms the following under the penalties of perjury:

1. I am of counsel to Corbally, Gartland and Rappleyea, LLP, escrow agents for the proceeds of sale from the sale of the Best Rents Yorktown property in which debtor El Jamal was a 50% member of the limited liability company which owned the parcel.

2. I make this affirmation in opposition to the relief sought by Gershner Realty Services ("GRS") by its letter dated August 8, 2016 and by SCS Real Estate Development LLC ("Development") by its cross-motion dated September 1, 2016 seeking release of escrow funds to pay a real estate brokers commission alleged due to GRS and Development.

1

3. I am fully familiar with the facts and circumstances surrounding this sale of the Best Rents Yorktown property as I acted as counsel to the seller in that transaction.

4. This motion should be denied on both procedural and substantive grounds.

5. No claim has been made by Development against Best Rents for a real estate commission. By contrast, an action is presently pending in Supreme Court, Westchester County by another entity, SCS Retail Real Estate Ltd. ("Retail"), which entity has the same Armonk address as Development. A copy of the complaint in that action is annexed as Exhibit "A." That action was commenced in January 2013 but has not been prosecuted by the plaintiff beyond the pleading stage.

6. While both Development and Retail have the same Armonk address and presumably had the same principal (Marshall Winston), it is doubtful that both entities simultaneously held a brokerage commission.

7. The complaint in the Westchester action contains a judicial admission made by Retail that it was a broker for the conveyance of the Best Rents Yorktown property.

8. The Westchester complaint alleges at paragraph 9 that the written agreement by which Retail is entitled to a commission from Best Rents is a

November 16, 2009 contract, being the same agreement annexed to and incorporated in Development's cross-motion.

9. Paragraph 28 of Best Rents' contract of sale annexed to the cross-motion states that any compensation to be paid to a broker is made pursuant to a written agreement. However, no written agreement for a brokerage agreement exists between Best Rents and Development, and the moving papers of Development make no claim of a written agreement between Best Rents and itself.

10. The written agreement dated November 16, 2009 attached to the moving papers is a brokerage agreement prepared by Gershner Realty Services with the debtor, Sammy Eljamal.

11. The Gershner agreement lists approximately 17 properties which Eljamal presumably had an interest; given the same, the agreement clearly was one between Eljamal individually and Gershner.

12. The November 16, 2009 agreement does not purport to have been written on behalf of any third parties nor does it state it was intended to be an agreement other than between Eljamal and Gershner.

13. Eljamal signed the agreement solely in his individual capacity and not in a representative capacity.

3

14. The Gershner agreement is also dated ten months after the real estate contract rather than contemporaneously with the real estate contract. This substantial gap in time between the two events precludes a linkage between the two.

15. A rule of strict construction attaches to a real estate brokerage agreement requiring that the terms must be strictly construed against the broker preparing the agreement (*Eastern Consolidated Properties Inc. v Adelaide Realty Corp.*, 95 NY2nd 785 (2000); *Graft v. Billet*, 64 NY2d 899, 901 (1985). Upon information and belief, this rule of construction prevents the terms of that agreement from being extended beyond the stated terms and four corners of that agreement to third parties as implicitly sought by movant.

16. Best Rents is a limited liability company with two co-equal members and is governed by a Board of Directors. Its members had no individual management authority. Gershner was fully aware of the same as he interacted frequently with the other member of Best Rents, Majed Nesheiwat.

17. Development also seeks a commission from Best Rents for a property at 3220 Crompond Road in Yorktown, a property owned by an individual known as Lahey which was adjacent to the Bests Rents Property. El Jamal,

4

who had a fiduciary obligation to Best Rents had no unilateral authority to obligate Best Rent to pay a commission not in furtherance of the business activities of Best Rents.

18. Development was not the procuring cause of the conveyance. The agreement was negotiated between the principals of the two entities and their attorneys. At best Winston served a limited role of providing an introduction of the purchaser to Eljamal. Recent appellate authority suggests that a broker having such a casual relationship does not earn a real estate commission (*SPRE Realty v. Diens*, 119 AD3d 93, 93-98 (2014).

19. Absent any written agreement between Best Rents, GRS and Development, said entities have no claim for a brokerage commission from Best Rents.

20. The Motion and Cross-Motion should be denied and Best Rents should be permitted to release from the escrow funds held for the 'Winston" commission and payment of legal expenses associated with this motion.

Dated: Poughkeepsie, New York
       September 16, 2016

                              /s/ Jon Holden Adams
                              Jon Holden Adams