Penachio Malara LLP
Counsel to the Debtor
235 Main Street
Suite 610
White Plains, NY  10601
(914) 946-2889

Stenger, Roberts, Davis & Diamond, LLP
Proposed Special Counsel to the Debtor
1136 Route 9
Wappingers Falls, NY  12590
(tel) 845-298-2000 ext. 138
(fax) 845-298-2842

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re                                                                      :
                                                                           :     CHAPTER 11
 SAMMY ELJAMAL,                                                            :
                                                                           :     CASE NO.: 15-22872(RDD)
                                                           Debtor.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                                           :
                                                                           :
SAMMY ELJAMAL,                                                            :
                                                                           :     ADV. PRO. NO.:
                                    Plaintiff,                            :
                                                                           :
     -against-                                                            :
                                                                           :
MAJED NESHEIWAT a/k/a MITCH NESHEIWAT and        :
BEST RENT PROPERTIES 202, LLC, and                        :
JON HOLDEN ADAMS,                                                 :
                                                                           :
                                    Defendants.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## COMPLAINT

**SAMMY ELJAMAL** , the debtor and plaintiff in the above-referenced proceedings

herein (the  "Debtor" or the "Plaintiff"), by and through his attorney,  **PENACHIO MALARA LLP,**

1

and **STENGER, ROBERTS, DAVIS & DIAMOND, LLP** which is acting as special litigation counsel brings this action against **MAJED NESHEIWAT a/k/a MITCH NESHEIWAT** ("Nesheiwat or "Defendant"") and **BEST RENT PROPERTIES 202, LLC** ( "Company" or "Defendant') and **JON HOLDEN ADAMS** ("Adams" or Defendant")and respectfully represents as follows:

## The Parties

1.    Plaintiff is an individual with a principal place of business at 25 Saint Charles Street, Thornwood, New York  10594.  He is a Debtor in the within Chapter 11 proceeding.

2.    Defendant Neishiwat is an individual residing at  989 Noxon Road, LaGrangeville, NY 12540  and with a principal place of business at 785 Broadway, Kingston, NY  12041.

3.    Defendant Company is a limited liability company duly formed and existing under the laws of the State of New York since December 15, 2005.

4.    Defendant Adams is an individual with a principal place of business at 35 Market St., Poughkeepsie, NY   12601 and attorney for Defendant Company since its formation in 2005.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Bankruptcy Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 157(a) and (b) and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States Bankruptcy Court for the Southern District of New York as periodically amended.

6.    This complaint is brought, inter alia, under Sections 105 and 541 of the Bankruptcy Code, applicable common law, and the general equitable powers of the Bankruptcy Court.   This complaint is also brought under Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure and applicable Local Rules promulgated for this jurisdiction.  This proceeding is a core proceeding under 28 U.S.C. §  157(b)(2)(A) and (E). Venue of this action is proper in the Bankruptcy Court in this District pursuant to 28 U.S.C. § 1409(a).

## PERTINENT FACTS

7.      At its formation, the Company was owned by Plaintiff as its sole 100% member.

8.      Pursuant to a Membership Purchase Agreement dated November 2006, Defendant Nesheiwat purchased a 50% membership interest in the Company from Plaintiff Eljamal. (A copy of the Membership Purchase Agreement is annexed hereto as Exhibit A and is incorporated herein by reference).

9.      In exchange for gaining admission to the Company and obtaining a 50% membership interest therein, Defendant Nesheiwat agreed, among other things, that if the Company sold its real property prior to being developed (see Exhibit A, Schedule B thereto), Plaintiff Eljamal would be entitled to retain $350,000.00 from the proceeds of any such sale before the net proceeds were distributed to the parties as members. (See Exhibit A, Section 6.08[b]).

10.     Specifically, Section 6.08(b) of the Membership Purchase Agreement reads as follows: "If an existing option held by Stansberry Development LLC dated August 15, 2006 is exercised before any construction activity commences **or** if the company sells the Property before development work, the Seller shall be entitled to retain $350,000.00 from the proceeds or sale before the net proceeds are distributed to the parties as members" [emphasis added].

11.     In 2010, litigation ensued between Plaintiff and Defendant Nesheiwat concerning the proposed buyer and proposed sale price of the Company's real property.

12.    In 2014, Plaintiff and Defendant Nesheiwat entered into a Stipulation of Settlement, agreeing to reduce the proposed purchase price from $6,000,000.00 to $4,900,000.00 in order to maintain an existing contract of sale for the Company's real property.

13.    Plaintiff and Defendant Nesheiwat's settlement agreement further provided that the $1,100,000.00 price reduction would be absorbed by them in the following manner:  The $1.1 million reduction would be imposed at the ratio of 63% on Plaintiff (approx.. $693,000.00) and 37% on Defendant Nesheiwat (approx.. $407,000.00), and that the first $286,000.00 of future payments paid by the buyer to escrow (i.e., the difference between $693,000.00 and $407,000.00) would be distributed to Defendant Nesheiwat from the escrowed sale funds.

14.    The 2006 Membership Purchase Agreement was not extinguished by the settlement.  Plaintiff's right thereunder to receive $350,000.00 of sale proceeds prior to any proportional distribution of sale proceeds from escrow to Defendant Nesheiwat and Plaintiff as members was never extinguished.

15.    The property owned by the Company was sold on May 18, 2016. Upon information and belief, after the deduction of expenses, $286,000.00 of sales proceeds were paid to Defendant Nesheiwat and, thereafter, the proceeds were distributed between Defendant Nesheiwat and the Plaintiff.  The $350,000.00 owed by Defendant Nesheiwat to the Debtor was not paid from the proceeds prior to the payment to Defendant Nesheiwat in breach of the obligation of defendant Nesheiwat under the terms of the Membership Purchase Agreement.  That payment has never been made.

16,    By written demand dated October 12, 2016, pursuant to Section 6.06 of the Membership Purchase Agreement, Plaintiff demanded that Defendant Nesheiwat pay or otherwise

arrange for the transfer of $350,000.00 to Plaintiff by or before October 21, 2016 in accordance with Section 6.08(b) of the Membership Purchase Agreement.

17.    To date, Defendant Nesheiwat has failed or refused to respond to the demand or otherwise arrange for payment or transfer of funds.

## FIRST CAUSE OF ACTION – AN ACCOUNTING

18.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph "1" through "17" with the same force and effect as if full set forth at length herein.

19.    Defendant Adams has held, maintained and/or supervised the operation of Company fund and escrow accounts since the Company's formation in 2005.

20.    By letter dated September 30, 2016, by and through counsel, Plaintiff demanded that Defendant Company and Defendant Adams provide an accounting of the LLC's funds and accounts from January 1, 2006 to date.

21.    A copy of said demand was additional served upon Defendant Nesheiwat under cover of the demand letter dated October 12, 2016.

22.    By letter dated October 13, 2016, by and through counsel, Plaintiff Eljamal repeated his demand that Defendant Best Rent Properties 202, LLC and Defendant Jon Holden Adams provide an account of the LLC's funds and accounts from January 1, 2006 to date, on or before October 21, 2016.

23.    To date, neither Defendant Company nor Defendant Adams nor Defendant Nesheiwat has provided the requested accounting of Defendant Company's funds and accounts.

24.    At the time of the demand for an accounting, and at all times since, Plaintiff Eljamal has been and remains a 50% member of the Defendant Company.

25.    Members of a limited liability company are entitled to an equitable accounting under common law. Plaintiff Eljamal is entitled to a judgment directing an equitable accounting of the Company, to be performed at the Defendant Company's expense.

## SECOND CAUSE OF ACTION – BREACH OF AGREEMENT

26.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph "1" through "25" with the same force and effect as if full set forth at length herein.

27.    The Membership Purchase Agreement is valid a Plaintiff fully performed his obligations under the Membership Purchase Agreement and made Defendant Nesheiwat a 50% member of Defendant Company.

28.    Defendant Nesheiwat breached his obligations under the Membership Purchase Agreement by failing or refusing to pay or otherwise arrange for the transfer of $350,000.00 of sale proceeds to Plaintiff prior to receiving Defendant Nesheiwat's own distribution of $286,000.00 of sale proceeds and by failing or refusing to respond to Plaintiff's written demand for payment/transfer.

29.    As a result of Defendant Nesheiwat's breach, Plaintiff has been damaged in the amount of $350,000 and is entitled to recovery of same.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

30.    Plaintiff repeats and re-alleges the allegations set forth in Paragraph "1" through "29" with the same force and effect as if full set forth at length herein.

31.    Defendant Nesheiwat has been enriched at Plaintiff's expense.

32.    It is against equity and good conscience to permit Defendant Nesheiwat to retain the $286,000.00 in sale proceeds already received and any further distribution of sale proceeds in

the absence of compensation to Plaintiff Eljamal in the amount of $350,000.00 for Defendant

Nesheiwat's admission to the Defendant Company as member and business opportunities

therefrom.

33.    Accordingly, Defendant Nesheiwat has been unjustly enriched and Plaintiff has

been damaged in the amount of $350,000.00 and is entitled to recovery of same.

**WHEREFORE**, Plaintiff Eljamal demands judgment as follows:

(1) On the First Cause of Action, judgment as against Defendant Company, Defendant

Adams and Defendant Nesheiwat directing the performance of an equitable

accounting of Defendant Company, from January 1, 2006 to the present, to be

performed at the expense of the Defendant Company;

(2) On the Second Cause of Action, judgment as against Defendant Nesheiwat in the

amount of $350,000.00, plus interest pursuant to CPLR § 5001 from October 21, 2016

to the date of judgment in this matter;

(3) On the Third Cause of Action, judgment as against Defendant Nesheiwat in the amount

of $350,000.00; and

(4) On all Causes of Action, judgment as against Defendant Company and/or Defendant Nesheiwat for such other or further relief as the court may deem just and proper.

Dated:   White Plains, New York
         October 20, 2016

**Respectfully submitted,**

**PENACHIO MALARA LLP**

By:___ s/ Anne Penachio_____
     Anne Penachio
     Counsel for Debtor/Plaintiff
     235 Main Street
     White Plains, New York 10601
     (914) 946-2889