Melanie L. Cyganowski  
Richard G. Haddad  
OTTERBOURG P.C.  
230 Park Avenue  
New York, New York 10169  
Telephone: (212) 661-9100  
Facsimile: (212) 682-6104  

Hearing Date and Time: TBD

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SAMMY ELJAMAL,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-22872 (RDD) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO HOLD HAIFA ELJAMAL IN CIVIL CONTEMPT**

TO:    THE HONORABLE ROBERT D. DRAIN,
       UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Sammy Eljamal (the "Debtor"), by its undersigned counsel, submits this Motion to hold the Debtor's spouse, Haifa Eljamal, in civil contempt for her failure to respond to a Bankruptcy Rule 2004 subpoena served on her by the Committee. In support of its Motion, the Committee respectfully alleges the following:

**PRELIMINARY STATEMENT**

1.    Mrs. Eljamal has utterly ignored the Committee's efforts to obtain Rule 2004 discovery for over fifteen months. She refuses to respond to the simplest request. She should be held in contempt for failing to respond to the subpoenas served by the Committee, with which Mrs. Eljamal apparently never intended to comply.

2. As this Court is well aware, the Committee has been seeking documents from Mrs. Eljamal, and her examination, with respect to her assets individually, as well as the joint assets of both her and her husband, and transfers that may have been made from or to the Debtor. The Debtor has acknowledged that he assisted his wife in obtaining assets – solely in her name – to which he may have an interest. [*See* Dkt. No. 308, ¶ 12.] In addition, the Committee believes the Debtor has made additional transfers to his wife and/or has purchased assets in her name in an effort to hide and shield assets from creditors. As a result of Mrs. Eljamal's stonewalling, the Committee has received no information concerning the location and nature of assets held by Mrs. Eljamal in which the estate may have an interest.

## FACTUAL BACKGROUND

3. The facts warranting the issuance of an order holding Mrs. Eljamal in civil contempt are set forth in the accompanying Declaration of Richard G. Haddad (the "Haddad Decl."), and attachments thereto, to which the Committee respectfully refers the Court. In brief, the salient facts are as follows:

4. On July 30, 2015, the Committee filed a Motion for an Order Pursuant to Federal Rule of Bankruptcy Procedure 2004 Authorizing the Issuance of Subpoenas for the Production of Documents and Taking of Testimony from Haifa Eljamal by notice of presentment. (Haddad Decl. ¶ 2.) Although Mrs. Eljamal filed an objection to the motion, her then-counsel represented that Mrs. Eljamal would cooperate with the Committee's discovery efforts. (*Id.* ¶ 5.) The Committee met-and-conferred with Mrs. Eljamal's attorney for months, but Mrs. Eljamal did not produce the requested documents. After the Committee had adjourned the hearing on the motion multiple times, Mrs. Eljamal's attorney withdrew from her representation of Mrs. Eljamal without prior notice to the Committee. (*Id.* ¶ 6.) The Committee's Rule 2004 motion was finally

heard on November 20, 2015. This Court granted the motion, and subsequently entered an order authorizing the Committee to serve a Rule 2004 subpoena on Mrs. Eljamal. (*Id.* ¶ 7.)

5. After it became clear that Mrs. Eljamal was not going to retain subsequent counsel in this bankruptcy case, the Debtor's counsel informed the Committee that she was authorized to accept service of the Rule 2004 subpoena, and did in fact accept service on Mrs. Eljamal's behalf on March 24, 2016. (*Id.* ¶ 8, Ex. 1.)

6. The served Rule 2004 subpoena required that Mrs. Eljamal produce documents on April 8, 2016 and appear for an examination on April 15, 2016. (*Id.* ¶ 9, Ex. 1.) April 8th came and went, and Mrs. Eljamal did not produce a single document to the Committee. On April 14th, the day before her scheduled examination, Mrs. Eljamal e-mailed a letter to Committee counsel stating that she would not appear for her examination, and claimed to be in the process of obtaining counsel. (*Id.* ¶ 10, Ex. 2.) Committee counsel responded in approximately two hours by reminding Mrs. Eljamal of her dilatory tactics over the last eight months, the concessions that the Committee has made in an effort to cooperate with her, and that it would seek relief from the Court if Mrs. Eljamal or her attorney did not contact the Committee to further discuss Mrs. Eljamal's refusal to comply with the subpoena. (*Id.* ¶ 11, Ex. 3.) Mrs. Eljamal never responded to the Committee's letter. (*Id.* ¶ 12.)

7. Despite the passing of over six months since claiming she would obtain counsel and cooperate with the Committee, Mrs. Eljamal has made no effort to comply with the Committee's Rule 2004 subpoena.

# ARGUMENT

## I.

### MRS. ELJAMAL SHOULD BE HELD IN CIVIL CONTEMPT FOR HER FAILURE TO COMPLY WITH THE SUBPOENA

8. Bankruptcy Rule 9016, which applies Rule 45 of the Federal Rules of Civil Procedure to bankruptcy cases, provides that a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See also* 11 U.S.C. § 105(a); Fed. R. Bankr. P. 9020. An order of contempt is appropriate when "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.' It need not be established that the violation was willful." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645 (2d Cir. 2004) (citations omitted); *see* In re Corso, 328 B.R. 375, 385 (E.D.N.Y. 2005) (affirming bankruptcy court's contempt order for a creditor's failure to comply with Rule 2004 subpoena).

9. That standard is easily met here. Mrs. Eljamal refused to comply with the Court-ordered Rule 2004 subpoena, and has not made any effort to rectify her actions. Both the Court's order authorizing the Committee to serve the subpoena, and the subpoena itself, are clear and unambiguous. The dates for compliance are on the first page of the subpoena, and the subpoena clearly states the duties of a subpoena recipient and the risk of contempt for failing to comply.

10. The proof of noncompliance is indisputable: Mrs. Eljamal signed a letter, sent to the Committee, stating that she would not comply. She has, in fact, not complied with the Rule 2004 subpoena.

11. Finally, as Mrs. Eljamal has made *no* effort to comply with the Rule 2004 subpoena. Rather, Mrs. Eljamal has utterly disregarded the Rule 2004 subpoena, and an order of civil contempt is appropriate.

## II.

**HAIFA ELJAMAL SHOULD BE DIRECTED TO COMPLY WITH THE SUBPOENA AND PAY PENALTIES FOR EACH DAY THAT SHE REFUSES TO COMPLY**

12. As over fifteen months since the Committee originally filed its motion seeking a Rule 2004 subpoena, and over six months since the deadlines to comply with the served subpoena, have passed, the Court should order prompt compliance with the Rule 2004 subpoena and issue sanctions if Mrs. Eljamal continues her contemptuous conduct. Mrs. Eljamal's refusal to comply with the Rule 2004 subpoena, thereby forcing the Committee to make this motion, has added to the fees of Committee counsel, of which the Debtor has frequently complained. Sanctions are appropriate here. "Sanctions in civil contempt proceedings may be employed 'for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained.'" *Cohen v. Doyaga*, 2001 U.S. Dist. LEXIS 2787, *9-10 (E.D.N.Y. Mar. 9, 2001) (affirming $500 per day penalty imposed by bankruptcy court to compel debtor's spouse's compliance with Rule 2004 subpoena) (quoting *Local 28 of the Sheet Metal Workers' Int'l Ass'n v. EEOC*, 478 U.S. 421, 443 (1986)). In *Cohen*, similar to this case, particular creditors asserted that the debtor had unlawfully transferred his assets to his family members, and the trustee "sought discovery through Rule 2004 examination of [the debtor's spouse] to properly administer the bankruptcy estate, which necessary required an evaluation of [the debtor's] contentions that certain assets were owned by [his wife] and not by [the debtor]." The court noted that "[a] presumption exists that a debtor's spouse may not avoid discovery in a bankruptcy matter by relying on his or her non-party status," and in

5

particular, the debtor's wife "should not be permitted to rely on her non-party status to frustrate discovery efforts by the trustee." *Id.* at *8.

13. The Committee proposes that it would be appropriate to provide for a "cure period" of 14 days for Mrs. Eljamal to produce documents responsive to the Rule 2004 subpoena, and an additional 7 days after production to appear for an examination. If Mrs. Eljamal does not fulfill her obligations within the cure period, it would be appropriate to impose a penalty of $250.00 per day for the first ten (10) days following the expiration of the cure period and $500.00 per day for each day thereafter until she produces all responsive documents and sits for her examination.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order holding Haifa Eljamal in civil contempt, and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 3, 2016

By: *s/ Richard G. Haddad*
      Richard G. Haddad
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
(212) 661-9100

*Counsel to the Official Committee of Unsecured Creditors of Sammy Eljamal*

6