**BARR & MORGAN**
Counsel for Musa Eljamal
22 Fifth Street
Stamford, CT 06905
(203) 356-1595

John J. Morgan

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
In re

                CHAPTER 11

SAMMY ELJAMAL,         Case No. 15-22872
(RDD)

Debtor

---------------------------------------X

## OMNIBUS REPLY TO MEMORANDA IN OPPOSITION TO MOTION TO DISQUALIFY OXMAN LAW GROUP

  The undersigned on behalf of Musa Eljamal hereby replies to the multiple Memoranda filed in opposition to his Motion to Disqualify Marc Oxman and the Oxman Firm from further involvement in this matter as more particularly set forth in his motion dated January 18, 2017. The undersigned apologizes, in advance, for the serial nature of the reply, however it seems preferable to multiple pleadings.

  For the reasons set forth therein and for the further reasons set forth below, Mr. Eljamal respectfully submits that his motion should be granted and the objections should be overruled. None of the objections are sufficient to overcome the obvious multiple conflicts in this matter. In support, Mr. Eljamal submits as follows:

  1.  In response to Committee counsel's objection dated January 31,

2017 (Doc #443) the undersigned notes that the objection fails to address the obvious conflicts in the matter. It also fails to even consider the adverse effect Mr. Oxman's ongoing representation of multiple parties is having upon the ability of the Committee, its counsel and the Court to adequately adjudicate the subject bankruptcy. Therefore, since Committee counsel's objection fails to even address the seminal issue raised by the Motion, it should be considered a nullity by the Court.

2. To the extent that Committee counsel's opposition is considered at all, we respectfully submit it should be rejected it asserts only one irrelevant proposition namely, the Oxman Firm continues to represent Brent Coscia. That statement misses the entire point. Taken in the light most favorable to Mr. Oxman's continued involvement in the matter, his continued representation of Coscia merely demonstrates a tangible application of the "hot potato rule". The Committee is almost explicitly endorsing Oxman's decision to represent Coscia in addition to, or instead of, his other clients. We submit that decision is explicitly precluded by the ethical rules and per se disqualification applies. See original Memorandum at pages 9-11.

3. The rather perfunctory declaration filed by Attorney Robert Rattet (Doc. #444) is also insufficient to defeat the motion. Mr. Rattet merely asserts that the appearances recorded by the New York State Unified Court System as reflected in Exhibit F to the original motion are incorrect. Taking that claim at face value, it remains insufficient because Oxman admitted in the Coscia opposition that he represented Silverman. (Doc. # 442 at para. 20, 25 and 20).

2

So, the declaration is limited to one, and only one, clamed error. It totally ignores all of the other conflicts conceded by Oxman.

4. The arguments proffered by Brent Coscia (Doc. #442 and Doc. #448) are also deficient on their face. In most cases, Oxman concedes the representation reflected in the public record. In other instances, Mr. Oxman makes incorrect or incomplete representations. Preliminarily, the Court should note Oxman's use of present and past tense. Careful examination demonstrates that in almost all cases, the movant's claims are 100% accurate.

5. That said, there are several instances where Oxman's representations are so deficient that one is forced to the conclusion that representations were made to deliberately mislead the Court. The opposition contains no affidavit or affirmation by any member of the Oxman firm. That is a remarkable omission. Given the questionable representations, one wonders whether the sole reason there was no affidavit or affirmation was provided was to avoid further sanctions.

6. In paragraph 9 of the opposition, Coscia asserts that the Oxman Firm is not representing New York Fuel Holdings nor Metro New York Dealer Stations nor New York Dealer Stations Management. That appears to be false. Even a cursory review of the ledger of those companies, demonstrates that the Oxman Firm collected in of $306,000.00 from those entities. Those payments continued well after the debtor's June 18, 2015 bankruptcy filing. The most recent payment is December 2016. (See Exhibit A) Furthermore, later in the opposition Coscia concedes Oxman represented those entities.

3

7.  Paragraphs 10, 20, 21 and 25 of the Coscia opposition explicitly admit that the Oxman Firm represented Leon Silverman, Wholesale Fuel Distributors-CT,LLC and Connecticut Dealer Stations LLC in the various proceedings pending prior to the bankruptcy.  That is precisely the point made in the original motion.  At best, these are all proceedings arising from the present series of transactions.  However, Oxman concedes that at least some of the conflicting representations are <u>ongoing and concurrent</u>.  Those proceedings are clearly and unambiguously substantially related to the same transaction in which the Oxman Firm has undertaken multiple roles. That is exactly the point made in the motion and is precisely the reason that per se disqualification rules exist.  Of further interest, the Court may note that paragraphs 10, 20 and 21 of the Coscia opposition contradict the declaration of Robert Rattet (Doc. #444) which asserts that the Oxman Law Group does not represent those entities.  Either Coscia, Rattet, or both of them, are incorrect.

8.  Paragraph 11 of the Coscia opposition flatly states that Porpora Realty was not represented by the Oxman Firm.  That is demonstrably false. The firm filed an appearance for Porpora. (See Exhibit B)

9.  The Coscia opposition represents at paragraph 12 that the Oxman Firm does not represent Gasland Petroleum Inc.  That is also demonstrably false. The Oxman Firm has represented and continues to represent Gasland in a number of proceedings. (See paragraph 18 and 19).  In fact, as recently as January 10, 2017, Mr. Oxman authored a letter in which he claims to represent Gasland Petroleum Inc. and in which he further <u>threatens to sue his client Robert</u>

4

Porpora Realty Corp. (See Exhibit C).

10. In paragraph 13, Oxman admits that it represents Amsterdam 181 Realty LLC. Of course they had to make that admission because they filed a proof of claim with respect to that entity. Further, cursory review of the New York Fuel Distributors financial record demonstrates that the Oxman Firm was paid an excess of $14,000.00 because of that entity as late as December 2016. (See Exhibit A). So obviously, it continues to represent those interests. Again, a concurrent representation.

11. Oxman, later explicitly admits that it represented Weil and the other defendants in the action entitled Eljamal v. Weil (paragraph 16 and 26). Although Oxman now claims that he no longer represents the defendants in that action, he cannot, and does not, deny the fact that he did represent them and that the matter is substantially related, indeed, inextricably intertwined, with this case.

12. In almost each and every instance, either Oxman admits the allegations of the movant's motion or his representations can be disproven. The firm represents or represented:

Coscia, New York Fuel Holdings, LLC, New York Fuel Distributors, LLC, Metro North Dealers, LLC, New York Dealers Stations, LLC, Leon Silverman, Wholesale Fuel Distributors-CT, LLC, Connecticut Dealer Stations, LLC, Gasland Petroleum Inc., Amsterdam 181 Realty, LLC and James Weil in litigation arising out the transactions in this case.

13. As a result, it is hard to fathom how any attorney could reasonably suggest that no conflict exists in this matter. At best, Mr. Oxman is attempting to

5

play a shell game regarding who he represents and when. This is exactly the kind of conduct which the rules were designed to prevent.

14. The information disclosed in these motions is only that information which is on the public record. Based on the number of strings which remain in Mr. Oxman's hand, it is nearly certain that he continues to perform attorney functions for many of these entities "off the record".

15. Mr. Oxman is exerting undue influence in this action. That influence is far from benign. Indeed, as reflected in his January 10, 2017 correspondence, he authored a letter threatening to sue one client on behalf of another client. That kind of conduct is, frankly, repulsive.

16. Oxman's abusive conduct continues in the later reply (Doc. #448) which continues to make misleading statements. For instance in paragraphs 13 and 14 of that reply, Oxman admits that he failed to disclose the numerous parties of who he represented in the transactions giving rise to the present bankruptcy and who he continues to represent in those transactions and in other things.

17. It appears that Oxman continues to serve as counsel to James Weil, Leon Silverman, Gasland Petroleum, Amsterdam Realty LLC, Brent Coscia and others. He as conceded as much in the original opposition (Doc. #442). Further, the ledgers obtained in discovery support the proposition that he was receiving payments from several of those entities as late as December 2016. Clearly, these conflicting relationships should have been disclosed.

18. At paragraph 15 of the reply, Oxman suggests that he is not using

6

confidential information to harm the debtors estate, and by implication everyone else. Of course, that entirely misses the point. He represented and continues to represent a whole slew of people in transactions which collectively gave rise to the instant bankruptcy. Even assuming the truth of his claim (a highly dubious assumption to say the least), by putting his thumb on the scale in favor of Brent Coscia, Oxman is, by definition, acting contrary to the interests of all his other clients. The suggestion that he can somehow "unknow" confidential information which he previously received from his clients is absurd. Clients have a right to expect that confidential information given to their attorney in the scope of representation will not later be used against them either directly, indirectly, or by misdirection. Mr. Oxman simply cannot make the claim that he is not using confidential information with a straight face. He has been inextricably intertwined with all aspects of this matter from the get go. He represents multiple conflicted parties. Indeed the conflicts are so pervasive that as late as January 10, 2017, Mr. Oxman threatened to sue one client on behalf of another. Any suggestion that this situation does not constitute an active conflict insults the intelligence of the Court.

## **CONCLUSION**

As set forth above, far from demonstrating a basis to overcome the Motion to Disqualify, the Coscia opposition concedes the necessary factual predicate. Mr. Oxman really has no other choice. The official record demonstrates that he has represented a multitude of parties with conflicting interests. He continues to represent multiple parties with conflicting interests. He has gone so far as to affix

his signature to a threatening letter between two clients. As set forth in the original motion, our Courts have adopted an absolute bar in a case of concurrent representation or representation where the transactions bear a substantial relationship to each other. It is absolutely undeniable that Mr. Oxman continues to concurrently represent parties with adverse interests. It is now also undeniable that the parties for whom he supposedly withdrew his services were involved in matters with a substantial relationship to the case at bar. Indeed, we submit they are identical or continuation actions in almost every case.

Given this factual predicate, we respectfully submit that it would be in abuse of discretion if the Court fails to disqualify Mr. Oxman. The conflicts are clear, substantially uncontested and malignant. As a result, we submit the Motion should be granted and the objections overruled.

Dated: Stamford, Connecticut
February 6, 2017

Respectfully submitted,

By:_____
John J. Morgan
Barr & Morgan
22 Fifth Street
Stamford, CT  06905
T. (203) 356-1595
F. (203) 504-8926
*Attorney for Musa Eljamal*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2017 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
John J. Morgan
Barr & Morgan

# EXHIBIT A

**AP Invoice Inquiry**  
For: Tue 01/31/2017

New York Fuel Distributors, LLC

Page: 1

| Site ID | Invoice Number | Entry Date | Invoice Date | Due Date | Gross Amt | Net Amt | Payment No | Payment Amt |
|---|---|---|---|---|---|---|---|---|
| Vendor: | OXMAN - OXMAN, TULIS, KIRKPATRICK, WHYATT & GEIGER | | | | | | | |
| 1 | Defamation | 10/08/13 p | 10/08/2013 | 10/08/2013 | 6,141.70 | 6,141.70 | 30020 | 6,141.70 |
| 1 | ElJamal vs NYFD | 10/08/13 p | 10/08/2013 | 10/08/2013 | 14.40 | 14.40 | 30020 | 14.40 |
| 1 | Interpleader | 10/08/13 p | 10/08/2013 | 10/08/2013 | 11,107.64 | 11,107.64 | 30020 | 11,107.64 |
| 100112 | 12780 | 11/06/13 p | 11/06/2013 | 11/06/2013 | 945.00 | 945.00 | 30093 | 945.00 |
| 1 | DEFAMATION OCT. | 11/26/13 p | 11/26/2013 | 11/26/2013 | 72.00 | 72.00 | 30135 | 72.00 |
| 1 | INTERPLEADER OCT | 11/26/13 p | 11/26/2013 | 11/26/2013 | 1,980.00 | 1,980.00 | 30135 | 1,980.00 |
| 100112 | 12792 | 12/19/13 p | 12/01/2013 | 12/01/2013 | 1,395.00 | 1,395.00 | 30253 | 1,395.00 |
| 1 | Interpleader Dec. 201: | 12/18/13 a | 12/18/2013 | 12/18/2013 | 3,218.87 | 3,218.87 | 30253 | 3,218.87 |
| 100112 | 12820 | 02/24/14 p | 02/01/2014 | 02/01/2014 | 1,215.00 | 1,215.00 | 30425 | 1,215.00 |
| 100112 | 12834 | 03/17/14 p | 03/17/2014 | 03/17/2014 | 2,970.00 | 2,970.00 | 30497 | 2,970.00 |
| 100112 | 12805 | 04/14/14 a | 04/14/2014 | 04/14/2014 | 2,970.00 | 2,970.00 | 30609 | 2,970.00 |
| 100112 | 12847 | 04/14/14 a | 04/14/2014 | 04/14/2014 | 585.00 | 585.00 | 30609 | 585.00 |
| 1 | DEFAMATION 3/31/1- | 04/24/14 a | 04/24/2014 | 04/24/2014 | 288.00 | 288.00 | 30649 | 288.00 |
| 1 | INTERPLEADER 3/31 | 04/24/14 a | 04/24/2014 | 04/24/2014 | 5,694.81 | 5,694.81 | 30649 | 5,694.81 |
| 1 | WEIL ET AL VS EL JA | 04/24/14 a | 04/24/2014 | 04/24/2014 | 19,105.00 | 18,913.95 | 30649 | 18,913.95 |
| 1 | 15201 | 10/14/14 p | 06/02/2014 | 06/02/2014 | 936.00 | 936.00 | 31133 | 936.00 |
| 1 | Defamation May 2014 | 06/11/14 a | 06/11/2014 | 06/11/2014 | 216.00 | 216.00 | 30778 | 216.00 |
| 1 | Weil et al adv Eljamal | 06/11/14 a | 06/11/2014 | 06/11/2014 | 3,867.33 | 3,867.33 | 30778 | 3,867.33 |
| 1 | 15353 INTERPLEADE | 09/04/14 p | 09/04/2014 | 09/04/2014 | 2,277.00 | 2,277.00 | 31032 | 2,277.00 |
| 1 | 15354 JAM VS WEIL | 09/04/14 p | 09/04/2014 | 09/04/2014 | 3,002.00 | 3,002.00 | 31032 | 3,002.00 |
| 1 | 15449 DEFAMATION | 09/04/14 p | 09/04/2014 | 09/04/2014 | 324.00 | 324.00 | 31032 | 324.00 |
| 1 | 15602 INTERPLEADE | 12/04/14 a | 10/02/2014 | 10/02/2014 | 2,442.38 | 2,442.38 | 31245 | 2,442.38 |
| 1 | 15201 | 10/08/14 p | 10/08/2014 | 10/08/2014 | 1,908.00 | 1,908.00 | | |
| 1 | 15201 | 10/08/14 p | 10/08/2014 | 10/08/2014 | 1,908.00- | 1,908.00- | | |
| 1 | 15603 | 12/04/14 a | 11/03/2014 | 11/03/2014 | 1,881.00 | 1,881.00 | 31245 | 1,881.00 |
| 1 | 15659 | 12/10/14 a | 12/10/2014 | 12/10/2014 | 576.00 | 576.00 | 31260 | 576.00 |
| 1 | 15732 | 01/19/15 a | 01/02/2015 | 01/02/2015 | 468.00 | 468.00 | 31336 | 468.00 |
| 1 | 15733 | 01/19/15 a | 01/02/2015 | 01/02/2015 | 2,756.00 | 2,756.00 | 31336 | 2,756.00 |
| 1 | 15810 | 02/19/15 p | 02/19/2015 | 02/19/2015 | 8,906.00 | 8,906.00 | 31423 | 8,906.00 |
| 1 | 15865 | 03/23/15 p | 03/10/2015 | 03/10/2015 | 14,129.00 | 14,129.00 | 31487 | 14,129.00 |
| 1 | INTERPLEADER MAF | 03/23/15 p | 03/10/2015 | 03/10/2015 | 3,636.00- | 3,636.00- | 31487 | 3,636.00- |
| 1 | 15998 | 05/28/15 a | 05/06/2015 | 05/06/2015 | 5,951.80 | 5,951.80 | 31674 | 5,951.80 |
| 1 | 15999 | 05/28/15 a | 05/06/2015 | 05/06/2015 | 17,688.05 | 17,688.05 | 31674 | 17,688.05 |
| 1 | 16104 | 12/07/15 p | 07/05/2015 | 07/05/2015 | 17,352.00 | 17,352.00 | 40468 | 17,352.00 |
| 1 | 16105 | 09/09/15 p | 09/08/2015 | 09/08/2015 | 8,349.16 | 8,349.16 | 40255 | 8,349.16 |
| 1 | jaw interpleader | 09/09/15 p | 09/08/2015 | 09/08/2015 | 216.00 | 216.00 | 40255 | 216.00 |
| 1 | AMSTERDAM BALAN | 12/07/15 p | 12/07/2015 | 12/07/2015 | 21,323.26 | 21,323.26 | 40468 | 21,323.26 |
| 1 | COSCIA/ELJAMAL | 12/15/15 p | 12/15/2015 | 12/15/2015 | 3,085.00 | 3,085.00 | 40491 | 3,085.00 |
| 1 | 16476 | 02/29/16 p | 02/02/2016 | 02/02/2016 | 4,932.00 | 4,932.00 | 40707 | 4,932.00 |
| 1 | 16477 | 02/29/16 p | 02/02/2016 | 02/02/2016 | 1,022.00 | 1,022.00 | 40707 | 1,022.00 |
| 1 | 16512 COSCIA BANK | 02/29/16 p | 02/02/2016 | 02/02/2016 | 11,952.00 | 11,952.00 | 40707 | 11,952.00 |
| 1 | 16578 | 04/25/16 p | 04/04/2016 | 05/04/2016 | 20,952.00 | 20,952.00 | 40862 | 20,952.00 |
| 1 | 16596 | 04/25/16 p | 04/04/2016 | 05/04/2016 | 1,472.00 | 1,472.00 | 40862 | 1,472.00 |
| 1 | 16533 COSCIA/SJM E | 04/13/16 a | 04/13/2016 | 04/13/2016 | 4,379.81 | 4,379.81 | 40809 | 4,379.81 |
| 138677 | 16537 | 04/13/16 a | 04/13/2016 | 04/13/2016 | 1,548.00 | 1,548.00 | 40809 | 1,548.00 |
| 1 | 16538 | 04/13/16 a | 04/13/2016 | 04/13/2016 | 1,548.00 | 1,548.00 | 40809 | 1,548.00 |
| 1 | 16711 | 06/20/16 a | 06/08/2016 | 06/08/2016 | 20,782.20 | 20,782.20 | 40983 | 20,782.20 |
| 1 | 16719 | 06/20/16 a | 06/08/2016 | 06/08/2016 | 8,112.00 | 8,112.00 | 40983 | 8,112.00 |
| 1 | 16929 GENERAL | 12/01/16 p | 11/03/2016 | 11/03/2016 | 12,200.80 | 12,200.80 | 41425 | 12,200.80 |
| 1 | 16940 | 12/01/16 p | 11/03/2016 | 11/03/2016 | 806.40 | 806.40 | 41425 | 806.40 |
| 1 | INTERPLEADER NOV | 12/01/16 p | 11/03/2016 | 11/03/2016 | 316.80 | 316.80 | 41425 | 316.80 |
| 1 | Weil-Coscia/Orser Lit | 12/01/16 p | 11/03/2016 | 11/03/2016 | 5,689.34 | 5,689.34 | 41425 | 5,689.34 |
| 1 | 181 REALTY | 12/14/16 a | 12/01/2016 | 12/01/2016 | 14,349.17 | 14,349.17 | | |
| 1 | ENFORCEMENT PRC | 12/14/16 a | 12/01/2016 | 12/01/2016 | 1,008.00 | 1,008.00 | | |
| 1 | INTERPLEADER BAL | 12/14/16 a | 12/01/2016 | 12/01/2016 | 396.00 | 396.00 | | |
| 1 | NYFD-GENERAL SEF | 12/14/16 a | 12/01/2016 | 12/01/2016 | 18,491.00 | 18,491.00 | | |
| 1 | WEIL&COSCIA/ORSE | 12/14/16 a | 12/01/2016 | 12/01/2016 | 7,111.67 | 7,111.67 | | |

Invoice Count: 57  
Total Unpaid: 41,355.84 / 41,355.84  
Total On Hold: 0.00 / 0.00  
Total Paid: 265,525.75 / 265,334.70  
Total Pending: 0.00 / 0.00  
Vendor Total: 306,881.59 / 306,690.54

Tue 01/31/2017  1:29p

API 7.1.02.08

# EXHIBIT B

OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER, LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900
(914) 422-3636 (Fax)
STUART E. KAHAN, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re:                                                                          Chapter 11

ARMONK SNACK MART, INC.                                 Case No: 15-22375-rdd
FDBA FRIENDLY SERVICE ARMONK, INC.,
FDBA FRIENDLY SERVICE NEW ROCHELL, INC.,

                Debtors.

-----------------------------------------------------------------X

## NOTICE OF APPEARANCE AND DEMAND FOR SERVICE OF PAPERS

PLEASE TAKE NOTICE that Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP hereby appears as attorneys for ROBERT PORPORA REALTY CORP., in the above bankruptcy proceeding. Pursuant to Section 1109(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9007 and 9010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP requests that all notices given or required to be given in this case, and all papers served or required to be served in this case, be given and served upon Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP at the offices, addresses and telephone numbers set forth below, and that Oxman Tulis Kirkpatrick Whyatt &

Geiger, LLP be added to the mailing matrix on file with the Clerk of the Bankruptcy Court as follows:

Stuart E. Kahan, Esq.
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 422-3900 Ext. 115
(914) 422-3636 (Fax)
skahan@oxmanlaw.com

PLEASE TAKE NOTICE that pursuant to Section 1109(b) of the Bankruptcy Code, the foregoing demand includes not only the notices and papers referred to in the Bankruptcy Rules specified above, but also includes, without limitation, orders and notices of any applications, motions, petitions, pleadings, complaints, demands, disclosure statements, or plans of reorganization transmitted or conveyed by mail deliver, telephone, telegraph, telecopier, telex or otherwise, which affects the above-captioned debtor, property of such debtor, or other parties.

PLEASE TAKE FURTHER NOTICE that neither this Notice of Appearance and Request for Service of Papers (the "Notice") nor any later appearance, pleading, proof of claim, claim or suit shall constituted a waiver of (i) the right to have final orders in non-core matters entered only after de novo review by a District Judge, (ii) the right to trial by jury in any proceeding related to this case or any case, controversy, or proceeding related to this case, (iii) the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (iv) any objection to the jurisdiction of this Bankruptcy Court for any purpose other than with respect to this notice, (v) an election of remedy, (vi) any other rights, claims, actions, defenses, setoffs, or recoupments as appropriate, in law or in equity, under any

agreements, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

Dated: White Plains, New York
March 31, 2015

                                                OXMAN TULIS KIRKPATRICK
                                                WHYATT & GEIGER, LLP
                                                Attorneys for Robert Porpora Realty Corp.

By: _____
                                                STUART E. KAHAN, ESQ
                                                120 Bloomingdale Road, Suite 100
                                                White Plains, New York 10605
                                                (914) 422-3900
                                                (914) 422-3636 (Fax)

TO:   Penachio Malara, LLP
        235 Main Street, 6th Floor
        White Plains, New York 10601

        Office of the United States Trustee
        201 Varick Street, Suite 1106
        New York, New York 10014

# EXHIBIT C



**Marc S. Oxman**
moxman@oxmanlaw.com

120 Bloomingdale Road
White Plains, NY 10605
Telephone: 914.422.3900
Fax: 914.422.3636
www.oxmanlaw.com

January 10, 2017

Via Electronic Mail: jhannigan@bpslaw.com

John P. Hannigan, Esq.
Bleakley Platt & Schmidt, LLP
One North Lexington Avenue
White Plains, New York 10601

Re: *Porpora Realty Corp. v. Armonk Snack Mart, Inc., et al.*

Dear Mr. Hannigan:

Thank you for conferring with us regarding Judge Lazansky's recent suggestion that your client Robert Porpora Realty Corp. ("Porpora Realty") enter into settlement discussions with Armonk Snack Mart, Inc. and/or the current occupant (collectively, "Armonk Snack") of the Armonk gas station (the "Premises") regarding the summary holdover proceeding presently pending in North Castle Justice Court. Please be advised that our client Gas Land Petroleum Inc. will consider any settlement that allows Armonk Snack to remain on the gas station premises to constitute tortious interference with its February 3, 2012 contract to acquire those premises from Porpora Realty for an agreed price of $3,000,000. Gas Land intends to hold Porpora Realty liable for any damages resulting from said breach, including, without limitation, the hundreds of thousands of dollars in legal fees that Gas Land has been required to spend in defending itself against Armonk Snack's baseless charges (all of which have since been dismissed).

Notwithstanding the foregoing, we appreciate Judge Lazansky's effort to encourage settlement following five years of acrimonious and expensive litigation. Toward that end, we will agree to an offer by Porpora Realty to allow Armonk Snack to remain on the Premises for an additional sixty days provided that Armonk Snack agrees in exchange to provide you with a warrant of eviction that your firm will hold in escrow. During this sixty-day period, Armonk Snack will be required to wind down its operation at the Premises and resolve any current controversy with Porpora Realty regarding any personalty. We understand that Armonk Snack has taken a broad view as to what constitutes its personal property at the Premises, and has advised that it intends to remove such items as the underground gas tanks and gas pumps. Please be advised that we consider these items to be fixtures and their removal, if allowed, may constitute a violation of Gas Land's contract of sale.



Please let us know whether our proposal is acceptable to your client and to Armonk Snack.

Very truly yours,
OXMAN LAW GROUP, PLLC

MARC S. OXMAN

MSO/vmr