UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                                                                         Chapter 11

SAMMY ELJAMAL,                                                              Case No.15-22872(RDD)

                                               Debtor.
-------------------------------------------------------------X

### DECLARATION OF BRENT COSCIA IN SUPPORT OF STATEMENT OF OXMAN LAW GROUP, PLLC FOR CREDITORS UNDER BANKRUPTCY RULE 2019

BRENT COSCIA, pursuant to 28 U.S.C. § 1746, declares, under penalty of perjury, as follows:

1. I am a member and the chairperson of the Official Committee of Unsecured Creditors (the "Committee") of Sammy Eljamal ("Sammy"), and the largest creditor in this bankruptcy case. I submit this declaration in support of the Statement of Oxman Law Group, PLLC for Creditors under Bankruptcy Rule 2019. I wish to set the record straight with respect to certain issues raised during the February 7, 2017 hearing. Specifically, I want to make it clear that I made an agreement with New York Fuel Distributors, LLC ("NYFD") for it to advance monies to the Oxman Law Group, PLLC ("Oxman Law") for my legal fees. I did not have any agreement with Jimmy Weil individually. I also would like to respond to an offensive statement made about me during the hearing by John Morgan, counsel for Musa Eljamal.

2. When Sammy had me arrested in 2011, he was then a manager of NYFD. While the Court no doubt is aware of the egregious misconduct that resulted in my arrest, it bears repeating that Sammy conspired with his cohort and employee Bryan Orser ("Bryan") to spoof my phone so that he could go to the police, show them his cell phone log (with a purported incoming call from me), and allege that I called him and threatened to kill him and his family.

3. Knowing that Sammy and Bryan's scheme was totally fabricated, I spoke with

Jimmy, who was also a manager of NYFD. I told Jimmy that I could sue both NYFD and its investors for false arrest. I did not really want to do that though, since it was Sammy (not NYFD or its investors) who really had tried to hurt me. After some discussion, Jimmy asked whether I would agree not to sue NYFD if it would front my legal fees. He also mentioned that the Company might be obligated to represent me based upon something in the operating agreement. While I had not read the agreement, I thought he was probably right.

4. I consented to this arrangement, and agreed not to sue NYFD in exchange for the advance payment arrangement. I contacted Marc Oxman, who then defended me in the criminal proceeding, represented me in the civil action that resulted in a judgment of $4,785,000 against Sammy and $255,000 against Bryan, and has represented me in this bankruptcy proceeding. While Marc represented me on a contingency basis in the civil action, NYFD advanced monies on my behalf in the criminal proceeding, in some post-judgment enforcement proceedings, and in this proceeding.

5. As this discussion makes clear, it was clear from the beginning that my fees were being advanced by NYFD, not Jimmy personally.

6. I also want to respond to what I believe was an unfair characterization of me made by John Morgan during the hearing. Mr. Morgan stated, in essence, that all I want to do is put as much money in my pocket as fast as I can. This statement is not true. If it were, I would have sued NYFD and its investors back in 2011. I also would have sued the Town of Harrison and its police department for having arrested me and made me stand trial on bogus charges. Instead, I sued only Sammy and Bryan for their deliberate and malicious acts against me. Unlike Sammy, I had no interest in being enmeshed in years of endless litigation. Mr. Morgan's insinuation that I have tried to make a quick buck out of this horrendous life-scarring event is

just a lie.

7. Mr. Morgan's swipe at me appears to have been an attempt to impugn my character and make it appear as if I am in some way unfit to serve as Committee Chair. This Court should know that, at all times in this bankruptcy proceeding, I have taken my role as Chair of the Committee very seriously. I have worked hard with Committee counsel and have been mindful of the need for me to act as a fiduciary to all unsecured creditors.

8. While Sammy keeps trying to paint me as being Jimmy's "shill," this is not the case. I have no conflicting allegiances. To the contrary, I believe that NYFD had an obligation to pay for my legal fees. I am in no way ingratiated to it for the fact that it did so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 13, 2017

                                                    /s/ Brent Coscia
                                                    BRENT COSCIA