OXMAN LAW GROUP, PLLC
*Attorneys for Brent Coscia*
120 Bloomingdale Road
White Plains, New York 10605
Tel. No. 914.422.3900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                                                     Chapter 11

SAMMY ELJAMAL,                                            Case No.15-22872(RDD)

                                        Debtor.
------------------------------------------------------------X

### STATEMENT OF OXMAN LAW GROUP, PLLC
### FOR CREDITORS UNDER BANKRUPTCY RULE 2019

**MARC S. OXMAN**, as attorney for Brent Coscia, makes the following statement pursuant to Bankruptcy Rule 2019 under penalties of perjury pursuant to 28 U.S.C. § 1746:

#### INTRODUCTORY STATEMENT

1. I am a member of the Oxman Law Group, PLLC ("**Oxman Law**"), attorneys for Brent Coscia ("**Coscia**") in the above-entitled action. In connection with the recent motion to disqualify Oxman Law, Sammy Eljamal (the "**Debtor**") alleged that Oxman Law intentionally failed to file a disclosure under Bankruptcy Rule 2019 because it did not wish to disclose a continuing economic relationship with James Weil ("**Weil**") and New York Fuel Distributors, LLC ("**NYFD**"). The Debtor emphasized that Oxman Law concealed the fact that NYFD paid Coscia's legal expenses in connection with the bankruptcy. This statement is not true.

2. The Debtor has known since at least April 2014 that NYFD has been advancing payment for Coscia's legal fees to Oxman Law and that Coscia has agreed to repay these funds once the Debtor pays Coscia's $4,785,000 judgment ("**Judgment**"). This arrangement has allowed Coscia, a person of modest means, to select Marc Oxman ("**Oxman**"), the attorney who

has represented him since 2011, when the Debtor had him arrested on false charges.

3.  Coscia advised the Court of this fee arrangement on April 15, 2016, when he filed his Objection to the Federal Rules of Bankruptcy Procedure 2004 Motion of Sammy Eljamal Directing Examination of Brent Coscia and Production of Documents [Dkt No. 234] ("**Coscia 2004 Objn.**", annexed without exhibits as "**Exhibit A**"). Coscia made it clear that NYFD had paid Coscia's legal and expert witness expenses incurred in both the criminal trial (Coscia 2004 Objn. ¶¶ 22, 23) and in connection with this bankruptcy proceeding (Coscia 2004 Objn. ¶ 24).

4.  With respect to the criminal trial, Coscia provided a written acknowledgment dated October 5, 2011 ("**Exhibit B**") in which he agrees "to reimburse Mr. James A. Weil/New York Fuel Distributors for all the costs of legal fees along with expert witness fees paid" to defend him against the false criminal charges. NYFD paid these monies to Oxman Law pursuant to this agreement. The parties have continued the same arrangement with respect to legal expenses in this bankruptcy proceeding.

5.  A few weeks after disclosing this payment arrangement to the Court, Coscia provided a letter dated April 28, 2016 to United States Trustee Paul Schwartzberg ("**Exhibit C**") in which he again confirmed that NYFD "is continuing to advance payment for Mr. Coscia's legal fees in this proceeding." This letter further advised Mr. Schwartzberg that, under the terms of the NYFD operating agreement, the Debtor (not Coscia or NYFD) ultimately should be responsible for the payment of Coscia's legal fees:

> Although Mr. Coscia may have agreed to repay the fees incurred in connection with the criminal case and to have any professional fees incurred in connection with this case paid from the proceeds of the Judgment when it is finally adjudicated, clearly it is the Debtor (not Mr. Coscia nor NYFD) who is the party ultimately responsible for the payment of the Judgment and these fees. Section 3.11.1 of the NYFD Operating Agreement (Exhibit D) requires any member (*i.e.,* the Debtor) who has engaged in acts of willful misconduct (*i.e.,* malicious prosecution and abuse of process) to indemnify both the Company and its employees (*i.e.,* Mr. Coscia) "from and against any and all claims, damages, losses,

liabilities and expenses, including but not limited to, reasonable attorneys' fees" arising from such willful misconduct.

### RULE 2019 DISCLOSURE

6.      We understand that Rule 2019 requires Oxman Law to advise the Court of all creditors that it is representing in this proceeding and that this Court has instructed us to disclose "all relationships that [our] firm represents in this case and outside of this case relating to the assets of this debtor including the details of the financial arrangements on who's being paid, who has the right to settle and the like." (Transcript of February 7, 2017 Hearing, p. 21; "**Exhibit D**")

7.      As we understand it, the Court requires this information so that it can determine whether Coscia suffers any constraint as to actions he must take as Chairperson of the Official Committee of Unsecured Creditors (the "**Committee**"). We hope that the Court will conclude that Coscia, as Chairperson, can exercise the independent judgment required of a Committee Chair.

8.      Coscia's focus at all times has been, and continues to be, to move this proceeding forward so that the Court can evaluate and confirm a Plan – either the Committee's Plan or the competing plan that the Debtor is shortly required to file. In a word, Coscia (in his personal capacity) would like to be paid the full amount of his Judgment (or the compromised amount set forth in the Committee Plan). However, as a member of the Committee and as its Chair, he fully understands his fiduciary duty is to the unsecured creditors. When one contrasts the amount of the Judgment (approximately $6 million with interest to date) with the amount of legal fees advanced so far (less than $100,000), it is difficult to credit the Debtor's concern that Coscia is advancing Weil's interests instead of his own.

3

**Oxman Law represents Brent Coscia in this proceeding, although it <u>provided limited representation to Amsterdam 181 Realty, LLC early on</u>.**

9.    Oxman Law represents Brent Coscia in this proceeding, and filed a proof of claim in the amount of $5,221,549.32 on his behalf in July 2015. On or about September 30, 2015, Oxman Law commenced an adversary proceeding against the Debtor to have his judgment declared nondischargeable.

10.   As previously set forth in paragraph 13 of Coscia's opposition to the disqualification motion [Dkt No 442], Oxman Law also represented Amsterdam 181 Realty, LLC ("**Amsterdam**") in this proceeding. At Amsterdam's request (and given certain time exigencies due to the approaching bar date), Oxman Law filed a proof of claim on behalf of Amsterdam – with the understanding that Amsterdam would obtain new counsel if it sought to pursue this claim.

11.   In addition to this limited role, in or about November 2015, Oxman Law made a motion on behalf of Amsterdam and other defendants (including Weil and Leon Silverman ["**Silverman**"]) in two state court actions. Oxman Law sought a "comfort order" from this Court confirming that the automatic stay under 11 U.S.C. § 362 (a) was inapplicable to two these state court actions that had been commenced by the Debtor. The Debtor was at all times aware of Oxman Law's action, inasmuch as we conferred with Debtor's counsel Anne Penachio about the form and content of the order. (See e-mail correspondence of December 14, and 15, 2015; "**Exhibit E**".) This Court then entered the Order, after which the two state court actions were adjudicated and the Debtor's complaints dismissed.

12.   During the February 7, 2017 hearing, the question was raised regarding Oxman Law's representation of Robert Porpora Realty Corp. ("**Porpora Realty**") and/or Gas Land Petroleum, Inc. ("**Gas Land**") in *In re Armonk Snack Mart, Inc.* (Case No. 15-22375-rdd) and

4

*Armonk Snack Mart, Inc. v Gas Land Petroleum, Inc., et al.* (Adv. Pr. No. 15-08226-RDD), a state court action commenced in 2015 by Armonk Snack Mart, Inc. ("**Armonk Snack**") against both Porpora Realty and Gas Land and removed to this Court. Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP ("**Oxman Tulis**") (Oxman Law's predecessor firm) represented Porpora Realty for a brief period in the main bankruptcy case and all defendants in the adversary proceeding, both of which were filed before this proceeding.

13.    After the Debtor commenced this proceeding, Oxman Tulis withdrew as counsel for Porpora Realty in both Armonk cases and the law firms of LaMonica Herbst & Maniscalco, LLP and Bleakley Platt & Schmidt, LLP substituted as co-counsel for Porpora Realty and Genova & Malin appeared as counsel for Gas Land (*see* Notice of Appearance entered August 13, 2015 by Genova & Malin and Notices of Substitution entered August 20, 2015 by the LaMonica firm, copies of which are collectively annexed as "**Exhibit F**"). Neither Oxman Tulis nor Oxman Law has ever represented Porpora Realty or Gas Land in this bankruptcy proceeding. Oxman Law continues to represent Gas Land in a state court foreclosure action, and has been monitoring the various state court lawsuits involving Porpora Realty on Gas Land's behalf.

**Neither Coscia nor Oxman Law has any relationship with any other creditor that would cause Coscia to violate any fiduciary responsibility as Committee Chair.**

14.    The Debtor asserts that NYFD has paid Oxman Law $175,000 from NYFD after the filing of the Debtor's petition and that a significant portion of these fees were for services rendered on behalf of Coscia. To assure full and accurate disclosure, we have reviewed the payments made by NYFD to Oxman Law since the commencement of this proceeding. This statement will detail not only payments made by NYFD to Oxman Law, but also payments made by the Silverman entities (Wilton Motiva Associates, LLC ["**Wilton**"] and Wholesale Fuel Distributors-CT, LLC ("**WFD-CT**") to Oxman Law.

5

**Payments by NYFD to Oxman Law**

15. Oxman Law has been paid approximately $146,038.77 (not $175,000) by NYFD since the Debtor filed for bankruptcy. Of this total, approximately $73,351.81 was paid by NYFD post-bankruptcy as an advance against monies that will be repaid by Coscia after the Judgment is satisfied or otherwise resolved.[1]

16. The services that Oxman Law performed on Coscia's behalf in connection with this proceeding are many and varied. By way of illustration, Oxman Law attended the Debtor's 341 hearing; attended meetings and participated in conference calls with the Committee; prepared Coscia's nondischargeability complaint; attended numerous Court conferences and reviewed transcripts; reviewed numerous fee applications; prepared and filed a written objection to the Rule 2004 examination of Coscia; corresponded with the U.S. Trustee, engaged in settlement negotiations with the Debtor; prepared for and participated in two mediation efforts (the first of which proceeded over a period of days); prepared a mediation statement on behalf of Coscia and communicated with Coscia on a regular basis about all of the above.

17. In addition, NYFD advanced the sum of $17,352.00 for pre-bankruptcy services rendered by Oxman Law in its then ongoing efforts to enforce the Judgment. These services were rendered primarily in connection with the Debtor's efforts to transfer his assets to his wife prior to the bankruptcy by means of a sham divorce. Since time was of the essence and there was no Committee yet in place, Oxman Law made a motion to intervene in the Debtor's matrimonial action. As soon as the Committee was appointed, Oxman Law withdrew its motion. Consistent with the parties' agreement, Coscia intends to repay this sum to NYFD from the proceeds of his Judgment.

---

[1] This total consists of payments of $3,085.00, $11,952.00, $4,379.81, $20,952.00, $20,782.20 and $12,200.80. Each of these payments is reflected on Exhibit B to the Debtor's Statement [Dkt No 445].

18. There also are two recent invoices relating to Coscia that remain outstanding; one in the sum of $1,008 and the other in the sum of $18,491.

19. The remainder of the payments by NYFD listed on Exhibit B to the Debtor's Statement relate to matters outside of this proceeding (although some of them relate to the Debtor). Each of these matters are discussed separately.

20. *Eljamal v Weil* (Westchester Co. Index No. 51297/2011): On or about September 10, 2015, NYFD paid the sum of $8,349.16 for pre-bankruptcy services rendered on behalf of defendants in this state court action. After the bankruptcy proceeding was commenced, the Debtor removed this action to this Court as an adversary proceeding. NYFD and related defendants retained the firm of Harfenist Kraut & Perlstein, LLP ("**HK&P**") to represent them in the adversary proceeding. NYFD paid the sum of $8,112.00 to Oxman Law for services rendered post-bankruptcy in connection with the transition of the file to HK&P.

21. *NY Fuel Holdings, LLC v. Eljamal* (Westchester Co. Index No. 70487/2012): On or about September 10, 2015, NYFD paid the sum of $216.00 for pre-bankruptcy services rendered in connection with this state court interpleader action. The Debtor removed this action to this Court as an adversary proceeding, and this action was thereafter resolved by a "So Ordered Stipulation Concerning Control of Account Holding Distribution Funds of Debtor. There is a post-bankruptcy balance owing by NYFD to Oxman Law on this matter in the sum of $396.

22. *Eljamal v. Weil, et al.* (Westchester Co. Index Nos. **50633/2015 and 52831/2015**): As discussed above, the Debtor commenced two state court actions pre-bankruptcy against Amsterdam, Weil, Silverman and others. Oxman Law made a motion in this proceeding for an order confirming that the automatic stay under 11 U.S.C. § 362 (a) did not apply. Oxman

7

Law also made a motion in the Appellate Division First Department to dismiss an appeal commenced by the Debtor on March 10, 2015. Although the Debtor sought and obtained an order from this Court vacating the automatic stay with respect to this appeal, he failed to perfect. (*See* Order Modifying Automatic Stay with Respect to Appeals to which the Debtor is a Party entered October 22, 2015 [Dkt No 127]; "**Exhibit G**".) Therefore, on or about June 30, 2016 (after the two related cases were dismissed in Westchester), Oxman Law made a motion on behalf of Amsterdam to dismiss the appeal, and the Debtor cross-moved for an enlargement of time to perfect the appeal. The motion to dismiss was granted and the Debtor's cross-motion denied by Decision dated October 4, 2016. NYFD paid Oxman Law the sum of $27,803.26 in connection with these legal services. There remains an outstanding balance of $14,379.14.

23.  *Orser and Ali v. Weil and Coscia* **(Greene Co. Index No. 0021/2016)**: This action for abuse of process was commenced against Weil and Coscia by the Debtor's cohort and alleged creditor Bryan Orser ("**Orser**"). Orser was represented by James Burchetta, who also has appeared on behalf of the Debtor at various stages of this proceeding (including, *inter alia,* at the mediations). Oxman Law made a motion to dismiss on behalf of Weil and Coscia. Its motion was granted and the case dismissed by Decision/Order/Judgment filed August 16, 2016. To date, Oxman Law has been paid the sum of $9,731.34 for legal services rendered in connection with this action. There remains an outstanding balance of $7,111.67.

**Payments by the Silverman Entities to Oxman Law**

24.  *Orser v. Wholesale Fuel Distributors-CT, LLC* **(Greene Co. Index No. 835/2014)**: Oxman Law has been paid the approximate sum of $89,231.10 in connection with the services it has rendered post-bankruptcy on behalf of defendant Wholesale Fuel Distributors-

8

CT, LLC in connection with this lawsuit brought by Orser in state court for breach of an alleged employment contract.

25. In addition, Oxman Law has been paid the sum of $14,857.20 for services rendered post-bankruptcy in connection with the transition of all Silverman-related files to Herrick Feinstein, LLP and other miscellaneous services (such as preparation of responses to various audit letter requests, etc.).

26. Oxman Law also has been paid the relatively minor sums of $576 and $829.08 for various services rendered in connection with the 2011 and 2014 state court cases that Silverman commenced against the Debtor. Due to time constraints, Oxman Law was unable to verify the precise nature of the services rendered but will supplement this statement should the Court require this information.

## CONCLUSION

27. Oxman Law hopes that the preceding explanation has alleviated any concerns that this Court may have had with respect to Coscia's ability to serve as an impartial Chair of the Committee. Notwithstanding the foregoing, if the Court believes that a fuller explanation is required as to any of the information presented, we stand ready to provide it.

28. Moreover, should the Court determine that Coscia is in some way tainted because he is being represented by Oxman Law, we will promptly withdraw as counsel. At all times, it was our intention to represent Coscia's interests in this proceeding independently, fairly and without compromise. We have worked consistently to advance his interests and no one else's. As soon as the Debtor filed for bankruptcy, we recognized that the Court and interested parties might perceive Coscia to be compromised if Oxman Law continued to represent Weil, Silverman

and their respective companies. Therefore, we promptly advised all former clients except Coscia that they needed to obtain new counsel.

29. Coscia believes (and we agree) that the implementation of a plan of reorganization is the only way in which this proceeding will ever end. We fervently hope that this Court will agree and will take appropriate steps to ensure that the disclosure hearing goes forward in late March and the Plan is confirmed.

I declare under penalty of perjury that the foregoing is true and correct.

By: /s/ Marc S. Oxman
     Marc S. Oxman

OXMAN LAW GROUP, PLLC
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900
*Attorneys for Brent Coscia*