**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF NEW YORK
ALEXANDER HAMILTON CUSTOM HOUSE
ONE BOWLING GREEN, 6TH FLOOR
NEW YORK, NEW YORK 10004-1408

CHAMBERS OF
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

08-BK-N

(212) 668-2301

January 13, 2009

Advisory Committee on Bankruptcy Rules
c/o Peter G. McCabe, Secretary
Committee on Rules of Practice and Procedure
Administrative Office of the United States Courts
Washington, D.C. 20544

Re: <u>Fed. R. Bankr. P. 2019</u>

To the Members of the Advisory Committee:

  I am writing with regard to the Advisory Committee's consideration of the possible amendment of Bankruptcy Rule 2019, or, as requested by the Loan Syndications and Trading Association and the Securities Industry and Financial Markets Association, Rule 2019's repeal. I agree with the conclusion of my colleague, Bankruptcy Judge Robert E. Gerber, in his January 9, 2009 letter to you, that Rule 2019 should not be repealed but should, rather, be amended to clarify and (with the exceptions Judge Gerber noted) broaden its scope.

  I do not intend to reiterate Judge Gerber's excellent analysis. I do, however, want to make two additional points. First, I want to highlight how the repeal of Bankruptcy Rule 2019 would in very practical terms impair the settlement process, the primary activity in bankruptcy cases. Separate and apart from obscuring the other side's basic economic motivation, discussed by Judge Gerber, the repeal of Rule 2019 would make it much more difficult to know literally who the other side is. Thus, one may negotiate a settlement that results in the withdrawal of a pleading only to have another pleading spring up by someone who purports not to have been in the group that settled. Or one may negotiate a settlement with someone only to learn later that they were still helping to fund the law firm that was prosecuting a group pleading -- or that the law firm is continuing to prosecute the pleading, ostensibly on behalf of the group, when, in fact, the group has shrunk because many of its members have settled. These are not hypothetical concerns. Each has occurred in cases before me, and reference to Rule 2019 helped to straighten out the situation and keep the parties' positions clear.

  This leads to my second point. It may be argued that parties may avoid these problems by establishing preconditions to their negotiations or by more carefully drafting their

1

settlement agreements. Further, counsel are bound not only by Rule 11 but also by their ethical and professional duties not to misrepresent their clients' positions to the court. Since the Chandler Act and the related enactment of the predecessor to Rule 2019, however, more transparency has been required in bankruptcy cases. Very large sums of money are at stake in the largely inter-creditor disputes that Judge Gerber's letter accurately describes; pressures on counsel are intense, and without the added requirements of a disclosure rule like Rule 2019, clients may mislead, or selectively inform, their counsel. Rule 2019 is outdated not because the basic need for transparency that it addressed no longer exists, but because of changes in the financial markets and the players in bankruptcy cases. Clearly for some time there has been an active market in distressed debt, but it is a market that is heavily influenced by the litigation and negotiation stances taken by distressed debt holders and, therefore, the temptation to mislead the court and the other parties about one's underlying position is just as clear. If updated, Rule 2019 thus would continue to serve an important purpose. It should not be repealed.

Very truly yours,

Hon. Robert D. Drain