NEW YORK STATE BAR ASSOCIATION
*Serving the legal profession and the community since 1876*
NYSBA

# ETHICS OPINION 1000

**New York State Bar Association**
**Committee on Professional Ethics**

Opinion 1000 (3/28/14)

**Topic:** Payment of Legal Fees by a Non-Client Whose Interests Could Be Adverse to the Lawyer's Client

**Digest:** It is permissible for a third-party to pay for a lawyer's representation of a client where the client's interests may be adverse to the interests of the third-party payer if: 1) the lawyer obtains the informed consent of the lawyer's client and 2) the lawyer exercises independent professional judgment on the client's behalf without interference from the potentially adverse third-party payer. That the lawyer may be owed additional fees from the client does not pose a conflict unless the outstanding debt interferes with the lawyer's ability to represent the client.

**Rules:** 1.0(e), 1.6, 1.7(a), 1.8(f); 1.16(b)(5), 4.3.

## Question

1. The inquiring lawyer asks whether the lawyer may accept payment of a retainer fee from the client's sibling to pursue an appeal on behalf of the client notwithstanding that the appeal could be adverse to the interests of the sibling and that the client remains in arrears on fees owed to the lawyer for work on proceedings giving rise to the appeal. We conclude that the lawyer may do so if the lawyer complies with Rule of Professional Conduct 1.8(f) concerning payments of fees by persons other than the client and if the third-party payer understands that the lawyer's obligations run solely to the client. That the client owes the

lawyer additional fees from prior work is not an obstacle to this conclusion unless the debt gives rise to a conflict of interest with the client for which informed consent is not a remedy.

## Background

2.   The inquirer is a New York lawyer who represents one of two siblings in a dispute arising out of the incapacity of their now-deceased parent.  Before the parent died, the client sued for removal of the non-client sibling as guardian of the parent. The court ruled in favor of the non-client sibling on the guardianship issue and awarded attorney's fees from the parent's assets.  The parent thereafter died, but the appeal of the award of attorney's fees lives on.

3.   The prevailing non-client sibling, apparently unhappy with the amount of the award of attorneys' fees, has paid the inquiring lawyer a retainer from the parent's estate to enable the lawyer's client to pursue an appeal of the attorney's fee award. One of the arguments the inquirer will make on the appeal is that the non-client sibling should be held personally liable for the attorney's fee.

4.   The inquirer's client has not satisfied the terms of their fee arrangement for services rendered in connection with the trial-level disputes underlying the appeal.  The inquirer is concerned that the inquirer's personal financial interest in being paid for the earlier services could give rise to a conflict between the lawyer and the lawyer's client.   Analysis

5.   Rule of Professional Conduct 1.8(f) deals with third-party payment of attorneys' fees.  That Rule states that a "lawyer shall not accept compensation for representing a client from one other than the client unless (1) the client gives informed consent; (2) there is no interference with the lawyer's independent professional judgment or with the client-lawyer relationship and (3) information relating to the representation of the client is protected as required by Rule 1.6," which requires a lawyer to maintain the confidential information of the client. Simply put, Rule 1.8(f) means that a lawyer owes a client the same duties owed to a client without regard to the source of the fees the lawyer is paid, with the added proviso that a client must give "informed consent" to the arrangement.

6. Rule 1.0(e) defines "informed consent" as "the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." We have a number of opinions that apply these principles to various scenarios. See, e.g., N.Y. State 901 (2011) and 867 (2011). Whether a lawyer conveys "adequate information" to constitute "informed consent" varies with the facts and circumstances in which the lawyer seeks consent and involves many factors including the proposed course of conduct, the sophistication of the client as a consumer of legal services, and risks attending the particular representation. Under these specific facts the inquiring lawyer cannot obtain informed consent without clarifying that the lawyer's duty runs solely to the client, that the non-client payer will not affect the lawyer's exercise of independent professional judgment on the client's behalf on the appeal, and, most important, that the non-client payer's interests may be adverse to the client's interests on the appeal, with particular emphasis on the fact that the non-client sibling may be found personally liable for the attorneys' fees.

7. It is common for third parties to pay attorney's fees. Mortgagors commonly pay lenders' legal fees in real estate closings. In 2007, in N.Y. State 818, we acknowledged and approved the regular practice of issuers paying the legal fees of designated underwriters' counsel assuming compliance with DR 5-107(B), the predecessor of Rule 1.8(f), provided there was disclosure of conflicts accompanying the arrangement. We said the same in 1989, in N.Y. State 601, although there we disapproved the proposal because the fee arrangement provided a financial incentive for the lawyer to subordinate the interests of the lawyer's clients (tenants) if the lawyer achieved a settlement with the adverse third-party payer (the landlord).

8. Here, the non-client sibling is willing to finance the appeal without condition and knows that a result of the appeal could be that the non-client-sibling would have to pay the attorneys' fee. The lawyer's full disclosure to the lawyer's client must necessarily entail disclosure of the lawyer's discussions with the non-client payer.[1]

9. Accordingly, the lawyer should leave no doubt in the third-party payer's mind concerning the potential consequences of the appeal for which the payment is being made. We do not mean thereby to suggest that a lawyer who receives

payment from a third-party payer in compliance with Rule 1.8(f) must always undertake this responsibility. To the contrary, in most instances, we would expect that the third-party payer is fully mindful of the potential for adversity in the lawyer's representation of a client under some form of indemnity duty, whether contractual or otherwise.

10. Finally, that the inquirer's client is in arrears on fees for prior services is insufficient to suggest that the lawyer has a conflict in representing the client on the appeal. While under Rule 1.7 a lawyer may not represent a client when a lawyer's personal interests conflict with those of the client, it provides a lawyer may obtain a client's informed consent to proceed despite the conflict if the lawyer "reasonably believes that the lawyer will be able to provide competent and diligent representation" of the client. Sometimes, clients do not pay their lawyers, and this fact alone does not invariably negate a "reasonable belief" that a lawyer will be able to "provide competent and diligent" representation to the client. If the lawyer concludes that the lawyer is able to "provide competent and diligent representation" of the client on the appeal, see Rule 1.7(b), then the mere existence of the debt does not ethically disable the lawyer from obtaining informed consent from the client to proceed with the appeal.

## Conclusion

11. A lawyer may accept a retainer from a third-party payer whose interests are potentially adverse to the lawyer's client's interests if the lawyer complies with Rule of Professional Conduct 1.8(f) concerning payments of fees by persons other than the client and if the third-party fee-payer understands that the lawyer's obligations run solely to the client. That the client owes the lawyer an additional fee from prior work is not an obstacle to this conclusion unless the debt gives rise to such adversity with the client that the lawyer's representation will be affected by the adversity or the lawyer may not obtain informed consent.

33-13

---

[1] If the estate is not represented by counsel the lawyer must abide by Rule 4.3. This Rule provides, in relevant part, that, if the lawyer knows or reasonably should know that a possibility of adversity exists, the lawyer must explain that the lawyer

is not disinterested in the matter, and should not provide legal advice to the person in the circumstances other than the advice to obtain independent counsel.

---

One Elk Street, Albany , NY 12207

**Phone:** 518-463-3200   **Secure Fax:** 518.463.5993

© 2017 New York State Bar Association