UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                                          Chapter 11

    SAMMY ELJAMAL                                                      Case No. 15-22872 (RDD)

              Debtor.
-----------------------------------------------------------------x
SAMMY ELJAMAL, et al.

                    Plaintiffs,                        Adv. P. No. 15-08358 (RDD)

      -against-

JAMES A. WEIL, et al.

                    Defendants.
-----------------------------------------------------------------x

**ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF ELJAMAL'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

      Upon the motion, dated May 25, 2016 [Dkt. No. 10] (the "Motion"), of plaintiff, Sammy Eljamal ("Eljamal") for partial summary judgment under Fed. R. Bankr. P. 7056, which sought: (1) on defendants' second counterclaim, and after a search of the record, a declaration that Eljamal has a 50% ownership interest in NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, and NY Dealer Stations Management, LLC; (2) on Eljamal's first claim for relief, judgment on liability for breach of contract due to defendants' failure to pay Eljamal the distributions required by the applicable LLC Operating Agreements; and (3) such other, further and different relief as the Court may deem just and proper under the circumstances and the costs and disbursements of the Motion; and, after due notice, upon the defendants' objection to the Motion, dated July 6, 2016 [Dkt. No. 12-13] and July 21, 2016 [Dkt. No. 14-15], and Eljamal's reply thereto dated July 27, 2016 [Dkt. No. 16-18] and all other pleadings filed in connection with the Motion; and upon the record of the hearing held by the Court on the Motion on

December 5, 2016; and, after due deliberation and for the reasons stated by the Court in its bench ruling at the conclusion of the hearing, which is incorporated herein by reference, the Court having found that the Motion should be granted in part and denied in part as set forth herein; now, therefore, good and sufficient cause appearing, it is hereby

**ORDERED**, that

1. The Motion's request for summary judgment upon defendant's second counterclaim is granted, such that it is hereby **ORDERED, ADJUDGED AND DECREED** that Eljamal has, since their inception, a 50% ownership interest in NY Fuel Holdings, LLC,[1] Metro NY Dealer Stations, LLC and NY Dealer Stations Management, LLC (collectively the "LLCs"); that Sammy Eljamal's distributive rights are governed by the distribution provisions of the respective Operating Agreements of the LLCs; and that the books and records of each of the LLCs be forthwith adjusted to reflect Sammy Eljamal's 50% ownership interest, subject to such distribution provisions.

2. Except as set forth in the next decretal paragraph, the Motion's request for summary judgment upon Eljamal's first claim for breach of contract is granted based on defendants' failures to make proper distributions to Eljamal pursuant to Section 7.1 of the respective LLCs' Operating Agreements, such that it is hereby **ORDERED, ADJUDGED AND DECREED** that Eljamal is awarded judgment against defendants James A. Weil, Leon Silverman, NY Fuel Holdings, LLC, Metro NY Dealer Stations, LLC, NY Dealer Stations Management, LLC, NY Fuel Distributors, LLC and NY Dealer Stations, LLC as to liability on his first claim for breach of contract except to the extent set forth in the next decretal paragraph.

---

[1] NY Fuel Distributors, LLC, pursuant to the express terms of its Operating Agreement, is solely owned by NY Fuel Holdings, LLC.

3. The Motion's request for summary judgment upon Eljamal's first claim for breach of contract based on defendants' failures to pay Sammy Eljamal distributions pursuant to Section 7.1(f) of the respective Operating Agreements of the LLCs is denied based on there being one material issue of fact as to whether defendant Weil exercised his limited discretion under Section 7.1(f)(3) of the respective LLCs' Operating Agreements to determine that it would be "beneficial to retain such distributions for Company Purposes including that set forth in Section 3.1.1.3", which single issue with respect to such claim will be adjudicated at any trial herein

4. Counsel for the parties shall appear to a pre-trial conference on March 28, 2017 at 10:00 a.m. to address a discovery timetable and any discovery issues and schedule a trial.

Dated: White Plains, New York
December 28, 2016

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE