| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: April 25, 2017<br>Hearing Time: 10:00 am |

---------------------------------------------------------- x
                                                    :
In re                                                   :         Chapter 11

**SAMMY ELJAMAL**                     :         Case No. 15-22872 (RDD)

                    Debtor.        :
---------------------------------------------------------- x

**LIMITED OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S MOTION (I) FOR SANCTION FOR VIOLATIONS OF BANKRUPTCY RULE 2019 INCLUDING  (i) THE DIALLOWANCE OF THE CLAIM OF BRENT COSCIA, (ii) THE PRECLUSION OF BRENT COSCIA FROM VOTING ON ANY PLAN OF REORGANIZATION, (iii) THE REMOVAL OF BRENT COSCIA FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, (iv) THE IMPOSITION OF COSTS AND OTHER SACNTIONS ON BRENT COSCIA AND THE OXMAN LAW GROUP PLLC IN AN AMOUNT THE COURT DEEMS FAIR AND JUST; (II) IN FURTHER SUPPORT OF THE MOTION OF CREDITOR MUSA ELJAMAL TO DISQUALIFY THE OXMAN LAW GROUP, PLLC AS ATTORNEY FOR THE CREDITOR BRENT COSCIA; AND (III) FOR SUCH OTHER AND FURTHER <u>RELIEF AS MAY BE JUST AND PROOPER</u>**

**TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:**

The United States Trustee for Region 2 (the "United States Trustee"), in furtherance of the duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), does hereby file this limited objection to the Debtor's Motion (I) For Sanctions For Violations of Bankruptcy Rule 2019 Including, (i) the Disallowance of the Claim of Brent Coscia, (ii) the Preclusion of Brent Coscia from Voting on any Plan of Reorganization, (iii) the Removal of Brent Coscia from the Official Committee of Unsecured Creditors, (iv) the Imposition of Costs and Other Sanctions on Brent Coscia and the Oxman Law Group PLLC in an Amount that the Court Deems Fair and Just; (II) In Further Support of the Motion of Creditor Musa Eljamal to Disqualify the Oxman Law Group, PLLC as Attorney for the Creditor Brent Coscia; and (III) For such Other and

Further Relief as May be Just and Proper (the "Sanctions Motion"), ECF No. 463.  In support thereof, the United States Trustee represents and alleges as follows:

## I. SUMMARY STATEMENT

From the start of the case the Debtor has not trusted the official committee of unsecured creditors (the "Committee"), or its individual members.  Similarly, the Committee and its members assert their own grievances to demonstrate that the Debtor is not trustworthy.  In continuation of this fight the Debtor filed the Sanctions Motion.  The Debtor now seeks various forms of relief against Committee member Brent Coscia ("Coscia"), including his removal from the Committee, based upon asserted disclosure failures and Bankruptcy Rule 2019 violations.  This current round of litigation is more evidence of the bitter acrimony between the parties and further supports the United States Trustee's motion seeking the appointment of an independent fiduciary pursuant to 11 U.S.C. § 1104(a) (2).[1]

Moreover, the Debtor's assumption that the Court has the ability to remove a committee member is misplaced.  Section 1102(a) is the governing statue regarding official committees.  Under Section 1102(a)(4), "the court may order the United States Trustee to change the membership of [an official] committee," but only "to ensure adequate representation of creditors. . . ." 11 U.S.C. § 1102(4).  Although the Debtor has raised numerous allegations in its pleadings, the Debtor has raised no allegations that the current members of the Committee do not adequately represent the creditor body.  There is no other section of the Code that permits the Court to alter the composition of the Committee.  Moreover, the Debtor has not raised any

---

[1] Because the appointment of a Chapter 11Trustee would allow an independent party to, among other things, investigate the allegations set forth in the Sanctions Motion, as well as possibly moot certain relief sought in the Sanctions Motion, the United States Trustee respectfully requests the Sanctions Motion be adjourned until or after the hearing on the United States Trustee's motion for the appointment of a Chapter 11 Trustee.

2

specific allegations that Coscia has breached his fiduciary duties as a member of the Committee. While the Debtor arguably has correctly raised concerns with respect to issues surrounding the adequacy of disclosure and transparency with respect to the Committee and its members, the remedies set forth in Rule 2019, the rule governing committee or group disclosures, are limited to prohibiting "the entity, group or committee to be heard or to intervene in the case." The remedies do not include the power to remove a member from a committee or a group. Accordingly, to the extent the Debtor seeks to have the Court remove Coscia from the Committee, the Sanctions Motion should be denied.

## II. BACKGROUND

General Background

1. On June 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. ECF Doc. No. 1.

2. The Debtor has numerous interests in businesses primarily engaged in the sale of gasoline and the operating of gas stations. See Affirmation (the "Affirmation") of Sammy El Jamal at ¶ 2, ECF No. 9.

3. The Debtor commenced this case due to financial reverses emanating from contested disputes with his business associates, Leon Silverman ("Silverman") and Weil, and due to a multimillion dollar judgment for malicious prosecution obtained against him Coscia , an employee. See Status Report, dated May 3, 2016 at ¶ 2, ECF No. 255.

4. More specifically, in 2008 the Debtor, Silverman and Weil acquired approximately 50 retail gas stations. See Application to Retain RSM US, LLP at 2, ECF No. 241. The Debtor became a shareholder in NY Fuel Distributors, LLC which operates companies in New York (the "NY Companies") and a shareholder in CT Dealer Stations and other entities

operating in Connecticut. *Id.* Following a series of disputes with Silverman and Weil, the Debtor alleges he was effectively ousted from operations and has since been engaged in protracted litigation with the two. *Id.*

5. Additionally, a receiver was appointed by the State Court to liquidate certain of the Debtor's corporate interests to satisfy Coscia's judgment. *Id*. at 3. The Debtor filed this case to protect himself from the claims asserted by Coscia. Affirmation at ¶ 4.

6. The Debtor operates and manages his affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. Five of the Debtor's businesses have also commenced chapter 11 cases that are currently pending before this court; Connecticut Dealer Stations Management, LLC, 13-23994 (RDD), Armonk Snack Mart, Inc., 15-22375 (RDD), Yonkers Central Avenue Snack Mart, Inc., 15-22824 (RDD), MS Scarsdale Snack Mart, Inc., 16-22043 (RDD), and MS Elmsford Snack Mart, Inc., 16-22106 (RDD)(collectively, the "Affiliated Cases"). The Affiliated Cases are not jointly administered.

The Committee Formation

8. On July 16, 2015, the United States Trustee appointed the Committee. *See* ECF No. 22. The creditors initially appointed to the Committee are (1) Coscia, (2) JMM Fuelco, LLC ("JMM")(an entity whose managing member is Weil), and (3) GasLand Petroleum, Inc. ("GasLand") *Id*.

9. As referenced above, Coscia asserts an unsecured claim of no less than $4,221,549.32 arising from a judgment against the Debtor for malicious prosecution and related torts. *See* Verified Statement of Official Committee Pursuant to Bankruptcy Rule 2019, ECF No. 71. JMM asserts a claim of no less than $1,317,000.00 arising from the Debtor's alleged

4

breach of fiduciary duties. *Id*. GasLand asserts a claim of no less than $733,000 arising primarily from supply of gasoline related products. *Id.*

10. The Committee retained Otterbourg P.C as counsel. *See* Order Retaining Counsel, ECF No. 57.

11. On April 14, 2016, in the Armonk Snack Mart, Inc., case, a motion to settle the Debtor's objection to GasLand's claim for the immediate payment of $190,000 was approved. *See* Armonk Snack Mark, Inc., 15-22375 (RDD), ECF No. 155. GasLand subsequently resigned from the Committee. *See* ECF Nos. 266 and 257.

12. The remaining Committee members, along with Silverman who serves as an *ex officio* member of the Committee, constitute the bulk of the unsecured claims asserted against the Debtor. *See* Debtor's Statement in Opposition to Appointment of Examiner (the "Debtor's Opposition to Examiner") at ¶¶ 24 - 29, ECF No. 297. In fact, according to the Debtor, Cosica is the only non-insider, unsecured, non-contingent, claim asserted against the Debtor. *Id.*at ¶28.

### The Plans

13. On December 15, 2016, the Committee filed its First Amended Chapter 11 Plan (the "Committee Plan"). ECF No. 412. Pursuant to the Committee Plan, non-insider unsecured creditors, if any, receive cash in the amount of their allowed claims. Committee Plan at Section 4.5(ii).

14. On April 4, 2017, the Debtor filed his chapter 11 plan. ECF No. 496. The Debtor's plan purports to pay unsecured claims in full. *See* Debtor's Disclosure Statement at 3, ECF No. 505.

### The Sanctions Motion

15. On March 3, 2017, the Debtor filed the Sanctions Motion. In the Sanctions

15-22872-rdd    Doc 543    Filed 04/17/17    Entered 04/17/17 14:46:56    Main Document
Pg 6 of 11


Motion, the Debtor accuses Coscia of, among other things, failing to properly disclose the facts surrounding the payment of his counsel. *See* Sanctions Motion. Specifically, the Debtor asserts Coscia's recent disclosure that payment of his legal fees by the NY Companies is part of an agreement whereby Coscia agreed to not sue the NY Companies contradicts prior non-bankruptcy court testimony provided by Coscia. Sanctions Motion at ¶ 3. Accordingly, the Debtor seeks to, among other things, remove Coscia from the Committee.

<u>The Trustee Motion</u>

16.     On March 7, 2017, because the different constituents in this case – the Debtor, the Committee, the individual creditors and equity holders – have been and continue to be hopelessly at odds, do not trust each other, and in fact, have been unable to reach resolution of their different positions despite having undergone mediation with two different mediators, the United States Trustee moved for the appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104(a)(2) (the "Trustee Motion"). ECF No. 469.

### III. DISCUSSION

**A.     The Motion Is Further Evidence For the Need of a Trustee**

As set forth fully in the Trustee Motion, the appointment of a trustee under §1104(a)(2) is appropriate where a court determines the level of acrimony between the debtor and its creditors warrants a neutral third party. *See In re Marvel Entertainment Group, Inc*., 140 F.3d 463, 474 (3rd Cir. 1998)("The level of acrimony found to exist in this case certainly makes the appointment of a trustee in the best interest of the parties and the estate."); *In re Ancona*, 2016 WL 7868696, *12 (Bankr. S.D.N.Y)(conflict and acrimony between debtor and creditor, which is at heart of case, may be alleviated by neutral trustee who will foster transparency and bolster

confidence); *In re Bible Speaks*, 74 B.R. 511, 513 (Bankr. Mass. 1987)(appointment of trustee justified by bickering between debtor and creditors committee).

In prior pleadings filed with this Court, the Debtor has argued that with Weil in control of the Committee, the Committee (1) failed to join the Debtor's motion for summary judgment for a declaration that the Debtor owns 50% in the NY Companies, (2) failed to support the Debtor's efforts in the Affiliated Cases to enhance the estate in litigation against the NY Companies, and (3) attempted to thwart the Debtor's access to information from the NY Companies. *See* Response to the Unsecured Committee of Creditors Supporting the Continuing Freeze Out of the Debtor from the NY Companies ("Debtor's Reply"), filed in Adv. Pro. *ElJaml et. al., v. Weil et. al.,* 15-08358 (RDD), ECF No. 57

Similarly, the Debtor has also accused Weil of misdeeds. For example, the Debtor alleged that Weil operated the NY Companies to benefit himself alone and harm the Debtor. Specifically, the Debtor sought to demonstrate that Weil has (1) paid himself significant sums from the NY Companies, (2) used NY Companies funds to pay attorneys litigating against the Debtor both pre and post-petition, (3) intends to use cash held by the NY Companies, funds in which the Debtor has an interest, to implement the Committee plan to "buy out" the Debtor and (4) sold NY Companies' assets without providing the Debtor a right of first refusal in apparent violation of the company's operating agreement. *See* Response to the Opposition of James Weil, Leon Silverman, NYY Fuel Holdings, LLC, Metro NY Dealer Stations Management, LLC and NY fuel Distriubtors, LLC to Sammy Eljamal's Motion to Reinstate, filed in Adv. Pro. *ElJaml et. al., v. Weil et. al.,* 15-08358 (RDD), ECF No. 58.

More recently, in the Sanctions Motion, the Debtor asserted that Coscia's recent disclosures regarding the basis for the payment of his legal fees by the NY Companies

contradicts prior non-bankruptcy court testimony on the issue. Sanctions Motion at ¶ 3.

In response, the Committee and its members have asserted their own grievances against the Debtor. Prior to the commencement of this case, the Debtor "spoofed" Coscia's cell phone and filed a false police report against Coscia, leading to Coscia's arrest and criminal trial (at which he was found not guilty). *See* Declaration of Brent Coscia, filed in Adv. Pro. *ElJaml et. al., v. Weil et. al.,* 15-08358 (RDD), ECF No. 55. These actions gave rise to Coscia's multi-million dollar claim in this case.

The Committee further asserted that the Debtor, among other things, (1) perjured himself during both his 341 meeting and his 2004 examination, (2) may have undisclosed bank accounts and other assets, (3) harassed Committee members by, among other things, hiring a private investigator to follow Committee members, and (4) attempted to fake divorce proceedings in order to shield assets from creditors. *See* Statement of the Official Committee of Unsecured Creditors with Respect to Motion of the United States Trustee for the Appointment of an Examiner, ECF No. 283.

It is anticipated that the Committee will file papers in opposition to the Sanctions Motion asserting similar allegations.

Based upon the foregoing, and in light of the fact that the Sanctions Motion demonstrates that the acrimony in this case will not abate, the Sanctions Motion is further evidence for the need of a Chapter 11 Trustee.

**B.    Court's Role Regarding Committees is Limited to Ensuring Adequate Representation**

Section 1102(a) is the governing statue regarding creditor committees. Nothing in the section 1102(a) [2] confers on the court the power to remove a specific creditor from a committee. *In re Caesars Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015)(Court's powers over committee are limited to those set forth in section 1102(a)). Instead, under Section 1102(a)(1)-(4), which pertains to matters concerning official committee appointments and memberships, the Court may, if requested:

- order the United States Trustee to appoint additional committees if necessary to assure adequate representation;

- order the United States Trustee to change committee membership if necessary to ensure adequate representation;

- order that a committee not be appointed in a small business case; or

- order the United States Trustee to increase membership to include a creditor that is a small business concern.

11 U.S.C. § 1102(a)(1)-(4).

Beyond that, Section 1102 is entirely silent on any role for the Court regarding committee appointments, composition or modification, and nowhere provides for the Court to remove a particular committee member that the United States Trustee has appointed. *See In re Caesars*

---

[2] The Debtor does not cite Section 1102(a), or any authority, in his Memorandum of Law that permits a court to remove a specific committee member. Memorandum of Law, ECF No. 464. The Debtor does invoke Section 105 regarding his request for the payment of sanctions. *Id*. at 32-34. Although not argued by the Debtor, Section 105 does not grant a court authority to remove committee members, as Section 105 does not give the bankruptcy courts the power that Section 1102 (a)(1) delegates to the United States Trustee. *See Law v. Siegel*, 134 U.S. 1188, 1194 (2014) (court's power under Section 105(a) "may not be exercised in contravention of the Code"); *See also In re Caesars Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 269 (Bankr. N.D. Ill. 2015) ("Section 105(a) . . . gives bankruptcy courts the power to implement existing Code provisions. . . . [S]ection 105(a) does not allow bankruptcy courts to contradict the [Bankruptcy] Code"); *In re Wimmer*, 512 B.R. 498, 512 (Bankr. S.D.N.Y. 2014) (Section 105(a) can be used only to preserve power conferred in another section of the Bankruptcy Code).

9

*Entertainment Operating Co., Inc., et al.*, 526 B.R. 265, 268 (Bankr. N.D. Ill. 2015) ("nothing in section 1102(a) confers on the court the power to disband a committee the U.S. Trustee has appointed under section 1102(A)(1)"); *JNL Funding*, 438 B.R. at 361 (Bankr. E.D.N.Y. 2010 ) ("Section 1102 is silent as to this Court having power to order a committee to be disbanded. . . ."); *see also In re Wheeler Technology, Inc.*, 139 B.R. 235, 239 (Bankr. 9th Cir. 1992)(although creditor violated automatic stay, bankruptcy court does not have authority, even under section 105, to remove member from committee); *In re Hills Stores Co.,* 137 B.R. 4, 8 (Bankr. S.D.N.Y. 1992) (the statue no longer permits the addition or deletion of members of committees by the court).

**C.**     **Rule 2019**

Finally, in the Sanctions Motion the Debtor sets forth what appear to be facially valid arguments that the Committee and Coscia's counsel violated, *inter alia*, Bankruptcy Rule 2019. Sanctions Motion at 16-22. To the extent the parties do not make full disclosures satisfactory to the Court, the Court may limit the Committee or Coscia's participation in this case going forward. *See* Bankruptcy Rule 2019(e).

## IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court adjourn the Sanctions Motion until after the hearing on the Trustee Motion, and to the extent the Sanctions Motion is heard, deny the Debtor's request to remove Cosicia from the Committee and grant such other and further relief as may be deemed just and proper.

Dated: New York, New York
April 17, 2017

                                      Respectfully submitted,

                                      WILLIAM K HARRINGTON
                                      UNITED STATES TRUSTEE, Region 2

By:   /s/ Paul Schwartzberg
        Paul Schwartzberg
        Trial Attorney
        201 Varick Street, Room 1006
        New York, New York 10014
        Tel. No. (212) 510-0500