PENACHIO MALARA LLP  
Counsel for the Debtor  
235 Main Street – Suite 610  
White Plains, New York 10601  
(914) 946-2889

Anne Penachio, Esq.

HEARING DATE & TIME:  
APRIL 25, 2017 at 10:00 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

In re                                              :   CHAPTER 11

    SAMMY ELJAMAL,                       :
                                                  Case No.: 15-22872 (RDD)
                          Debtor      :

------------------------------------------------X

**AFFIRMATION OF GUY T. PARISI IN SUPPORT OF THE DEBTOR'S REPLY TO THE OPPOSITION OF (I) OTTERBOURG PC; (II) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS COMMITTEE (III) MARC OXMAN AND THE OXMAN LAW GROUP; AND THE UNITED STATES TRUSTEE TO HIS MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 2019**

GUY TO. PARISI, hereby affirms, under penalties of perjury, as follows:

1. I am an attorney duly admitted to practice law before this Court. I submit this affirmation in support of the reply of Sammy Eljamal the debtor herein ("Sammy") to the opposition of the Official Committee of Unsecured Creditors, Mark Oxman and the Oxman Law Group and the United States Trustee to his motion for sanctions for their violations of Bankruptcy Rule 2019.

2. I have personal knowledge of the facts and circumstances set forth herein.

3. I am a longtime personal friend of the Debtor.

1

4. I attended the Court hearing on February 14, 2017 at the request of the Debtor and his counsel, Anne Penachio.

5. Following the hearing, I received a telephone message from Mark Tulis, a colleague who I have known for approximately 30 years. Mr. Tulis. Mr. Tulis's message stated in sum and substance, that he was reaching out to me to explore the possibilty of a resolution because the attorneys involved did not seem to be able to reach an agreement.

6. I though this was strange because I understand that Ms. Penachio had conveyed numerous written offers to the Committee which were not responded to. I also understood that Mr. Coscia had revoked a prior settlement offer.

7. I returned Mr. Tulis's telephone call. He indicated that he might be instrumental in an agreement which was predicated on the purchase of Sammy's interest in NY Fuel Holdings and related entities. I spoke with Sammy and Ms. Penachio about this potential resolution.

8. After conferring with Sammy, I contacted Mr. Tulis and advised him that Sammy was not interested in a settlement where his interest in NY Fuel was sold. I indicated that the Debtor would be interested in a resolution that did not call for the sale of his interest in NY Fuel. At no time did I indicate that the Debtor was not amenable to resolving this case.

9. Mr. Tulis and I subsequently met for lunch. Our meeting was social and we did not discuss this case.

Dated; Rye New York
April 20, 2017

_____
Guy T. Parisi

2