PENACHIO MALARA LLP  
Counsel for the Debtor  
235 Main Street  
White Plains, New York 10601  
(914) 946-2889  
By: Anne Penachio (A Member of the Firm)  
   Joseph P. Garland (Of Counsel to the Firm)  

Hearing Date: April 25, 2017 at 10:00am

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------------X  
In re  

 SAMMY ELJAMAL,  

Debtor.  
-------------------------------------------------------------------X  

Chapter 11  

Case No. 15-22872-RDD  

**THE DEBTOR'S REPLY TO THE OPPOSITION OF THE OFFICIAL  
COMMITTEE OF UNSECURED CREDITORS AND BRENT COSCIA TO  
HIS APPLICATION FOR AN EXAMINATION OF BRENT COSCIA  
<u>UNDER BANKRUPTCY RULE 2004</u>**

**SAMMY ELJAMAL,** the debtor herein (the "Debtor"), by and through his counsel, **PENACHIO MALARA LLP** submits this reply to the opposition of **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS** (the "Committee") and **BRENT COSCIA** (the "Coscia") to his motion under Bankruptcy Rule 2004 for the examination of and production of documents by Coscia and for such other and further relief as may be appropriate:

1. In addition to this pleading, the Debtor, in further support of his application under Rule 2004, relies on his Motion for Sanctions and pleadings

2. In support of its motion, the Committee argues primarily that a trustee, an independent 3rd party, should conduct the examination of Coscia due to the "acrimony" in the case. The Committee further argues that the Debtor did not timely file his Chapter 11 plan and disclosure statement (which was indeed filed in early April) citing a "deadline" that is ambiguous at best. The Debtor has filed a plan that counsel considers to be fair and reasonable. It is accompanied by

a comprehensive disclosure statement.  At any rate, the Debtor's opposition to the UST motion is scheduled to be heard on May 5, 2017.

3.  The Debtor, who assisted by Counsel, has been engaged in efforts to obtain information from Coscia for the 18 months.   Access to information is even more appropriate in light of Coscia's revelation that Weil and NYFD are "one in the same."  (See Coscia Opp. to 2019 ECF # 553 at p. 7, FN 6).

4.  Moreover, given the fact that there is substantial equity in this case, it is submitted that the Debtor has standing to obtain information from Coscia whether or not a trustee is appointed.

5.  Finally, if the Court finds, as Coscia argues, that Rule 2004 is not the appropriate procedural mechanism for seeking information at this juncture, the Debtor apologizes and will utilize the correct procedural mechanism for seeking information in a contested matter.  To this point, the Debtor believes that form should not be elevated over substance and the Debtor should be permitted to proceed subject to the confines of the Federal Rules of Civil Procedure.

Dated: White Plains, New York
       April 24, 2017

                         PENACHIO MALARA LLP

                         By: /s/ Anne Penachio
                         Anne Penachio
                         Counsel to Debtor
                         235 Main Street
                         White Plains, NY 10601
                         (914) 946-2889