TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner
Steven S. Flores

*Attorneys for Stephen S. Gray,*
  *Not Individually But Solely in His Capacity*
  *as Chapter 11 Trustee of Sammy ElJamal*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :          Chapter 11
                                                             :
SAMMY ELJAMAL,                                               :          Case No. 15-22872 (RDD)
                                                             :
                              Debtor.                        :
                                                             :
-------------------------------------------------------------x

## *EX PARTE* APPLICATION OF CHAPTER 11 TRUSTEE PURSUANT TO BANKRUPTCY RULE 2004 FOR AN ORDER AUTHORIZING THE ISSUANCE OF SUBPOENAS FOR THE <u>PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY</u>

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................... 1

JURISDICTION AND VENUE................................................................................................... 3

BACKGROUND............................................................................................................................ 3

RELIEF REQUESTED ................................................................................................................. 6

BASIS FOR RELIEF..................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Cordius Trust v. Kummerfeld*,
   Case No. 99 CIV 3700 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000) ............................. 9

*In re Bakalis*,
   199 B.R. 443 (Bankr. E.D.N.Y. 1996).................................................................................. 7

*In re Bello*,
   528 B.R. 562 (Bankr. E.D.N.Y. 2015).................................................................................. 7

*In re Bennett Funding Grp., Inc.*,
   203 B.R. 24 (Bankr. N.D.N.Y. 1996).................................................................................... 7

*In re Drexel Burnham Lambert Grp., Inc.*,
   123 B.R. 702 (Bankr. S.D.N.Y. 1991).................................................................................. 7

*In re Enron Corp.*,
   281 B.R. 836 (Bankr. S.D.N.Y. 2002).................................................................................. 7

*In re Hickman*,
   151 B.R. 125 (Bankr. N.D. Ohio 1993)................................................................................ 8

*In re Kramer*,
   492 B.R. 366 (Bankr. E.D.N.Y. 2013)............................................................................... 6, 8

*In re Metiom, Inc.*,
   318 B.R. 263 (S.D.N.Y. 2004)............................................................................................. 6

*In re Shur*,
   184 B.R. 640 (Bankr. E.D.N.Y. 1995).................................................................................. 9

*In re Sun Med. Mgmt., Inc.*,
   104 B.R. 522 (Bankr. M.D. Ga. 1989) ................................................................................. 7

*Medical Diagnostic Imaging PLLC v. CareCore Nat. LLC*,
   Case No. 06 CIV 13156, 2008 WL 3833238 (S.D.N.Y. Aug. 15, 2008) .............................. 9

*See In re Toft*,
   453 B.R. 186 (Bankr. S.D.N.Y. 2011)............................................................................... 6, 8

**Statutes**

11 U.S.C. § 105 ...................................................................................................................... 3

26 U.S.C. § 1398 ................................................................................................................. 2, 7

26 U.S.C. § 6012 ................................................................................................................. 2, 7

26 U.S.C. § 6109 ............................................................................................................... 2, 7

28 U.S.C. § 157 ................................................................................................................... 3

28 U.S.C. § 1334 ................................................................................................................. 3

28 U.S.C. § 1408 ................................................................................................................. 3

28 U.S.C. § 1409 ................................................................................................................. 3

**Rules**

Fed. R. Bankr. P. 2004 .............................................................................................. passim

Fed. R. Bankr. P. 9016 .................................................................................................. 8, 9

Fed. R. Civ. P. 45............................................................................................................... 9

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Stephen S. Gray, not individually but solely in his capacity as the Chapter

11 trustee (the "Trustee") of the estate of Sammy ElJamal (the "Debtor") in the above-

captioned case, by his attorneys, Togut, Segal & Segal LLP, respectfully submits this *ex*

*parte* application (the "Application") for entry of an order pursuant to Rule 2004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the

Trustee to issue subpoenas for the production of documents and information, and the

examination of various persons or entities, to obtain information concerning the acts,

conduct, and property of the Debtor, and other matters relating to the extent and nature

of the Debtor's financial affairs and Chapter 11 estate.  In support of this Application,

the Trustee submits the declaration of Stephen S. Gray annexed hereto as Exhibit 2 (the

"Gray Declaration"), and respectfully states:

## INTRODUCTION

As this Court knows from prior filings, the Debtor's assets include, among

other things, interests in over thirty (30) businesses, many of which are currently

operating.  There have been allegations of Debtor (and business associate) misconduct

since the very beginning of this case.  Since his appointment in June 2017, the Trustee

has not prejudged those allegations.  Given the level of rancor that has plagued this case

since its beginning (and pre-dates the Petition Date by years), the Trustee has thus far

chosen to refrain from a full-blown investigation into the laundry list of claims hurled

back and forth by the various "warring factions" in this case.  Instead, the Trustee has

focused on progress.  And progress is being made.

While the Trustee has remained focused on moving this case forward to a

conclusion, there have been multiple troubling discoveries that warrant further

investigation now.  The Trustee has learned that prior to his appointment, the Debtor as debtor in possession and then fiduciary of the Chapter 11 estate failed to obtain a tax identification number, and, likewise, failed to file tax returns on behalf of the estate as is required by sections 1398, 6109, and 6012 of the Internal Revenue Code (further described below).  The Trustee has obtained a tax identification number on behalf of the estate, and is currently in the process of resolving the tax issues precipitated by the Debtor's failures to comply with the Internal Revenue Code.  Based on this related investigation, the Trustee also has learned that the Debtor may have failed to account for post-Petition Date distributions received from entities he owns and/or controls that would qualify as property of the Chapter 11 estate.  The Trustee needs to learn the facts surrounding these events, but he does not believe he has been given full and complete disclosure to date.  The limited disclosures he has received on this serious topic conflict, change, and simply don't make sense.

Current tax issues aside, there are other aspects of the Debtor's multi-faceted business relations, which may warrant a more formal investigation by the Trustee relating to the Debtor's business dealings.  Consequently, the Trustee seeks broad authority from this Court pursuant to Bankruptcy Rule 2004 to compel production of documents and testimony from persons, including current and former professionals retained by the Debtor, financial institutions used by the Debtor (or affiliated entities), business partners of the Debtor, and affiliated entities (among others).  Those parties likely have documents and information concerning transactions and conduct that are not presently available to the Trustee, which may assist the Court and the Trustee in discovering the full extent and nature of the Debtor's financial affairs and the Chapter 11 estate, including the extent of the estate's tax liability.  The authority sought by this single application will enable the Trustee to conduct an efficient

2

investigation, while preserving the rights of a party receiving a subpoena to object or

otherwise seek relief within a reasonable time after service of a subpoena.

Finally, the Trustee asserts that *ex parte* relief is appropriate. This is

because the investigation may give rise to estate claims against third parties (or worse).

Moreover, virtually every Bankruptcy Rule 2004 application filed in this case has been

met with objection, delay and/or claims of non-compliance. *Ex parte* relief can help

prevent at least some of those gambits. And perhaps most importantly, given the

potential for serious exposure here, conflicting information provided to the Trustee (or

his professionals), and long-standing allegations of serious misconduct from virtually

all sides (which includes claims of generating fabricated documents), there is more than

enough justification for granting relief on an *ex parte* basis.

## JURISDICTION AND VENUE

1.       This Court has jurisdiction to consider the relief requested in this

Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core proceeding

pursuant to 28 U.S.C. § 157 (b). Venue is proper in this Court pursuant to 28 U.S.C.

§§ 1408 and 1409.

2.       The bases for the relief requested by this Application are

Bankruptcy Code section 105 and Bankruptcy Rule 2004.

## BACKGROUND

3.       On June 18, 2015 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

Five entities, owned in whole or in part by the Debtor, have also

commenced Chapter 11 cases:

- Connecticut Dealer Stations Management, LLC, 13-23994 (RDD);

- Armonk Snack Mart, Inc., 15-22375 (RDD);

- Yonkers Central Avenue Snack Mart, Inc.,15-22824 (RDD);

- MS Scarsdale Snack Mart, Inc., 16-22043 (RDD);  and

- MS Elmsford Snack Mart, Inc., 16-22106 (RDD) (collectively, the "Affiliated Cases").

The Affiliated Cases are not jointly administered with the Debtor's case.  No Trustee or Creditors Committee has been appointed in the Affiliated Cases.

4.       The Debtor has numerous interests in businesses and is primarily engaged in the sale of gasoline and operating gas stations in Westchester County, New York and Fairfield County, Connecticut [*Affirmation of Sammy ElJamal*, Dkt. No. 9].

5.       On July 16, 2015, the United States Trustee appointed the Official Committee of Unsecured Creditors in this case (the "Committee").

6.       By application dated March 7, 2017, the United States Trustee moved for the appointment of a Chapter 11 trustee [Dkt. No. 469].  The Debtor contested the Motion [Dkt. No. 577, as amended].  Following a hearing held on June 5, 2017, the Court directed the United States Trustee to appoint a Chapter 11 trustee.

7.       On June 6, 2017, the Court entered an *Order Directing the Appointment of a Chapter 11 Trustee* [Dkt. No. 600].

8.       On June 8, 2017, the United States Trustee filed his *Notice of Appointment of Trustee* of Stephen S. Gray as the Chapter 11 trustee of the Debtor, subject to Court approval [Dkt. No. 604].

9.       On June 8, 2017, the Court entered its *Order Granting the Application for Appointment of Chapter 11 Trustee,* pursuant to which Mr. Gray was appointed as Chapter 11 Trustee herein [Dkt. No. 606].  The Trustee has duly qualified, and is acting as Chapter 11 Trustee.

10.     On October 24, 2017, a representative of the Debtor approached the

Trustee regarding payment of the Debtor's personal tax liability for the year 2016, and

provided the Trustee with a tax form 1040 prepared on behalf of the Debtor personally

and his spouse (*i.e.* not the estate) that reflected significant personal income in excess of

$1 million in the form of distributions from several entities in which the Debtor has an

interest.  *See* Gray Declaration, ¶ 3.

11.     At this time, the Trustee does not know all the specifics relating to

those distributions. *See id.*  It is significant, however, that the Trustee and his

professionals have been given conflicting explanations relating to whether the Debtor

actually received payment on account of this income.  *See id.*, ¶ 4.

12.     Based on his review of the Debtor's 2016 prepared tax return (and

related documents), however, it is clear that the Debtor, as debtor in possession and

then fiduciary of the estate, failed to obtain a tax identification number, and, likewise,

failed to file tax returns on behalf of the Chapter 11 estate as required by the Internal

Revenue Code.  (Further described and explained below). *See id.*, ¶ 5.  This failure has

unquestionably blurred the lines between the Chapter 11 estate and Mr. ElJamal

(personally), but the consequences of this obfuscation are not yet fully known.

13.     Consequently, the Trustee has retained an estate tax professional,

obtained a tax identification number on behalf of the estate, and intends to file

appropriate tax returns.  *See id.*

14.     The Trustee has determined that there are likely persons and

entities who are in possession of documents or communications that will assist the

Court and Trustee in discovering the full extent of the Debtor's pre-Petition Date and

post-Petition Date activities, including the full extent of the estate's tax liability for post-

Petition Date periods.  *See id.*, ¶ 6.

5

15.     Tax issues aside, there are other aspects of the Debtor's multi-faceted business relationships that may warrant a more formal investigation by the Trustee relating specifically to the Debtor's business dealings.  *See id.*, ¶ 7.

16.     The Trustee has received what looks to be more extensive cooperation on certain business issues.  But he still does not have all information promised from various Debtor agents and affiliates.  Moreover, it is only through subpoena power that the Trustee can be sure he is obtaining the full and complete disclosure necessary from all parties that is required to advance this case to what is (hopefully) an elegant end.  *See id.*, ¶ 8.

### RELIEF REQUESTED

17.     The Trustee seeks entry of an order, substantially in the form annexed as Exhibit 1 hereto (the "Order"), authorizing the Trustee to conduct discovery of third parties concerning the extent of the Debtor's financial affairs and Chapter 11 estate.

### BASIS FOR RELIEF

18.     Bankruptcy Rule 2004(a)  provides that a Court may order an examination of any entity upon request of a party in interest.[1]  The scope of the Bankruptcy Rule 2004 examination is intended to be broad and may include the acts, conduct or property of a debtor or the financial condition of a debtor, as well as any matter that may affect the administration of a debtor's estate.  *See* Fed. R. Bankr. P. 2004(b) .

19.     Bankruptcy Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for "discovering assets, examining

---

[1]     An application for a Rule 2004 examination may be considered *ex parte*.  *See In re Toft*, 453 B.R. 186 (Bankr. S.D.N.Y. 2011);  *In re Metiom, Inc.*, 318 B.R. 263 (S.D.N.Y. 2004);  and *In re Kramer*, 492 B.R. 366 (Bankr. E.D.N.Y. 2013).

transactions, and determining whether wrongdoing has occurred." *In re Enron Corp.*,

281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted).  In this regard, courts have

recognized that Bankruptcy Rule 2004 examinations are broad and unfettered, and may

be in the nature of "fishing expeditions."  *Id*.;  *see also In re Bakalis*, 199 B.R. 443, 447

(Bankr. E.D.N.Y. 1996) ("[Bankruptcy Rule 2004's] purpose is to facilitate the discovery

of assets and the unearthing of frauds and has been likened to a 'fishing expedition' into

general matters and issues regarding the administration of the bankruptcy case."

(citation omitted));  *see generally In re Bello*, 528 B.R. 562, 566 (Bankr. E.D.N.Y. 2015).

20.    Bankruptcy Rule 2004 is meant to provide broad power to

investigate any matter that may affect the administration of the estate.  *See In re Bennett*

*Funding Grp., Inc.,* 203 B.R. 24, 27-8 (Bankr. N.D.N.Y. 1996);  s*ee also In re Bakalis*, 199 B.R.

at  447;  *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991)

("The object of the examination of the [debtor] and other witnesses is to show the

condition of the estate and to enable the Court to discover its extent and whereabouts,

and to come into possession of it, that the rights of the creditor may be preserved.");  *In*

*re Sun Med. Mgmt., Inc.*, 104 B.R. 522, 524 (Bankr. M.D. Ga. 1989) ("Bankruptcy Rule 2004

examinations are allowed for the purpose of discovering assets and unearthing

frauds.").

21.    As is required by sections 1398 and 6109 of title 26 of the United

States Code (the "IRC"), the fiduciary of an estate in an individual Chapter 11 case is

required to obtain a new tax identification number for the estate.  Similarly, the

fiduciary is required to file tax returns on behalf of the estate.  *See* IRC § 6012.

22.    Based on the Debtor's failure to comply with those relevant

provisions of the IRC as then debtor in possession, the Trustee is in the process of

scrutinizing tax returns filed and prepared by the Debtor and his professionals for the

years 2015 and 2016, including whether the Debtor actually received payment on account of the substantial income reflected on those returns.

23.    Moreover, tax issues aside, the Trustee has not obtained all necessary information as it pertains to the Debtor's business relationships and ongoing operations as promised by the Debtor's professionals, representatives, and/or affiliates.

24.    Consequently, the Trustee seeks broad authority to conduct discovery of persons, including current and former professionals retained by the Debtor, financial institutions used by the Debtor (or affiliated entities), business partners of the Debtor, and affiliated entities (among others), to fully understand the nature and extent of the financial affairs of the Debtor and Chapter 11 estate, including the full extent of the estate's tax liability for post-Petition Date periods.

25.    Although this Application is being made *ex parte*, any concerns regarding notice or due process are addressed by the fact that any person or entity ultimately served with a subpoena may contest the scope or issuance of any subpoena served by the Trustee.  Courts in this district and others have recognized that a Bankruptcy Rule 2004 examination may be commenced by an *ex parte* motion.  *See, e.g.,* *In re Kramer*, 492 B.R. at 372 (Bankr. E.D.N.Y. 2013) (noting "[t]he Rule 2004 Application could have been made *ex parte*");  *In re Toft*, 453 B.R. at 198 (Bankr. S.D.N.Y. 2011) (noting that "an examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* motion");  *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993).  The proposed Order provides that recipients will be given at least 14 days notice for a subpoena response (and will receive a copy of the Order authorizing same of the subpoena).

26.    Additionally, service of subpoenas by overnight courier, or any other means of service allowed under Bankruptcy Rule 9016 (or agreed to by the relevant parties), is appropriate because requiring personal service on all persons

8

ultimately subpoenaed pursuant to the proposed Order could prove burdensome to the estate and would delay the Trustee's efforts to obtain information essential to uncovering the facts.

27.     Courts in the Second Circuit have authorized alternative service when such service was reasonably "calculated to provide timely actual notice." *Medical Diagnostic Imaging PLLC v. CareCore Nat. LLC*, Case No. 06 CIV 13156, 2008 WL 3833238, at *2 (S.D.N.Y. Aug. 15, 2008); *Cordius Trust v. Kummerfeld*, Case No. 99 CIV 3700 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (allowing alternative service by certified mail because "alternative service by means of certified mail reasonably insures actual receipt of the subpoena by the witness"); *In re Shur*, 184 B.R. 640, 644 (Bankr. E.D.N.Y. 1995) (holding that Rule 45 of the Federal Rules of Civil Procedure (and by extension Bankruptcy Rule 9016) does not require personal service and that other service is permissible provided service was reasonably calculated to give actual notice). Here, delivery by overnight courier is reasonably calculated to insure actual receipt by the subpoena recipients.

28.     Based upon all of the foregoing, the Trustee respectfully requests that the Court authorize the Trustee to issue subpoenas to enable him to continue his investigation concerning the Debtor's business, tax and other financial affairs and the nature and extent of the Chapter 11 estate.

**NOTICE**

29.     The Trustee has not yet given notice of this Application. Once entered, the Trustee will serve the Order by First Class Mail and/or electronic mail to: (i) the U.S. Trustee; (ii) counsel for the Debtor; and (iii) all parties who have filed a Notice of Appearance in this Chapter 11 case.

9

**WHEREFORE,** the Trustee respectfully requests entry of the proposed

Order, and such other and further relief as the Court may deem just and appropriate.

DATED:   New York, New York
             January 9, 2018

> STEPHEN S. GRAY
> Not Individually But Solely in His
> Capacity as Chapter 11 Trustee
> By His Attorneys,
> TOGUT, SEGAL & SEGAL LLP
> By:
>
> /s/ *Steven S. Flores*
> SCOTT E. RATNER
> STEVEN S. FLORES
> One Penn Plaza, Suite 3335
> New York, New York 10119
> (212) 594-5000

10