**Exhibit 2**

**<u>Gray Declaration</u>**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner
Steven S. Flores

*Attorneys for Stephen S. Gray,*
 *Not Individually But Solely in His Capacity*
 *as Chapter 11 Trustee of Sammy ElJamal*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :         Chapter 11
                                                             :
SAMMY ELJAMAL,                                               :         Case No. 15-22872 (RDD)
                                                             :
                                          Debtor.            :
                                                             :
-------------------------------------------------------------x

**DECLARATION OF STEPHEN S. GRAY, AS TRUSTEE,
IN SUPPORT OF CHAPTER 11 TRUSTEE'S *EX PARTE*
APPLICATION PURSUANT TO BANKRUPTCY RULE 2004**

Pursuant to 28 U.S.C. § 1746, I, STEPHEN S. GRAY, declare:

1.      I submit this declaration (the "Declaration") not individually but

solely in my capacity as Chapter 11 trustee ("Trustee") of Sammy ElJamal (the

"Debtor") in the above-captioned case, and in support of the *Ex Parte Application of the*

*Chapter 11 Trustee Pursuant to Bankruptcy Rule 2004 for an Order Authorizing the Issuance of*

*Subpoenas for the Production of Documents and Deposition Testimony* (the "Application")

filed contemporaneously herewith.[1]

2.      Except as otherwise set forth herein, all statements in this

Declaration are based on my personal knowledge, familiarity with the Debtor's

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the
        Application.

business operations, and/or my review of relevant documents.  If I were called upon to testify, I could and would testify competently to the facts set forth herein.

3.      On or about October 24, 2017, a representative of the Debtor approached me and my retained professionals regarding payment of the Debtor's personal tax liability for the year 2016, and provided a tax form 1040 prepared on behalf of the Debtor personally and his spouse (*i.e.* not the estate) that reflected significant personal income in excess of $1 million in the form of distributions from several entities in which the Debtor has an interest.  At this time, all the specifics relating to those distributions are unknown.

4.      The Debtor's professionals and representatives have given conflicting explanations relating to whether the Debtor actually received payment on account of this income.

5.      Upon review of the Debtor's 2016 prepared tax return (and related documents), however, it is clear that the Debtor, while the debtor in possession and then fiduciary of the estate, failed to obtain a tax identification number for the estate, and, likewise, failed to file tax returns on behalf of the Chapter 11 estate as required by the Internal Revenue Code.  Consequently, I have retained an estate tax professional, obtained a tax identification number on behalf of the estate, and intend to file appropriate tax returns.

6.      In this regard, there are likely persons and entities who are in possession of documents or communications that will assist in discovering the full extent of the Debtor's pre-Petition Date and post-Petition Date activities and Chapter 11 estate, including the full extent of the estate's tax liability for post-Petition Date periods.

2

7.     Tax issues aside, there are other aspects of the Debtor's multi-faceted business relationships, which appear to warrant a more formal investigation relating specifically to the Debtor's business dealings.

8.     I believe it is only through subpoena power that I can be sure I am obtaining the full and complete disclosure necessary from all parties.

Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  January 9, 2018

/s/ Stephen S. Gray
STEPHEN S. GRAY
Not Individually But Solely in
His Capacity as Chapter 11 Trustee

3