# TOGUT, SEGAL & SEGAL LLP

ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

ALBERT TOGUT
FRANK A. OSWALD*
NEIL BERGER*
SCOTT E. RATNER*
STEVEN S. FLORES
KYLE J. ORTIZ
SIDNEY SEGAL (1935-1968)
BERNARD SEGAL (1932-1983)

OF COUNSEL
BRIAN F. MOORE*
PATRICK MARECKI
LAUREN L. PEACOCK◇
CHARLES M. PERSONS

(212) 594-5000

FACSIMILE
(212) 967-4258

INTERNET
eMail@TeamTogut.com

MINTA J. NESTER
JACOB R. HERZ
ANTHONY DE LEO*
MAXIMILIAN A. FERULLO ○
GREGORY M. JUELL*
LUKE P. THARA
AMANDA GLAUBACH

∗  MEMBER NY AND NJ BAR
◇  MEMBER NY AND DC BAR
○  MEMBER MA BAR

January 12, 2018

**VIA EMAIL**

The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601

        Re:    Sammy Eljamal, a/k/a Sammy El Jamal (the "Debtor")
               Chapter 11 Case No. 15-22872 (RDD)

Dear Judge Drain:

      This firm represents Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") of the estate of the Debtor in the above-referenced case. We are in receipt of the letter, dated January 10, 2018, from counsel for the Debtor which requests that the Court defer ruling on the Trustee's *Ex Parte Application Pursuant to Bankruptcy Rule 2004* (the "2004 Application") [Dkt. No. 701], and schedule a status conference regarding that 2004 Application.

      The Debtor's sole ground for delaying approval of the 2004 Application is that "the proposed order will put the onus on the Debtor to move to squash multiple subpoenas on individuals or entities who are not yet known." That assertion is both obviously premature and legally incorrect. To state the obvious: the 2004 Application seeks only the power to subpoena various people and entities. No subpoenas have been served, and as stated in the 2004 Application, "any person or entity ultimately served with a subpoena may contest the scope or issuance of any subpoena served by the Trustee." 2004 Application ¶25. Putting aside the fact that subpoenas should not even be necessary in the first place, it is premature to suggest that the basic authority the Trustee seeks should be delayed due to burdens that *may* be imposed by subpoenas that *may* be served at a later time. If there are objections to subpoenas that ultimately get served, subpoena recipients have their rights preserved.

The Honorable Robert D. Drain
United States Bankruptcy Court
January 12, 2018
Page 2

      Having said that, the Debtor's assertion suffers from an even more fundamental flaw.  To the extent the 2004 Application seeks authority to subpoena third parties, the Debtor would generally have no standing to object to those subpoenas.  *See US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012) ("A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party.");  *see generally* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2459 (3d ed. 2017) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

      The Trustee has no desire to generate unnecessary friction with any party that receives a subpoena and will work in good faith to avoid motion practice before this Court.  But subpoena power is appropriate in this case and the Trustee respectfully requests that the Court grant that basic power to the Trustee without delay.

      Respectfully yours,

      TOGUT, SEGAL & SEGAL LLP

      By:

        */s/ Steven S. Flores*

      Steven S. Flores