PENACHIO MALARA LLP  
Counsel for the Debtor  
235 Main Street  
White Plains, New York 10601  
(914) 946-2889  
Anne Penachio, Esq.  
Joseph P. Garland, Of Counsel  

Hearing Date: January 22, 2018  
Hearing Time: at 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
In re  

    SAMMY ELJAMAL,  

                      Debtor.  
------------------------------------------------------------X  

Chapter 11  

Case No. 15-22872-RDD  

## THE DEBTOR'S STATEMENT REGARDING THE CHAPTER 11 TRUSTEE'S SETTLEMENT WITH BRENT COSCIA

**SAMMY ELJAMAL**, the debtor herein (the "Debtor"), by and through his counsel, **PENACHIO MALARA LLP**, submits this statement in connection with the motion of Stephen Gray, Chapter 11 trustee (the "Trustee"), for approval of a stipulation of settlement (the "Settlement", a copy of which is annexed as Exhibit A) with creditor Brent Coscia ("Coscia") and respectfully sets forth as follows;

1. The Debtor respects the Trustee and recognizes that he has wide latitude under the "business judgment" standard implicated under Bankruptcy Rule 9019. While the Debtor believes that the amount of Coscia's claim under the Settlement ($1.925 million) is excessive, it falls within the "range of reasonable" and the Debtor therefore will not oppose the Settlement. The Debtor recognizes the advantages of finality with respect to the amount of the Coscia judgment (which may be referred to herein as the "Judgment") and his claim in this Case. As the Court may recall,

Coscia repudiated settlement terms that he had reached with the Debtor. A copy of the email herein by Coscia's counsel expresses her regret is annexed hereto as Exhibit B.

2. The Debtor's decision not to oppose the Settlement is based upon, in part, the following factors:[1]

    A. The $1.925 million is a fixed claim and not subject to the accrual of interest even though the Debtor is solvent.

    B. As set forth in the Settlement, the release of Coscia is limited to those matters related to the Judgment and his claim. It does not include his agents. As the Trustee has expressly acknowledged when he supported the Debtor's motion under NY CPLR 5015 to set aside the Judgment, disclosures in this Case established that misrepresentations were made during the trial. See Exhibit C. To the extent that individuals other than Coscia may have culpability, they may be pursued if appropriate.

    C. The Settlement does not resolve any claims that New York Fuel Holdings and/or related entities (collectively, "NYFD") may have against Coscia for re-payment of legal fees paid or advanced both pre- and post-petition. As the Court may recall, throughout the case, there were inconsistent representations regarding the payment of legal fees. NYFD apparently holds a lien on Coscia's recovery as set forth in the attached document. See Exhibit D. It is also entitled to re-payment of other advances made to Coscia's counsel. The Debtor, as the largest single interest-holder in NYFD (at 50%) has a financial interest in the funds being repaid (even though he continues to object to them having been advanced in the first place).

---

[1] Counsel appreciates the fact that counsel for the Trustee addressed many concerns with her prior hereto and confirmed the sum and substance of the Settlement terms.

D. The Settlement does not release any professional who may have received payments from NYFD while having material conflicts of interests.

E. The Settlement does not change any aspect of the treatment of payment to Coscia for income-tax purposes (i.e., the terms of the Internal Revenue Code prevail). Amounts due under Coscia's Claim and Judgment are not for "bodily injury" but represent punitive and compensation damages.

3. With the reduction of Coscia's Claim, as reflected in the Settlement, it is clear that the Debtor is solvent and has substantial equity in his business interests (i.e., a surplus after all creditors are paid in full). With the reduction of Coscia's Claim, not only has the size of the Claims against the Estate dropped significantly, but the dynamics of the Case have changed too.

4. The Debtor has cooperated with the Trustee and the Trustee's counsel, and continues to do so, as reflected in recent conversations concerning the Settlement. The Debtor, however, has concerns:

A. NYFD is not making distributions (preferred and tax) as required under the Operating Agreements. The Operating Reports filed by the Trustee appear to indicate that only tax distributions are being made.

B. NYFD has not made payment to the Debtor or Trustee for distributions due in past and which the Court addressed in its order granting the Debtor partial summary judgment. See Exhibit E. Such distributions have been valued at over $5 million by RSM, the Debtor's financial advisor, which was filed in connection with the Debtor's Chapter 11 Plan. (See Dkt. No. 588). The Debtor's counsel has not been made privy to what if any efforts have been made to access the unpaid distributions.

3

    C. NYFD continues to engage and presumably pay counsel who are conflicted. Most significantly, throughout the case, counsel for NYFD also represented Weil individually and/or his companies. NYFD paid attorneys (such as Coscia's attorney) for services rendered to entities other than NYFD. NYFD effectively used the Debtor's resources (i.e., his withheld distributions) to fund litigation against him, including the false assertion that his ownership interest was only 8.627% rather than 50%. In this regard, it is noteworthy that NYFD's current counsel not only represents NYFD but also JMM Fuelco, ("JMM"), Weil's family partnership, which is a member of NYFD. JMM is also a member of the Official Committee of Unsecured Creditors. See Stipulation of Substitution filed as Exhibit F.

    D. The status of a valuation of NYFD and the other New York Companies, which the Court identified when it agreed to appoint a Trustee was vital to evaluate any proposed transfer of the Debtor's interests, see Transcript June 6, 2017 p. 14, lines 1-4, is unknown to the Debtor.

  5. The Debtor and his counsel have not taken steps to formally address the foregoing although they have frequently communicated and met with counsel for the Trustee. This is in the spirit of cooperation, with the Debtor being mindful of the Court's comment that "[t]he appointment of a trustee while not curtailing any party's substantive rights I believe would shorten and potentially reduce the cost of the process of Mr. Eljamal exiting Chapter 11." See Transcript June 6, 2017 p. 12, lines 21-24 at Exhibit G.

4

6. Based upon his solvency and the fact that he has already proposed a Chapter 11 plan (which will be revised to reflect the Settlement if it is approved by the Court), it is submitted that the Debtor has standing to pursue NYFD for distributions which are owed (estimated by financial advisor RSM to exceed $5 million). See *In re McCorhill Publishing, Inc.*, 89 B.R. 393 (Bankr. S.D.N.Y. 1988). The Debtor reserves the right to undertake any action along those lines should the Trustee fail to do so or provide a confidential status to his counsel.

Dated: White Plains, NY
January 18, 2018

PENACHIO MALARA LLP

By: /s/ Anne Penachio
Counsel for the Debtor
235 Main Street
White Plains, New York 10601
(914) 946-2889