TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner
Steven S. Flores

*Attorneys for Stephen S. Gray,*
*Not Individually But Solely in His Capacity as*
*the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11
                                                               :
SAMMY ELJAMAL,                                                 :    Case No. 15-22872 (RDD)
                                                               :
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------x

**STIPULATION AND ORDER TOLLING**
**APPLICABLE STATUTES OF LIMITATIONS WITH**
**RESPECT TO CLAIMS AGAINST CONNECTICUT DEALER STATIONS, LLC, *ET AL.***

Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Sammy ElJamal (the "Debtor") and Leon Silverman ("Silverman"), individually and on behalf of the following entities that Silverman owns or otherwise controls: (i) Connecticut Dealer Stations, LLC ("CDS"); (ii) Wholesale Fuel Distributors-CT, LLC ("WFD-CT"); and (iii) Wilton Motiva Associates LLC f/k/a 372 Wilton Associates LLC ("Wilton") (collectively, with Silverman, the "Connecticut Companies" and, together with the Trustee, the "Parties" or each a "Party"), hereby agree and state:

**WHEREAS**, on July 16, 2015, the Debtor commenced a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York District (the "Bankruptcy Court")

(Case No. 15-22872); and

**WHEREAS**, on June 8, 2017, the Bankruptcy Court appointed the Trustee, who is duly qualified and is now the Trustee for the Debtor's estate; and

**WHEREAS**, in the course of the administration of the Debtor's estate, claims and causes of action under non-bankruptcy law or the Bankruptcy Code, including, without limitation, Chapter 5 of the Bankruptcy Code (the "Claims"), might be asserted by the Trustee on behalf of the Debtor against the Connecticut Companies; and

**WHEREAS**, the Parties seek to avoid the cost and expense of unnecessary motion practice and litigation and seek to preserve all of their respective legal rights without allowing any applicable statute of limitations to continue to run during the period hereinafter specified and without acknowledging in any way that valid claims, causes of action, or defenses thereto exist or do not exist.

**NOW THEREFORE**, the Parties stipulate and agree:

1. The running of any applicable statute of limitations under sections 108, 546(a) and 549(d) of the Bankruptcy Code, and all other time limitations or time-based defenses concerning any claim or cause of action against the Connecticut Companies which might be asserted by the Trustee on behalf of the Debtor's estate under or through various provisions of the Bankruptcy Code or non-bankruptcy law, including, without limitation, any of the Claims, is hereby tolled from the date this Stipulation is signed by the Parties up to and including December 1, 2019, or approval of any settlement agreement between the Parties in the Chapter 11 case or such earlier date on which this Stipulation is terminated pursuant to notice, as provided below (the "Tolled Period").

2. The Trustee will not commence any litigation against the Connecticut Companies during the Tolled Period.

3. This Stipulation may be terminated by any Party (whether to permit the assertion of Claims or otherwise) by giving sixty (60) days written notice of such Party's intention to terminate this agreement by certified mail, return receipt requested or email, to the undersigned attorneys for the other Party (or to such attorneys who hereafter may be substituted, pursuant to written notice, for any of the undersigned attorneys or if there be no attorney then to the Party or Parties directly). Termination as to any Party shall be effective on the sixtieth (60th) day after delivery of written notice by certified mail, return receipt requested or by email.

4. Without limiting the generality of the foregoing, the Parties acknowledge that they intend this Stipulation to toll the time periods specified in sections 108(a), 546(a)(1)(A) and 549(d) of the Bankruptcy Code. As of the termination of this Stipulation, the rights of each of the Parties with respect to the Claims will be as they were immediately before the execution of this Stipulation by both parties with respect to the interposition of any argument or defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right.

5. Each of the Parties acknowledges that it has read all of the terms of this Stipulation and enters into those terms voluntarily and without duress.

6. This Stipulation contains the entire agreement between the Parties regarding the provisions set forth above and may be modified only in a writing signed by the Parties or their duly appointed agents.

7. This Stipulation is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists against the Connecticut Companies or that any valid defense to any such claim or cause of action exists.

8. Except as expressly set forth in this Stipulation, each of the Parties

hereto reserves all rights and remedies that it may have against the other.

9. This Stipulation is deemed to have been jointly drafted by the Parties, and, in construing and interpreting this Stipulation, no provision may be construed and interpreted for or against any of the parties because such provision or any other provision of this Stipulation, or this Stipulation as a whole, was purportedly prepared or requested by that Party.

10. This Stipulation and the rights and obligations of the Parties is governed by, and construed and interpreted in accordance with, the laws of the State of New York and, to the extent applicable, federal bankruptcy law, and any action or proceeding to enforce the rights and obligations of the parties hereunder must originally and exclusively be brought in the Court.

11. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation.

12. This Stipulation shall apply to and be binding upon and inure to the benefit of each Party, their predecessors, successors (including any successor trustee appointed to administer the Debtor's estate) and assigns, and any parent, subsidiary, employee, affiliated entities or persons, and any entity into which the Parties may be merged or consolidated.

13. This Stipulation may be executed in facsimile or via email in portable data format (.pdf) counterparts, which together will constitute one original document.

*[concluded on the following page]*

14. Except as otherwise expressly provided herein, the use of the singular of any word includes the plural and the use of the plural includes the singular.

**AGREED AND STIPULATED TO:**

| | | |
|---|---|---|
| Dated: | New York, New York<br>April 12, 2018 | STEPHEN S. GRAY<br>Not Individually But Solely in His Capacity as Chapter 11 Trustee<br>By His Attorneys,<br>TOGUT, SEGAL & SEGAL LLP<br>By:<br><br>*/s/ Steven S. Flores*<br>SCOTT E. RATNER<br>STEVEN S. FLORES<br>One Penn Plaza, Suite 3335<br>New York, New York 10119<br>(212) 594-5000<br>sflores@teamtogut.com |
| Dated: | New York, New York<br>April 9, 2018 | LEON SILVERMAN<br>Individually and on Behalf of the Connecticut Companies<br>By Their Counsel,<br>RATTET PLLC<br>By:<br><br>*/s/ Robert L. Rattet*<br>ROBERT L. RATTET<br>550 Mamaroneck Ave<br>Harrison, NY 10528<br>(914) 217-3000 |

**SO ORDERED**

this 12th day of April 2018
in White Plains, New York

/s/ Robert D. Drain
HONORABLE ROBERT D. DRAIN
