TOGUT, SEGAL & SEGAL LLP
ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

ALBERT TOGUT
FRANK A. OSWALD*
NEIL BERGER*
SCOTT E. RATNER*
STEVEN S. FLORES
KYLE J. ORTIZ
SIDNEY SEGAL (1935-1968)
BERNARD SEGAL (1932-1983)

OF COUNSEL
BRIAN F. MOORE*
PATRICK MARECKI
LAUREN L. PEACOCK◇
CHARLES M. PERSONS

(212) 594-5000

FACSIMILE
(212) 967-4258

INTERNET
eMail@TeamTogut.com

MINTA J. NESTER
JACOB R. HERZ
ANTHONY DE LEO*
MAXIMILIAN A. FERULLO ○
GREGORY M. JUELL*
LUKE P. THARA
AMANDA GLAUBACH

∗   MEMBER NY AND NJ BAR
◇   MEMBER NY AND DC BAR
○   MEMBER MA BAR

May 11, 2018

**VIA ECF**
The Honorable Robert D. Drain
United States Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601

    Re: Sammy Eljamal, a/k/a Sammy El Jamal
       Chapter 11 Case No. 15-22872 (RDD)

Dear Judge Drain:

  We write as counsel to Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee (the "Trustee") to: (i) narrow issues prior to the upcoming May 18th conference and (ii) respond to a letter from debtor's counsel, dated May 9, 2018 (the "May 9th Letter") [Dkt. No. 732]. As this Court knows, the Trustee requested the conference to advise the Court regarding recent accomplishments -- primarily the filing of the Trustee's Chapter 11 plan (the "Trustee's Plan") [Dkt. No. 726] and Disclosure Statement (the "Disclosure Statement") [Dkt. No. 727] -- and to set a schedule so that confirmation can occur without delay. The May 9th Letter proposes an 11-item scattershot "agenda" that is clearly designed to derail confirmation. Recognizing that the Court frowns on lengthy letters, we refrain from responding to each point in the May 9th Letter, but certain clarifications are below.

  **First**, the Trustee's comprehensive settlements, if approved, will resolve years of litigation and generate payments of approximately $15.5 million into the debtor's estate and leave the debtor and his family with the remainder of his assets and business interests without further investigation of the ownership of these assets. The Trustee's work has also reduced general unsecured claims by approximately $10 million. The Trustee's Plan has overwhelming support. It is confirmable. The only apparent "objectors" are the debtor (or his family members), who resisted the Trustee's authority, demonstrated no appetite for a realistic resolution, and have failed to advance a confirmable plan for nearly three years. The May 9th Letter appears to be just another step in the debtor's seemingly endless efforts to hinder and delay the resolution of creditor claims -- efforts that now span years and include three failed mediations.

The Honorable Robert D. Drain
United States Bankruptcy Court
May 11, 2018
Page 2

**Second**, the May 9 Letter implies that the Trustee did not conduct valuation work. *See* the May 9th Letter, p. 2. That is not true. By way of example, the Disclosure Statement clearly states:

> The NY Settlement is consistent with third-party valuation analyses (as well as the Trustee's own valuation work, with the assistance of his retained Case Professionals).

Disclosure Statement, p. 32. The Trustee is prepared to provide that valuation work (and other discovery) relevant to the Trustee's Plan pursuant to an expedited discovery schedule -- and objection schedule -- to be set by this Court. These issues should be resolved swiftly and the parties should remain focused on what matters now.[1]

**Third**, the May 9th Letter references the debtor's application to have ***the estate*** retain an appraiser who will work on the debtor's behalf [Dkt. No. 730], which remains unsupported by a verified statement from the appraiser. The Bankruptcy Code does not permit a debtor ***out of possession*** to act on behalf of "the estate." *See, e.g., Lawrence Morrison, P.C. v. United States Trustee*, 2010 U.S. Dist. LEXIS 63339 (E.D.N.Y. June 24, 2010) (professional persons employed by a debtor out of possession are not entitled to be estate retained professionals under section 327 of the Bankruptcy Code and be compensated with estate funds). That flaw aside, the debtor could have retained an expert years ago but failed to do so. While the Trustee does not object to the debtor's family retaining an expert (that has no conflicts) at their expense, retention should not delay confirmation.

**Finally**, the May 9th Letter suggests that the debtor may seek to stay this Bankruptcy Case due to his appeal of Your Honor's decision to appoint a Trustee. May 9th Letter, p. 4. The debtor filed his notice of appeal nearly 11 months ago [Dkt. 623], failed to seek a stay at that time and failed to expedite the appeal when he had a chance to do so. The time for a stay has long past. It is time for this case to move forward.[2]

                                                Respectfully yours,

                                                TOGUT, SEGAL & SEGAL LLP

                                                By:

                                                      /s/ *Steven S. Flores*
                                                      Steven S. Flores

Cc: Anne Penachio, Esq. (e-mail)

---

[1] Consequently, there is simply no need to discuss discovery relating to the debtor's new (unfiled) "plan," or other plans that no one is advancing now. *See, e.g.*, May 9th Letter, p. 2-3 (seeking discovery schedules for an unfiled debtor plan and the "Amended Committee Plan").

[2] One final note is appropriate. No fee applications should be set for a hearing. This is a cash-strapped estate (that apparently needs to brace for litigation with the debtor). No professional can be paid, making fee hearings now an utterly wasteful diversion. Moreover, as debtor's counsel knows, prior to the Trustee's appointment, the debtor's professionals failed to properly address estate tax issues causing the estate to incur substantial costs and penalties (some of which remain un-quantified).